1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JAHR, *et al.*, | **STIPULATION AND ~~[PROPOSED]~~ ORDER REGARDING DISCOVERY PROTOCOL AND CASE MANAGEMENT ORDER NUMBER ONE** |
| Plaintiff, | |
| v. | **Assigned to Hon. Judge James Donato** |
| TETRA TECH EC, INC., *et al*, | Case No. 3:13-cv-03835-JD; 3:16-cv-1106-JD; 3:16-cv-1107-JD |
| Defendants. | |
| UNITED STATES OF AMERICA, *ex rel.* MCLAUGHLIN, | |
| Plaintiffs, | Case No. 3:14-cv-01509-JD |
| v. | |
| SHAW ENVIRONMENTAL & INFRASTRUCTURE, INC., et al, | |
| Defendants. | |
| LINDA PARKER PENNINGTON, et al., | |
| Plaintiffs, | Case No. 3:18-cv-05330-JD |
| v. | |
| TETRA TECH EC, INC., *et al*, | |
| Defendants. | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE
MANAGEMENT ORDER NUMBER ONE

| | |
|---|---|
| BAYVIEW HUNTERS POINT RESIDENTS, *et al.*, | Case No. 3:19-cv-01417-JD |
| Plaintiffs, | |
| v. | |
| TETRA TECH EC, INC., *et al* | |
| Defendants. | |
| KEVIN ABBEY, *et al.*, | Case No. 3:19-cv-7510-JD |
| Plaintiffs, | |
| v. | |
| TETRA TECH EC, INC., *et al.*, | |
| Defendants. | |
| KEVIN ABBEY, *et al.*, | Case No. 3:20-cv-06443-JD |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |
| CPHP DEVELOPMENT, LP, *et al.*, | Case No. 3:20-cv-1485-JD |
| Plaintiffs, | |
| v. | |
| TETRA TECH EC, INC., *et al.*, | |
| Defendants. | |
| FIVE POINT HOLDINGS, LLP, *et al.*, | Case No. 3:20-cv-1480-JD |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |
| FIVE POINT HOLDINGS, LLP, *et al.*, | Case No. 3:20-cv-1481-JD |
| Plaintiffs, | |
| v. | |

-2-

**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE MANAGEMENT ORDER NUMBER ONE**

1  TETRA TECH EC, INC., *et al.*,

2          Defendants.

3  TETRA TECH EC, INC.,                           Case No. 3:19-cv-04704-JD

          Plaintiff,

4

5          v.

6  CH2M HILL, INC., *et al*.,

          Defendants.

7

8          Counsel for the parties in the following cases (the "Parties"), by and through their

9  respective counsel of record, submit this Stipulation Regarding Discovery Protocol And Case

10 Management Order Number One and request that the Court enter the attached [Proposed] Order in

11 the FCA Cases, the Parcel A Cases, the Building 606 Cases, the Residents' Case, and the

12 Commercial Cases, which terms are defined as follows:

13         "**FCA Cases**" are: *US ex rel. Jahr et al. v. Tetra Tech EC, Inc. et al.*, Case No. 3:13-cv-

14 3835-JD; *US ex rel Smith v. Tetra Tech EC, Inc. et al.*, Case No. 3:16-cv-1106-JD; *US ex rel.*

15 *Wadsworth et al. v. Tetra Tech EC, Inc. et al.*, Case No. 3:16-cv-1107-JD; and *US ex rel.*

16 *McLaughlin v. Shaw Environmental & Infrastructure, Inc. et al.*, Case No. 14-cv-1509-JD.

17         "**Parcel A Cases**" are: *Pennington v. Tetra Tech et al.*, Case No. 3:18-cv-05330-JD;

18 *Ellington v. Tetra Tech*, Case No. 3:18-cv-05352-JD; *Lin v. Tetra Tech et al.*, Case No. 3:18-cv-

19 05771-JD; *Farrell v. Tetra Tech et al.*, Case No. 3:19-cv-00248-JD; *Yegorov v. Tetra Tech et al.*,

20 Case No. 3:19-cv-00252-JD; *Darden v. Tetra Tech et al.*, Case No. 3:19-cv-00247-JD; *Fried v.*

21 *Tetra Tech et al.*, Case No. 3:19-cv-00249-JD; *Lupton v. Tetra Tech et al.*, Case No. 3:19-cv-

22 00251-JD; *Bravo v. Tetra Tech et al.*, Case No. 3:19-cv-00667-JD; *Carter v. Tetra Tech et al.*,

23 Case No. 3:19-cv-02555-JD; *Hershowitz v. Tetra Tech et al.*, Case No. 3:19-cv-02698-JD; *Kaplan*

24 *v. Tetra Tech et al.*, Case No. 3:19-cv-02740-JD; *Yun v. Tetra Tech et al.*, Case No. 3:19-cv-

25 02771-JD; *Castro v. Tetra Tech et al.*, Case No. 3:19-cv-02810-JD; *Zhu v. Tetra Tech et al.*, Case

26 No. 3:19-cv-03932-JD; *LaRrett v. Tetra Tech et al.*, Case No. 3:19-cv-03941-JD; *Chen v. Tetra*

27

28

-3-

**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE MANAGEMENT ORDER NUMBER ONE**

1   *Tech et al.*, Case No. 3:19-cv-03955-JD; *Yang v. Tetra Tech et al.*, Case No. 3:19-cv-03992-JD;

2   *Datta v. Tetra Tech et al.*, Case No. 3:19-cv-05405-JD; *Duncan v. Tetra Tech et al.*, Case No.

