UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO)

FIVE POINT HOLDINGS LLC ET AL.,      Case No. 3:20-cv-01480-JD
    Plaintiffs,

          v.

UNITED STATES OF AMERICA,
    Defendant.
_____

FIVE POINT HOLDINGS LLC ET AL.,      Case No. 3:20-cv-01481-JD
    Plaintiffs,

          v.

TETRA TECH INC. ET AL.,
    Defendants.
_____

CPHP DEVELOPMENT LLC ET AL.,         Case No. 3:20-cv-01485-JD
    Plaintiffs,

          v.

TETRA TECH INC. ET AL.,
    Defendants.


BEFORE THE HONORABLE JAMES DENATO
UNITED STATES DISTRICT JUDGE

TRANSCRIPT OF MOTIONS HEARING


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBIN L. HERRERA, RMR, CRR, CRC
(Via Zoom Videoconferencing)
United States Court Reporter
401 West Evans Street
Florence, SC 29501
robin_herrera@scd.uscourts.gov

(Stenotype/Computer-Aided Transcription)

A P P E A R A N C E S:

For the Plaintiff        Jeffrey D. Dintzer, Esq.
Five Point Holdings      Meredith Jones Kingsley, Esq.
LLC:                     Charles W. Cox, Esq.


For the Plaintiff        David Marroso, Esq.
Lennar Corporation:      Geoffrey H. Yost, Esq.
                         Kristin Collins Cope, Esq.


For the Defendant        Albert K. Lai, Esq.
United States of         Caroline Wells Stanton, Esq.
America:


For the Defendant        Andrew Rhys Davies, Esq.
Tetra Tech Inc.:         Christopher T. Casamassima, Esq.
                         Christopher A. Rheinheimer, Esq.

```
 1              SAN FRANCISCO, CA; THURSDAY, JULY 10, 2025
 2           COURTROOM 11, HONORABLE JAMES DONATO, PRESIDING
 3                            *   *   *
 4           (Proceedings commence at 11:25 AM.)
 5              THE COURT:  Good morning.  Sorry for the delay.
 6              COURTROOM DEPUTY:  Please be seated.  Calling
 7    Civil 20-1480, Five Point Holdings LLC v. United States of
 8    America; Civil 20-1481, Five Points Holdings LLC v. Tetra
 9    Tech; and Civil 20-1485, CPHP Development LLC v. Tetra Tech.
10              Counsel, please state your appearance.
11              MR. MORROSO:  Good morning, Your Honor.
12    David Morroso of O'Melveny & Myers here on behalf of the
13    Lennar parties.
14              MR. YOST:  Good morning, Your Honor.  Geoff Yost
15    here on behalf of CPHP and the Lennar parties as plaintiffs.
16              MS. COPE:  Good Morning, Your Honor.  Kristin Cope
17    of O'Melveny & Myers also here on behalf of the Lennar
18    parties.
19              MS. KINGSLEY:  Good morning, Your Honor.
20    Meredith Kingsley from Alston & Bird here on behalf of the
21    Five Point entities.
22              MR. COX:  Good morning, Your Honor.  Charles Cox
23    of Alston & Bird LLP also for the Five Point parties.
24              MS. DINTZER:  Good morning, Your Honor.
25    Jeffrey Dintzer on behalf of Plaintiffs Five Point and CP
```

```
1    Dev. Co.
2              THE COURT:  Okay.  And defendants.
3              MR. LAI:  Albert Lai on behalf of Defendant United
4    States.
5              THE COURT:  Oh, I'm sorry.  Mr. Lai, you're the
6    US?
7              MS. STANTON:  Good morning, Your Honor.
8    Caroline Stanton here on behalf of United States.
9              THE COURT:  All right.
10             MR. DAVIES:  good morning, Your Honor.
11   Andrew Rhys Davies, WilmerHale, representing the Tetra Tech
12   parties.
13             MR. CASAMASSIMA:  Good morning, Your Honor.
14   Chris Casamassima from WilmerHale for the Tetra Tech
15   parties.
16             MR. RHEINHEIMER:  Good morning, Your Honor.
17   Chris Rheinheimer also for the Tetra Tech parties.
18             THE COURT:  All right.  Maybe one person from each
19   side.  we're going to talk about trial scheduling first.
20   I'm foreshadowing.  Let's talk about trial scheduling.
21             Okay.  United States, you all have resolved
22   everything -- right? -- so you don't need the trial date?
23             MS. STANTON:  Your Honor, I believe that is the
24   FCA case.
25             THE COURT:  Anything left for the US?
```