3   3:19-cv-05408-JD; and *San Francisco Shipyard Residents v. Tetra Tech et al.*, Case No. 3:19-cv-

4   06137-JD.

5      "**Building 606 Cases**" are: *Kevin Abbey v. Tetra Tech, et al.*, Case No. 3:19-cv-07510-JD;

6   and *Kevin Abbey v. United States*, Case No. 3:20-cv-06443-JD.

7      "**Residents' Case**" is: *Bayview Hunters Point Residents v. Tetra Tech et al.*, Case No.

8   3:19-cv-01417-JD.

9      "**Commercial Cases**" are: *Five Point Holdings v. USA*, Case No. 3:20-cv-01480-JD ("*Five*

10  *Point v. U.S.*"); *Five Point Holdings v. Tetra Tech et al.*, Case No. 3:20-cv-01481-JD; *CPHP*

11  *Development v. Tetra Tech et al.*, Case No. 3:20-cv-01485-JD ("*CDHP*"); and *Tetra Tech EC,*

12  *Inc., v. CH2M Hill, Inc., et al.,* Case No. 3:20-cv-04704-JD ("*CH2M*").

13     All Parties named in the above referenced cases (collectively, the "Actions") are referred to

14  collectively as the "Parties" or in the singular as a "Party."

15    Counsel for the Parties have met and conferred as required by Federal Rule of Civil Procedure

16  26(f).  Pursuant to Rule 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the

17  Northern District of California the Parties in the Actions submit the following Stipulated

18  Discovery Plan for the above-captioned cases:

19    **A.  <u>Stipulated Discovery Orders</u>:**

20    The Court has approved stipulated orders regarding the following:

21     • Stipulated Protective Order (*CPHP* ECF No. 40)

22     • Stipulated Order Regarding Federal Rule of Evidence 502(d) (*CPHP* ECF No. 111)

23     • Stipulated Order Regarding ESI (*CPHP* ECF No. 105)

24    **B.  <u>Deposition Protocol</u>:**

25    The following provisions supplement and amend the Court's April 26, 2022, order (*Five*

26  *Point v. U.S.* ECF No. 114), the deposition limits in Fed. R. Civ. P. 30 are revised as follows and

27

28

-4-

**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE**
**MANAGEMENT ORDER NUMBER ONE**

applicable to the Actions:[1, 2]

- Side 1[3] may collectively take 70 depositions of 7 hours each.

- Side 1 may collectively take an additional 6 depositions of 14 hours each.

- Side 2[4] may collectively take 70 depositions of 7 hours each.

- Side 2 may collectively take an additional 6 depositions of 14 hours each.

- Side 1 may notice the deposition of the same witness noticed by Side 2, and vice versa. Side 1's time with that witness will not count against Side 2's time with that witness, and vice versa. If both Sides notice a deposition of the same witness, the

---

[1] Under this Order "Five Point" includes Five Point Holdings LLC, CP Development Co., LLC, and Emile Haddad; "CPHP" includes CPHP Development, LP, HPS Development Co., LP, HPS1 Block 50, LLC, HPS1 Block 51, LLC, HPS1 Block 53, LLC, HPS1 Block 54, LLC, HPS1 Block 55, LLC, HPS1 Block 56/57, LLC, Lennar Corporation, and Lennar Inc.; "Tetra Tech" includes Tetra Tech, Inc., Tetra Tech, EC Inc., Andrew Bolt, Dan L. Batrack, Steven M. Burdick, and William Dougherty; "Shaw" includes Shaw Environmental and Infrastructure, Inc., Chicago Bridge & Iron Co. N.V., Aptim Corp., Aptim Environmental & Infrastructure, Inc., and Aptim Federal Services, LLC; "CH2M Parties" includes CH2M Hill, Inc., Battelle Memorial Institute, Cabrera Services, Inc., Perma-Fix Environmental Services, Inc., and SC&A, Inc.; "RSRS" includes Radiological Survey & Remediation Services, Inc./LLC, Brian Henderson, and Daryl DeLong; "Relators" includes Arthur R. Jahr III, Susan V. Andrews, Elbert G. Bowers, Archie R. Jackson, Anthony Smith, Donald K. Wadsworth, and Robert McClean.

[2] The scope and terms of this Discovery Plan do not include the *USA ex rel. McLaughlin v. Shaw Environmental & Infrastructure, Inc. et al.* 14-cv-01509-JD case which was dismissed by Order of June 28, 2022, unless the pending Motion under FRCP 59 to Amend or Alter the Judgment is granted to permit FCA allegations to proceed against the Shaw Defendants. The scope and terms of this Discovery Plan does not include the *Anthony Smith* allegations regarding Treasure Island, and the *Wadsworth/McLean* allegations regarding Treasure Island and the Alameda Naval Air Station contained in the Relators' FCA combined complaints. This Discovery Plan also contemplates that the putative class actions proceed as class actions. To the extent one or more of the putative class actions does not proceed as a class action, the Parties agree to meet and confer regarding appropriate modifications to the procedures outlined herein.