1           MS. STANTON:  I believe they are waiting for entry

2   of approval of the settlement, but I cannot speak on that

3   case.

4           THE COURT:  Do I have that?

5           MS. STANTON:  Yes, Your Honor.

6           THE COURT:  Oh, okay.  There was some disagreement

7   about the relater's fee, wasn't there?

8           MS. STANTON:  That's my understanding, yes,

9   Your Honor.

10          THE COURT:  Okay.  But short of that, no trial for

11  the United States in October?  Remember, I think I had set

12  the FCA case first; right?

13          MS. STANTON:  Yes, that's correct, Your Honor.

14          THE COURT:  Okay.  So we've got an empty trial

15  space.  Here's what I'm thinking.  The claims that are

16  remaining on behalf of the plaintiffs, which are now Five

17  Point Holdings and CPHP Development, they're all the same.

18          So United States, you can sit down.  I need

19  somebody from the private party side to be at the podium.

20          So I think we ought to just take that October

21  date, which I have booked, and get you ready for trial.

22  We'll do both at the same time.

23          MR. MARROSO:  Your Honor, David Marroso on behalf

24  of Lennar.

25          THE COURT:  Yes.

```
 1              MR. MARROSO:  Two clarifications.  Our lawsuit is
 2      against Tetra Tech and the United States.
 3              THE COURT:  Yes.
 4              MR. MARROSO:  And we talked about trial scheduling
 5      before today, and there is a trial conflict.  Five Point's
 6      lead trial counsel has a trial already set for October.  He
 7      can speak for himself.
 8              THE COURT:  Who has the conflict?
 9              MR. MARROSO:  Mr. Dintzer.
10              THE COURT:  What's the conflict?
11              MS. DINTZER:  Yes, Your Honor.  I have a trial
12      starting on October 15th in Santa Barbara Superior Court.
13              THE COURT:  Has that been up yet?  It's the first
14      time up?
15              MR. DINTZER:  This is a case where the timing of
16      trial is very, very important.
17              THE COURT:  I know, but things in state court
18      never happen on the first call.  Is that set in stone?
19              MS. DINTZER:  It is, it's set in stone.  The trial
20      court is expecting us to appear, and if there's -- very
21      unlikely this case will settle.
22              THE COURT:  The Santa Barbara one?
23              MR. DINTZER:  Yes, Your Honor.  It involves a
24      pipeline.
25              THE COURT:  Okay.  Well, all right.  November.
```

Robin L. Herrera, RMR, CRR, CRC

```
 1    How long is your trial going to go?
 2            MS. DINTZER:  Well, my trial will go for probably
 3    about a week to ten days.  That's the estimate.
 4            THE COURT:  Okay.
 5            MR. DINTZER:  I do want to also advise the Court
 6    that I have a very long, long-planned vacation at the end of
 7    October, early November, through the Thanksgiving holiday.
 8    It's been a long time.
 9            THE COURT:  All right.  December.
10            MR. DINTZER:  December is fine, Your Honor.
11            THE COURT:  So do you have the second Monday in
12    December?
13            COURTROOM DEPUTY:  Second Monday in December.
14            THE COURT:  What date is that?
15            COURTROOM DEPUTY:  December 8.
16            THE COURT:  8th?  8?
17            COURTROOM DEPUTY:  8.
18            THE COURT:  8.  Okay.  December 8th.  Put them
19    both together.
20            MR. CASAMASSIMA:  Your Honor, if I may.  This is
21    Chris Casamassima on behalf of the Tetra Tech parties.
22    There's one gating issue with respect to these cases,
23    though.  Your Honor, the developers have claims for
24    indemnification relating to liabilities that they may incur
25    in the Pennington and the Carpenter matters.  Those are the
```

1   two remaining mass torts cases.  And so those claims can't

2   be adjudicated prior -- those indemnification claims can't

3   be adjudicated prior to resolution of those two other mass

4   tort actions.