[3] For purposes of this Order "Side 1" is defined as CPHP, Five Point, plaintiffs in the Parcel A Cases, plaintiffs in the Residents' Case, plaintiffs in the Building 606 Cases, the Relators, and the CH2M Parties. *See* Docs. 112 and 114.

[4] For purposes of this Order "Side 2" is defined to include the United States, Tetra Tech, Shaw, RSRS, and IO Environmental & Infrastructure, Inc. *Id.*

-5-

**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE MANAGEMENT ORDER NUMBER ONE**

deposition shall run on consecutive business days until completed unless the witness desires otherwise, subject to the time limits herein.

- The CH2M Defendants shall be entitled to 2 additional depositions (one 30(b)(6) deposition of the Navy, and one 30(b)(6) deposition of TtEC).

- The deposition notice shall indicate whether the noticed deposition is one of the six allocated fourteen-hour depositions.

The Court will consider additional depositions and deposition time if supported by a showing of good cause. The Parties understand the Court's April 26, 2022 Order not to apply to expert depositions and agree the deposition limits and procedures contemplated in this [Proposed] Order do not apply to depositions of any experts designated pursuant to FRCP 26.

Each Side may depose any and all witnesses produced to testify on each agreed upon Federal Rule of Civil Procedure 30(b)(6) topic, but (unless otherwise specified herein) each 7-hour[5] period of 30(b)(6) deposition testimony shall count as one deposition for the purpose of the Side's limit (*e.g.*, the depositions of seven 30(b)(6) witnesses for two hours each (14 hours in total) will count as two depositions). All parties on a given Side shall coordinate to issue a single 30(b)(6) notice to a party on the other Side, and deposition notices may cover no more than 25 topics, each of which are to be described with reasonable particularity. Paragraph 16 of the Court's Standing Order for Discovery in Civil Cases shall otherwise apply to all depositions under FRCP 30(b)(6). Any party may move to have the Court allow additional topics upon a showing of good cause.

The Party taking a deposition must give written notice to every other Party at least 30 days prior to the date of the deposition. Notice shall be served on each Party by e-mail and by posting the document on the parties' Magna database. The notice shall state whether the deposing Party intends to conduct the deposition in person or remotely by video teleconference. If the deposition

---

[5] All time periods for *depositions* refer to time on the record in which the witness is being questioned.

**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE MANAGEMENT ORDER NUMBER ONE**

1    is to be conducted in person, the deposing Party shall ensure that any Party that elects to

2    participate remotely by video teleconference may do so.  Any Party objecting to a deposition being

3    conducted remotely shall notify the noticing Party by email within 7 days of receiving the

4    deposition notice.  The Parties shall meet and confer in an attempt to resolve those objections.  If

5    the Parties are unable to resolve those objections, the responsibility shall be on the noticing Party

6    to obtain the Court's permission to conduct the deposition by remote means consistent with

7    Federal Rules of Civil Procedure Rule 30(b)(4) ("*By Remote Means. The Parties may stipulate—or*

8    *the court may on motion order—that a deposition be taken by telephone or other remote means.*

9    *For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place*

10   *where the deponent answers the questions.*")  Unless otherwise ordered by the Court, the

11   deponent must be in the same room as the Court Reporter and videographer if the deposition is

12   conducted remotely.  In the event a deposition is to be conducted remotely, any Party may attend

13   the deposition in person at their sole discretion.  The Parties expressly disclaim any intent to

14   stipulate to remote depositions in the Actions.

15           Parties will use their best efforts to make witnesses available for deposition at a mutually

16   agreeable time and location and without undue delay. If a witness is a former employee of any

17   Party and is not represented by counsel, upon receipt of a deposition notice for the former

18   employee, that Party shall, within 14 days of the deposition notice, provide the date of departure

19   and last known address of the former employee, whether the Party's counsel will accept service of

20   the notice, whether the Party's counsel will be representing that Party in connection with the

21   deposition and, if not, the name and contact information for the witness' counsel or that the

22   witness is unrepresented.  To the extent this information has previously been provided in response

23   to discovery requests or required disclosures, the Party need only confirm within 14 days that the

24   previously provided information remains operative.

25           If a Party serves a subpoena for the production of documents or electronically stored

26   information and a subpoena commanding attendance at a deposition, the Party serving the

27

28
-7-
**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE MANAGEMENT ORDER NUMBER ONE**

1  subpoena must schedule the deposition for a date at least 14 days after the return date for the

2  document subpoena, and if the Party serving the subpoena agrees to extend the date of production

3  for the document subpoena in a way that would result in fewer than 14 days between the extended

4  production date and the date scheduled for the deposition, the date scheduled for the deposition

5  must be postponed to be at least 14 days following the extended production date, unless all Parties

6  consent to fewer than 14 days.