5           So we think and Tetra Tech believes that the only

6   sort of efficient orderly way to get a final judgment, if we

7   were to go to trial on this case, would actually be for this

8   case to proceed after those two other matters.

9           THE COURT:  I want to get these going.  These are

10  2018, 2020 cases.  All right.  December 8th.  That will be

11  the trial date.  It's going to be combined.  I'll give you

12  all the pretrial stuff later, but plan on that.  We'll work

13  out the details later.

14          Okay.  Now, for summary judgment motions.  These

15  are the motions brought by the United States and Tetra Tech

16  in -- Five Point's case is 20-1480 and 20-1485.  Summary

17  judgment is denied with respect to the statute of

18  limitations dispute with whether there was adequate notice,

19  and if so, when that happened.

20          Those are all disputed issues of fact, and I will

21  not issue judgment without a trial on the basis of the

22  record, it needs to have some resolution by the finder of

23  fact and the -- that's it.  Okay.  So summary judgment is

24  denied.

25          And then the United States's motion to dismiss,

which was a renewal of the attempt to terminate the Five
Point and CPHP complaints under the discretionary function
exception to the Federal Courts Claim Act, which I had
denied earlier, and it is denied again.

        The United States did not do what I directed them
to do, and as the law requires, which is lay out an
act-by-act analysis that might support the application of
the discretionary function exception.  So that's it.  We'll
deal with the *Dauberts* later.

        Anything else from Plaintiffs?

        MR. MORROSO:  No, Your Honor.  Thank you.

        THE COURT:  All right.  Defendants?

        MR. DAVIES:  Your Honor, Andrew Rhys Davies on
behalf of the Tetra Tech parties.  There are separate
motions for summary judgment brought by the Tetra Tech
parties and by the United States, respectively.  Could I be
heard on those, Your Honor?

        THE COURT:  I just denied them.  Those are the
ones I just denied.

        MR. DAVIES:  Your Honor, I heard Your Honor deny
the statute of limitations motion.

        THE COURT:  Statute of limitations was raised with
respect to negligence, negligent hiring, negligent
interference with prospective environmental -- prospective
economic advantage for equitable indemnity.  It's all

1    statute of limitations.

2              MR. DAVIES:  Your Honor, there are also -- also an

3    argument that leaving aside the equitable indemnification

4    claim, the claims fail for lack of evidence to support the

5    essential elements.  There's a supplemental brief on behalf

6    of the Tetra Tech parties making that argument for summary

7    judgment for each of the claims.

8              THE COURT:  It's denied.

9              Okay.  I will set the remaining pretrial thing.

10   You know, there's a mountain of these *Daubert* disputes.

11   Let's see, I had a list somewhere.  I don't think I brought

12   it out with me.

13             Okay.  It can't possibly be that all of these

14   experts are peddling junk science.  That's the test; all

15   right?  It just can't possibly be true.  So you're going to

16   have to work this out.  I'll take those motions up when I

17   have to.  But you're going to go back and meet and confer.

18   How do you want to do this?

19             You all can sit down for a minute.

20             How do you want to do that, Plaintiffs?

21             MR. MORROSO:  We've been pretty good recently

22   about meeting and conferring.  I think we should call --

23   we'll have a call next week.

24             THE COURT:  Yeah.  I have a mountain of *Daubert*

25   decisions, which are actually more properly known as FRE 702

1    decisions.  Read them, because I'm going to apply them in

2    your cases; okay?