7       The deposition notice shall indicate whether the noticed deposition is one of the six

8  allocated fourteen-hour depositions

9       During depositions noticed by only one side, the non-noticing side may cross-examine the

10  witness for up to one hour at the conclusion of direct examination, and the side who conducted the

11  direct examination shall be entitled to redirect examination of the witness for no more than the

12  same amount of record time as the cross-examination, regardless of whether the cross-examination

13  and/or redirect examination extends past the 7 hour limit. For any deposition lasting longer than 7

14  hours, the deponent may demand that the time remaining after the seventh hour be completed on

15  the noticed date, or be carried over to be completed on the next consecutive business day.

16       Each Side shall coordinate in the noticing and scheduling of all depositions. Any

17  deposition noticed by a Side shall automatically be deemed to have been noticed by all Parties on

18  that Side, in the Actions and shall count against the total number of depositions allotted to their

19  respective Sides. Any person deposed in the Actions shall automatically be deemed to have been

20  deposed in all cases and shall not be deposed again in any of the Actions absent stipulation or

21  leave of Court. Objections are preserved for all Parties when one Party makes the objection. Side 1

22  and Side 2 in the Actions may divide the time allotted to their side in any manner they choose,

23  provided that they do not collectively exceed the time allotted to their side and make reasonable

24  efforts to coordinate their examination in order to avoid duplicative questioning.

25       The Parties agree that all depositions shall be videotaped.  Costs for videotaping the

26  deposition, as well as the cost of the court reporter and any costs associated with remote

27

28

-8-

**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE MANAGEMENT ORDER NUMBER ONE**

1   videoconference hosting, shall be borne by the noticing Party, except parties are expected to pay

2   for copies of transcripts and videos that they order for themselves and to pay for and arrange for

3   their own videoconference access.  In the event a deposition is noticed by more than one Party,

4   costs for videotaping, court reporting, and remote videoconference hosting will be evenly split

5   between the Parties noticing the deposition.

6         The Parties shall follow Civil Local Rule 30-2 of the United States District Court for the

7   Northern District of California with regard to consecutive numbering of deposition exhibits, which

8   requires as follows:

9         **"(a) Sequential Numbering of Pages.** The pages of the deposition of a single

10        witness, even if taken at different times, must be numbered sequentially

11        **(b) Sequential Numbering of Exhibits.** Documents identified as exhibits during

12        the course of depositions and at trial must be numbered and organized as follows:

13        **(1)** At the outset of the case, counsel must meet and confer regarding the

14        sequential numbering system that will be used for exhibits throughout the

15        litigation, including trial.

16        **(2)** If the pages of an exhibit are not numbered internally and it is necessary

17        to identify pages of an exhibit, then each page must receive a page number

18        designation preceded by the exhibit number (*e.g.*, Exhibit 100-2, 100-3,

19        100-4).

20        **(3)** To the extent practicable, any exhibit which is an exact duplicate of an

21        exhibit previously numbered must bear the same exhibit number regardless

22        of which [P]arty is using the exhibit. Any version of any exhibit which is

23        not an exact duplicate must be marked and treated as a different exhibit,

24        bearing a different exhibit number.

25        **(4)** In addition to exhibit numbers, documents may bear other numbers or

26        letters used by the [P]arties for internal control purposes."

27

28

-9-

**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE MANAGEMENT ORDER NUMBER ONE**

In addition, if possible, each new exhibit shall be given the next available number. If it is not possible to do so (as, for example, when multiple depositions are conducted on the same day), then the Parties shall break the sequence and use higher numbers to avoid duplication.  If, through inadvertence, the same exhibit has been marked with different exhibit numbers, the Parties shall assign the lowest such exhibit number to the exhibit and conform all deposition transcripts and exhibits to reflect the lowest number. The superseded number shall not be reused by the Parties. For example, if the same exhibit has been marked as 52 in the deposition of A and 125 in the depositions of B, C and/or D, the exhibit marked 125 shall be renumbered 52 and the depositions of B, C and D shall be conformed to the renumbered exhibit. Thereafter, number 125 shall not be used.

The Parties stipulate to the handling of the deposition transcripts in all depositions in the Actions as follows:

- The court reporter(s) is relieved of their duties under the Federal Rules of Civil Procedure and the local rules of the Northern District of California.

- Upon completion of the transcript, the court reporter shall deliver the original transcript directly to the attorney representing the deponent at deposition ("Representing Attorney").

- The Representing Attorney will take responsibility for forwarding the original transcript to the deponent.

- Unless otherwise agreed by all Parties attending the deposition and the deponent, the deponent shall have 30 days from receipt of the original transcript by the Representing Attorney to review the transcript, sign it, make any changes they deem necessary and provide the original signed deposition with corrections to the Representing Attorney. "If there are changes in form or substance [to the original transcript], [the deponent shall] sign a statement listing the changes and the reasons for making them."  Federal Rule of Civil Procedure Rule 30 (e)(1)(B).