3              And here's the threshold.  I am reluctant to kick

4    out experts unless it is truly junk science, as the Supreme

5    Court has instructed.  Your disagreements with how good they

6    are or your questions about whether they did the right

7    crossing of the "t" and dotting of the "i," not going to

8    happen.

9              You're going to get in a very short order, based

10   on my mountain of prior decisions where I've laid out in

11   detail, why it's not going to happen.  So read those; all

12   right?  Just go on Westlaw.  You can find them.  Read them.

13             And then I want you to meet and confer, and I want

14   a report in a month -- I'll give you a month to do this --

15   about which of those *Daubert* motions are being withdrawn;

16   okay?  I'm expecting to see some progress.

17             I don't have the list here, I'm just going off my

18   memory, but it was a full page, a full page of *Daubert*

19   motions.  Now, some of those might have been the same person

20   in different cases, I don't remember; so there might have

21   been some duplication.  But there were at least seven, and I

22   think far more than that; okay?

23             It's just not possible unless all of you were

24   asleep at the wheel and had no discretionary function to a

25   prior term in hiring your experts.  There's just no way that

1    all those people are trafficking in junk science.  It's not

2    possible; okay?

3              So be reasonable, cut deals, make it happen, and

4    you're going to save yourself a lot of stress and maybe some

5    rulings that you and your experts don't want to see; okay?

6    Just do that.

7              And how about -- is a month going to be enough?  I

8    mean, we've got time until December.  Do you want longer

9    than that?  Do you want two months?

10             MR. CASAMASSIMA:  I think that's fine, Your Honor.

11   Mr. Casamassima for the Tetra Tech parties.  Are you

12   contemplating that we would also then engage in some sort of

13   hot tub or narrowing process other --

14             THE COURT:  I don't think I'm going to do that.

15   These issues are not that complicated.  I reserve that for

16   really abstruse and subtle things.  I don't think I need

17   that here.  I'm not saying no, but it's unlikely we're going

18   to do that.

19             But first you need to clear out the dross; okay?

20   Just clear out the dross, and then tell me what you really

21   want to fight about, and then I'll take it up from there.

22             MR. CASAMASSIMA:  I think we can do it in a month.

23             THE COURT:  Okay.  So I'll just set it for that.

24   All right.  So people are settling, things are happening.

25   Why are you not settling?

1          MR. MORROSO:  They don't want to pay us as much

2    money as we want.

3          THE COURT:  Who are you working with?  Did I send

4    you back to Judge Ryu?

5          MR. MORROSO:  Yes, but that's with respect to the

6    Bayview case.

7          THE COURT:  As to which one?

8          MR. MORROSO:  The Bayview case, the residents.

9          THE COURT:  It's that one?  Oh, okay.  Who are you

10   using?  Nobody?  Oh, you need somebody.  You all don't have

11   a mediator?

12         MR. MORROSO:  We do not.

13         THE COURT:  Well, that's not good.  Okay.  Well,

14   get one.  One week from today file the joint statement and

15   get on the books.  Don't wait.  Judgment day is coming.

16   December may seem a long way away, and you and I both know

17   it's not.

18         So get on that, and just file one week from today,

19   and then make sure you get a date and get some people -- you

20   know, get it all set up and make it happen; all right?

21         United States, anything to add?

22         MR. LAI:  Your Honor, we had also moved to dismiss

23   based on the misrepresentation exception to the --

24         THE COURT:  Also denied.  Thanks for coming in.

25         *(Proceedings adjourn at 11:40 AM.)*

Robin L. Herrera, RMR, CRR, CRC

14

```
1                    CERTIFICATE OF TRANSCRIBER

2         I certify that the foregoing is a correct transcript of
     the proceedings, to the best of my ability, taken from
3    electronic sound recordings in the above-entitled matter.

4          Robin L. Herrera              July 10, 2025
     Robin L. Herrera, RMR, CRR, CRC       Date
5    Official Court Reporter

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```