-10-

**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE MANAGEMENT ORDER NUMBER ONE**

- The Representing Attorney will take responsibility for serving a copy of any changes to the deposition and the deposition signature page on all Parties to the Action.

- The Representing Attorney's firm shall maintain custody of the original transcript.

- In the event the original transcript is not available, a certified copy of any transcript may be used in lieu of the original at trial or any related proceeding.

- Counsel and/or the deposition officer must state this stipulation on the record at the close of the depositions consistent with Federal Rule of Civil Procedure Rule 30 ("At the end of the deposition, the officer….must set out any stipulations made by the attorneys about custody of the transcript or recording and of the exhibits, or about any other pertinent matters.")

- This stipulation shall not be modified except by written stipulation of the Parties approved by the Court, or by order of the Court, for good cause shown.

The Parties have agreed to utilize Magna Legal Services ("Magna") as the court reporter and videographer for all depositions in the Actions.  A copy of each final deposition transcript and exhibits, including the final signature page of the deponent and any deposition changes made by the deponent, shall be maintained on the Magna database consistent with the agreement between the Parties and Magna.  It shall be the responsibility of Magna to load the final transcript onto the Magna database upon completion of the final certified transcript by the court reporter.  It shall be the responsibility of the Representing Party to load the deponent's signature page and any deposition changes made by the deponent onto the Magna database upon receipt of same from the deponent.

The Parties will meet and confer to discuss further issues regarding allocation of time among Parties, deposition notice procedures, and other logistical issues.

## C. <u>Written Discovery</u>:

**Interrogatories and Requests for Admission**:  With respect to written interrogatories, the Parties agree to proceed under the limits provided in the Rules of Civil Procedure and Local

-11-

**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE MANAGEMENT ORDER NUMBER ONE**

1  Rules.  If a Party believes that additional written discovery is warranted it may move the Court to

2  allow such additional discovery, which the Court may grant upon a good cause showing.

3      Regarding requests for admissions, Five Point, CPHP, Tetra Tech, and the United States

4  shall each be permitted to serve 125 total requests for admission pursuant to Fed. R. Civ. P. 36 in

5  the Commercial Cases (excluding the CH2M Case).  Plaintiffs and Defendants in the FCA cases

6  each may serve 125 total requests for admissions in the FCA Cases. Plaintiffs and Defendants in

7  the CH2M Case, Parcel A Cases, the Residents Cases, and the Building 606 Cases agree to

8  proceed under the limits provided in the Rules of Civil Procedure and Local Rules.  Requests for

9  admission regarding the authenticity, genuineness or identity of documents under F.R.E. 901 or

10  FRCP 36 are excluded from this limit.  The Court will consider requests by a Party to serve

11  additional requests for admissions upon a showing of good cause.

12      **D.  <u>Service:</u>**

13      All deposition notices, discovery requests, and discovery responses shall be served via

14  email to counsel for all Parties in the Actions and to the Parties' Magna database.  The

15  undersigned Parties agree to electronic service of all such documents.

16      **E.  <u>Discovery Coordination with Related Cases:</u>**

17      In order to promote judicial efficiency and avoid unnecessary duplicative costs, all

18  document productions served by any of the Parties in any of the Actions shall be treated as if it

19  had been requested by every Party and no further process or procedure is necessary for those

20  document productions to be utilized in all Actions as if it had been requested by all Parties.

21  Similarly, without counting against the limits provided by the Rules of Civil Procedure and Local

22  Rules with respect to each distinct Action, all Requests for Admission and responses and

23  objections thereto, and all Interrogatories and responses and objections thereto, served by any of

24  the Parties in any of the Actions shall be treated as if they had been requested by every Party and

25  no further process or procedure is necessary for those responses to utilized in all Actions as if it

26  had been requested by all Parties.

27

28

-12-

**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE
MANAGEMENT ORDER NUMBER ONE**

1    This provision does not alter any Party's right to assert any objection to the use of any

2  discovery under the Federal Rules of Evidence.

3    **F.  Scheduling:**

4    The Parties respectfully suggest that given the complexity of discovery in the Actions and

5  the outstanding motions in related cases, it is premature to order a full pretrial schedule.  However,

6  the Parties agree to meet and confer on a full pre-trial schedule.  At this time, the Parties agree to

7  the following deadlines:

8    **1.  Completion of Production of Documents Responsive to First Party Document**

9       **Production Requests:  June 2, 2023.[6]**

10    In the Court's December 2, 2022 Minute Order, the Parties were directed to "meet and

11  confer on a plan to prioritize custodians and narrow search terms, and agree upon procedures that

12  will complete all document production by March 2023 at the latest." The Parties continue to

13  engage in the meet and confer process to prioritize custodians and narrow search terms, and

14  therefore the Court hereby extends the time to complete document productions to June 2, 2023.

15    All document productions must be completed on or before June 2, 2023.  The production of

16  privilege logs that comply with Rule 26(b)(5) and the corresponding Advisory Notes shall be

17  completed by July 28, 2023.[7]  Following the filing of this Case Management Order, if any Party

18  believes that it has discovered information, in deposition or otherwise, that demonstrates that

19  existence of Party documents not yet requested or produced, the Parties will meet and confer on

20  the scope of, and good cause for, limited additional document requests. Any such requests must be

21  narrowly tailored to seek a specific document or set of documents.

22

23  _____

24  [6] These deadlines do not include Requests for Production served on individual plaintiffs in the
    *BVHP*, *Abbey*, and *Pennington* cases given the posture of those cases and the status of the Plaintiff

25  Fact Sheet process in each of those actions.  Nor do the deadlines apply to third-party discovery.

26  [7] Because a Party may determine that material was improperly withheld on privilege grounds
    during the course of preparing its privilege logs, some documents may be released before July 28,

27  2023.

28  **STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE
    MANAGEMENT ORDER NUMBER ONE**

-13-

1     Plaintiff Five Point shall use Technology Assisted Review and reasonable search terms,

2  which continue to be negotiated by the parties, to identify and produce responsive records.  Five

3  Point shall search the records of 39 custodians, subject to additional negotiation between by the

4  parties.

5     All other plaintiffs and relators shall propose search terms and custodians to defendants to

6  reach agreement on the scope of their respective productions.  The parties are directed to work

7  cooperatively to identify search terms that target the discovery of relevant records, and, where

8  possible, reduce the burden on the plaintiffs and relators to produce any extraneous materials.

9     The Tetra Tech Parties will run the search terms to be negotiated by the parties and share

10  "hit reports" based on those search terms. The Tetra Tech Parties have provided preliminary hit

11  reports that would result in the review of 1,220,307 documents. The Parties will engage in further

12  discussions to reduce the total scope of documents requiring review.  Tetra Tech will use the list

13  of custodians previously agreed to by the parties (with the addition of Dan Batrack, subject to

14  appropriate limitations on the scope of search terms applicable to his custodial files, *see Jahr* Dkt.

15  300).  The parties are directed to identify search terms that target the discovery of relevant records,

16  narrow the scope of document productions, and reduce the burden on Tetra Tech to review

17  extraneous materials.

18     The United States expects to complete production of the Environmental Restoration

19  Program files, the Navy's environmental analytical and GIS data files, the Nuclear Regulatory

20  Commission files, and the Army Joint Munitions Command files by March 31, 2023, without the

21  need to alter its scope and method of review.  To facilitate production of the remaining files, the

22  United States will work with the Parties to reduce the number of EPA and Navy custodian and will

23  apply negotiated search term strings to identity responsive records.  The United States will

24  circulate its search string "hit reports" to the other Parties by January 13, 2023.  The United States

25  seeks to amend the current Clawback/502(d) Order and Protective Order. The United States will

26  conduct targeted reviews for confidentiality and privilege, however, it contends that it may not be

27

28

-14-

**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE MANAGEMENT ORDER NUMBER ONE**

1   able to manually review every document prior to the Court's production deadline given the

2   volume of potentially responsive material.  Certain plaintiffs have expressed concerns about such

3   amendments.  On January 5, 2023, the United States circulated draft stipulations to amend the

4   current Clawback/502(d) Order and Protective Order to allow for production without penalty,

5   regardless of the level of pre-production review.  The Parties are continuing to meet and confer,

6   and by January 13, 2023, the Parties will submit proposed stipulated amended Clawback and

7   Protective Orders or simultaneous letter briefs outlining their respective positions.

8            The parties are directed to work cooperatively to identify search terms that target the

9   discovery of relevant records, and, where possible, reduce the burden on the government to

10  produce material that are not proportionate to the needs of the case.

11           On December 21, 2022, Tetra Tech and CH2M exchanged proposals for completing

12  production of the documents they have requested from each other in the *CH2M* case, and the

13  parties continue to meet and confer in good faith.  To identify documents responsive to the RFPs

14  served by Tetra Tech and complete its production of responsive, non-privileged, and non-restricted

15  documents by the court-ordered deadline, CH2M has agreed to search in the centralized document

16  management sites maintained in connection with the project at issue, as well as in the custodial

17  files of seven individual custodians, using eight comprehensive search strings.  CH2M will

18  continue to work cooperatively with Tetra Tech as necessary to reduce the number of non-

19  responsive documents subject to review.

20       **2.   Deadline to File and Serve Motion to Certify Classes in Putative Class Actions:[8]**

21           June 16, 2023.[9]

22

23  _____

24  [8] This deadline does not apply to *Abbey v. United States* because the United States' motion to
    dismiss the second amended complaint for lack of subject matter jurisdiction is pending.  If
25  jurisdiction is established in this case, the United States will meet and confer about briefing
    relevant to putative class issues.

26  [9] The Parties to the putative class action cases will meet and confer regarding coordination of
27  briefing and hearing dates between the three cases.

-15-

28  **STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE
    MANAGEMENT ORDER NUMBER ONE**

1    **3.   Close of Fact Discovery:** December 13, 2024.

2    **4.   Simultaneous Expert Disclosures:** May 9, 2025.

3    **5.   Simultaneous Rebuttal Expert Disclosures:** August 8, 2025.

4    **6.   Close of Expert Discovery:** December 19, 2025.

5    **G.  Further Amendment**

6    Except as otherwise provided in this Stipulation, its terms may be amended only by written

7  stipulation of the Parties approved by the Court, or by order of the Court for good cause shown.

8    **IT IS SO STIPULATED, through Counsel of Record.**

9

10  DATED:  January 20, 2023          COTCHETT, PITRE & McCARTHY, LLP

11                By:    */s/ Anne Marie Murphy*

12                    JOSEPH W. COTCHETT (SBN 36324)
                      ANNE MARIE MURPHY (SBN 202540)

13                    DONALD J. MAGILLIGAN (SBN 257714)
                      Attorneys for PENNINGTON PLAINTIFFS

14

15  DATED:  January 20, 2023          WALKUP, MELODIA, KELLY AND

16                    SCHOENBERGER

17                By:    */s/ Khaldoun A. Baghadi*

18                    KHALDOUN A. BAGHADI (SBN 190111)
                      SARA M. PETERS (SBN 260610)

19                    JADE SMITH-WILLIAMS (SBN 318915)
                      CLIFTON SMOOT (SBN 305728)

20                    Attorneys for PLAINTIFFS KEVIN ABBEY, ET
                      AL.

21

22  DATED:  January 20, 2023          BONNER & BONNER

23                By:    */s/ A. Cabral Bonner*

24                    CHARLES A. BONNER (SBN 85413)
                      A. CABRAL BONNER (SBN 247528)

25                    Attorneys for PLAINTIFFS BAYVIEW
                      HUNTERS POINT RESIDENTS

26

27                       -16-

28  **STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE
MANAGEMENT ORDER NUMBER ONE**

1  DATED:  January 20, 2023                LAW OFFICE OF DAVID ANTON

2

3                                          By:  ____/s/ David C. Anton_____
                                                DAVID C. ANTON (SBN 95852)
4                                               Attorneys for RELATORS

5
   DATED:  January 20, 2023                O'MELVENY & MYERS LLP
6

7                                          By:  ____/s/ Madhu R. Pocha_____
                                                DANIEL M. PETROCELLI (SBN 97802)
8                                               DAVID J. MARROSO (SBN 211655)
                                                GEOFFREY H. YOST (SBN 159687)
9                                               MADHU R. POCHA (SBN 260997)
                                                Attorneys for LENNAR CORP.; HPS
10                                              DEVELOPMENT CO., L.P.; HPS1 BLOCK 50
                                                LLC; HPS1 BLOCK 51 LLC; HPS1 BLOCK 53
11                                              LLC; AND HPS1 BLOCK 54 LLC

12

13 DATED:  January 20, 2023                 ALSTON & BIRD

14                                         By:  ____/s/ Jeffrey D. Dintzer_____
                                                JEFFREY D. DINTZER (SBN 139056)
15                                              MATTHEW C. WICKERSHAM (SBN 241733)
                                                Attorneys for FIVE POINT HOLDINGS, LLC, CP
16                                              DEVELOPMENT CO., LLC, AND EMILE
                                                HADDAD
17

18 DATED:  January 20, 2023                 LAW OFFICES OF RICHARD M. STEINGARD

19                                         By:  ____/s/ Richard M. Steingard_____
                                                RICHARD M. STEINGARD (SBN 106374)
20                                              Attorneys for DEFENDANT BILL DOUGHERTY

21

22

23

24

25

26

27
                                        -17-
28 **STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE**
   **MANAGEMENT ORDER NUMBER ONE**

1  DATED:  January 20, 2023                    WILMERHALE LLP

2                                              By:      /s/ Christopher A. Rheinheimer
3                                                   DAVINA PUJARI
                                                    CHRISTOPHER A. RHEINHEIMER
4                                                   CHRISTOPHER T. CASAMASSIMA
                                                    SAMUEL C. LEIFER
5                                                   GEMMA BATEMAN
                                                    Attorneys for TETRA TECH, INC., TETRA TECH
6                                                   EC, INC., ANDREW BOLT, DAN L. BATRACK,
                                                    and STEVEN M. BURDICK
7

8  DATED:  January 20, 2023                    BRADLEY ARANT BOULT CUMMINGS LLP
9

10                                             By:      /s/ Kimberly M. Ingram
                                                    KIMBERLY B. MARTIN (pro hac vice)
11                                                  KIMBERLY M. INGRAM (SBN 305497)
                                                    LYNDSAY E. MEDLIN (pro hac vice)
12                                                  Attorneys for DEFENDANTS SHAW
                                                    ENVIRONMENTAL & INFRASTRUCTURE,
13                                                  INC., CHICAGO BRIDGE & IRON COMPANY
                                                    N.V., APTIM CORPORATION, AND APTIM
14                                                  FEDERAL SERVICES, LLC

15

16  DATED: January 20, 2023                    BORDIN SEMMER LLP

17                                             By:      /s/ Bryan C. Swaim
                                                    BRYAN C. SWAIM, SBN 289729
18                                                  bswaim@bordinsemmer.com
                                                    Attorneys for DEFENDANTS RADIOLOGICAL
19                                                  SURVEY & REMEDIATION SERVICES, LLC,
                                                    DARYL DELONG, AND BRIAN HENDERSON
20

21  DATED: January 20, 2023                    TROPEA MCMILLAN, LLP

22                                             By:      /s/ Santino M. Tropea
23                                                  SANTINO M. TROPEA (SBN 249215)
                                                    Attorneys for DEFENDANT IO
24                                                  ENVIRONMENTAL & INFRASTRUCTURE,
                                                    INC.

25

26

27
                                              -18-
28  **STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE
    MANAGEMENT ORDER NUMBER ONE**

1    DATED: January 20, 2023                 STEPHANIE M. HINDS (SBN 154284)
                                             United States Attorney
2
                                    By:        /s/ Robert Chandler
3                                            MICHAEL T. PYLE (SBN 172954)
                                             SAVITH IYENGAR
4                                            Assistant United States Attorneys
                                             450 Golden Gate Avenue
5                                            Ninth Floor, Box 36055
                                             San Francisco, CA 94102
6                                            Tel: (415) 436-7018

7                                            JAMIE ANN YAVELBERG
                                             PATRICK KLEIN
8                                            ROBERT CHANDLER
                                             JONATHAN K. HOERNER
9                                            JOHN F. SCHIFALACQUA
                                             Civil Division, Fraud Section
10                                           175 N Street NE
                                             Room 9.208
11                                           Washington, DC 20002
                                             Tel: (202) 514-4678
12                                           *Attorneys for Plaintiff* UNITED STATES OF
                                             AMERICA
13

14   DATED:  January 20, 2023                J. PATRICK GLYNN
                                             Director, Torts Branch
15                                           BRIDGET BAILEY LIPSCOMB
                                             Assistant Director
16                                           ADAM BAIN
                                             Senior Trial Counsel
17

18                                  By:        /s/ Michele S. Greif
19                                           MICHELE S. GREIF
                                             CAROLINE STANTON
20                                           ROSEMARY YOGIAVEETIL
                                             KENNETH A. PILGRIM
21                                           Trial Attorneys
                                             Civil Division, Environmental Torts
22                                           175 N Street NE
                                             Room 11.204
23                                           Washington, DC 20002
                                             Telephone: (202) 353-2492
24
                                             *Attorneys for defendant* UNITED STATES OF
25                                           AMERICA

26

27                                           -19-
28   **STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE
     MANAGEMENT ORDER NUMBER ONE**

1

2   DATED:  January 20, 2023                MUNGER, TOLLES & OLSON LLP

3                                           By:    */s/ Blanca F. Young*
                                                   BLANCA F. YOUNG
4                                                  560 Mission Street, 27th Floor
                                                   San Francisco, CA 94105-3089
5                                                  Telephone: (415) 512-4000
                                                   Facsimile: (415) 512-4077
6
                                            *Attorneys for Defendant* CH2M Hill, Inc.
7

8   DATED:  January 20, 2023                ZELMS ERLICH & MACK

9                                           By:     */s/ Rinat B. Klier Erlich*
                                                   CHARLES G. GOMEZ
10                                                 RINAT B. KLIER ERLICH
                                                   20920 Warner Center Lane, Suite B
11                                                 Woodland Hills, CA 91367
                                                   Telephone: (213) 347-9139
12                                                 Facsimile: (818) 999-9155

13                                          *Attorneys for Defendant* SC&A, INC.

14  DATED:  January 20, 2023                EDLIN GALLAGHER HUIE + BLUM

15                                          By:    */s/ Farheena A. Habib*
                                                   ERIN K. POPPLER
16                                                 FARHEENA A. HABIB
                                                   500 Washington Street, Suite 700
17                                                 San Francisco, CA 94111
                                                   Telephone: (628) 207-1491
18                                                 Facsimile: (415) 397-1339

19                                          *Attorneys for Defendant* Perma-Fix Environmental
20                                          Services, Inc.

21  DATED:  January 20, 2023                FURUKAWA CASTLES LLP
22
                                            By:    */s/ Bruce Furukawa*
23                                                 JAMES CASTLES
                                                   BRUCE FURUKAWA
24                                                 800 Airport Boulevard, Suite 504
                                                   Burlingame, CA 94010
25                                                 Telephone: (415) 632-1584
                                                   Facsimile: (415) 510-2240
26
                                            *Attorneys for Defendant* Cabrera Services, Inc.
27
                                                   -20-
28  **STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE
    MANAGEMENT ORDER NUMBER ONE**

LEGAL02/42483047v13

DATED:  January 20, 2023

DAVIS WRIGHT TREMAINE LLP

By:   _/s/ Joseph E. Addiego, III_
JOSEPH E. ADDIEGO, III
50 California, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

*Attorneys for Defendant* Battelle Memorial Institute

## ORDER

Pursuant to stipulation, the parties' proposed Order re Discovery Protocol and Case Management Order Number One is approved.

Dated:  February 2, 2023

IT IS SO ORDERED

Judge James Donato

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

-21-
**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL AND CASE MANAGEMENT ORDER NUMBER ONE**