**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

CPHP DEVELOPMENT, LLC, et al.,

Plaintiffs,

v.

TETRA TECH, INC., et al.,

Defendants.

Case No. 3:20-cv-01485-JD

---

FIVE POINT HOLDINGS, LLC, et al.,

Plaintiffs,

v.

United States of America, et al.,

Defendants

Case No. 20-cv-01480-JD

---

FIVE POINT HOLDINGS, LLC, et al.

Plaintiffs,

v.

TETRA TECH, INC., et al.,

Defendants.

Case No. 20-cv-01481-JD

**JOINT STATUS REPORT REGARDING PENDING DAUBERT MOTIONS**

Plaintiffs CPHP Development, LLC, HPS Development Co., LP, HPS1 Block 50, LLC, HPS1 Block 51, LLC, HPS1 Block 53, LLC, HPS1 Block 54, LLC, HPS1 Block 55, LLC, HPS1 Block 56/57, LLC, and Lennar Corporation (collectively, "Lennar"); Five Point Holdings, LLC and CP Development Co., LLC (jointly, "Five Point," and together with Lennar, "Side One"); Tetra Tech, Inc. and Tetra Tech EC, Inc. (jointly, "Tetra Tech Defendants"); and the United

States of America (together with Tetra Tech, "Defendants") file this Joint Status Report identifying agreements reached regarding pending *Daubert* motions to exclude expert testimony.

The Lennar Plaintiffs filed five (5) Rule 702 motions seeking to exclude five (5) expert witnesses from the Tetra Tech Defendants. (Tetra Tech designated 10 retained experts, and the United States designated 2). Those motions are:

- CPHP Plaintiffs' Motion to Exclude or Limit Expert Testimony of Chase Meyers
- CPHP Plaintiffs' Motion to Exclude or Limit Expert Testimony of Dennis J. Paustenbach and Robert Gibbons
- CPHP Plaintiffs' Motion to Exclude or Limit Expert Testimony of Robert Gibbons
- CPHP Plaintiffs' Motion to Exclude or Limit Expert Testimony of Adam Love
- CPHP Plaintiffs' Motion to Exclude or Limit Expert Testimony of Remy Hennet

Defendants filed six (6) Rule 702 motions seeking to exclude seven (7) expert witnesses from Side One.[1] (Lennar and Five Point jointly designated 8 retained experts, Lennar an additional one, and Five Point has designated an additional 3). Those motions are:

- United States' Motion to Exclude Expert Opinions of Eric Sussman (joined by Tetra Tech Defendants)
- Tetra Tech Defendants' Motion to Exclude Expert Testimony of Dr. John Frazier and Michael Miller
- Tetra Tech Defendants' Motion to Exclude Expert Testimony of William Hall
- Tetra Tech Defendants' Motion to Exclude Expert Testimony of Stephen Emsbo-Mattingly in Part
- Tetra Tech Defendants' Motion to Exclude Expert Testimony of Anthony Pennino (joined by the United States)
- Tetra Tech Defendants' Motion to Exclude Testimony of Laura Malowane

[1] Defendants also filed a Rule 37 discovery motion seeking to exclude testimony of Mr. Anastasi (damages expert of Five Point). That motion is not included in this agreement, and it remains pending before the Court.

**Parties' Statement Regarding Agreements on Filed FRE 702 Motions**

Pursuant to the Court's order, Lennar, Five Point, and Defendants met and conferred. Based on the Court's directive to narrow the *Daubert* motions before the Court, Lennar and Defendants have agreed as follows:

- Lennar will maintain three pending Rule 702 motions with respect to the following three experts: Adam Love, Remy Hennet, and Robert Gibbons (3:20-cv-01485-JD, ECF Nos. 311, 312, and 310, respectively). All other Rule 702 motions filed by Lennar are hereby withdrawn.
- Tetra Tech will maintain three pending Rule 702 motions with respect to the following three experts: Laura Malowane (3:20-cv-01481-JD, ECF No. 274); Anthony Pennino (3:20-cv-01481-JD, No. 273; 3:20-cv-01485-JD, No. 318); and William Hall (3:20-cv-01481-JD, ECF No. 271; 3:20-cv-01485-JD, ECF No. 316). All other Rule 702 motions filed by Tetra Tech are hereby withdrawn, as is its joinder of the United States' Rule 702 motion as to Dr. Sussman.
- The United States will maintain its pending Rule 702 motion with respect to Dr. Sussman (20-cv-1480-JD, ECF No. 215).
- Lennar and Defendants will not file any additional Rule 702 motions.

Lennar and Defendants' agreement to withdraw certain Rule 702 motions does not waive – and Lennar and Defendants expressly reserve – arguments under Rule 702 or any other basis that may otherwise apply as testimony is offered at trial.

**Parties' Statements Regarding Additional FRE 702 Motion**

<u>Defendants' Statement:</u>

Lennar and Defendants understand that Plaintiff Five Point intends to file one additional Rule 702 motion with respect to Tetra Tech's retained expert, Dr. Remy Hennet. Given the

Court's July 11, 2025 order on Rule 702 motions, *see* 3:20-cv-1485-JD, ECF No. 368, Tetra Tech and the United States object to any such motion as late-filed and improper, do not consent or stipulate to its filing, request that the Court strike the filing if and when it is made, and reserve all procedural and substantive responses and objections. The parties were directed to file "a status report identifying which of the motions are withdrawn by agreement and which remain outstanding for the court's resolution"—not to file additional Rule 702 motions. Tetra Tech and the United States also note that all of Lennar's Rule 702 motions are directed at experts who provide testimony that relates to both Lennar and Five Point's claims, in accordance with Defendants' understanding that Side One is jointly prosecuting its claims against Tetra Tech and the United States.

Five Point's Statement:

Five Point has not filed any Rule 702 motions to date, as it waited for guidance and instructions from the Court on what types of motions the Court believes are appropriate. Given the Court's instructions at the July 10, 2025 hearing, Five Point will file only one Rule 702 motion seeking to exclude, or in the alternative partially exclude, the testimony of Tetra Tech's expert Dr. Remy Hennet, and set that matter for hearing on a date convenient for the Court. Contrary to Defendants' position articulated above, the Court has never set any deadline to file Rule 702 motions in this case, and citation to the Court's order in 3:20-cv-1485-JD, ECF No. 368 certainly does not support Side Two's objection. Nothing in the Court's July 11, 2025 order sets any deadline to file Rule 702 motions; rather, the Court's July 11, 2025 order directs the parties responsible for filing "a slew of FRE 702 motions" to identify which of those motions will be "withdrawn by agreement," and administratively terminates all previously filed FRE 702 motions. *See* 3:20-cv-1485-JD, ECF No. 368 ("The FRE 702 motions and associated sealing motions ***are administratively terminated*** in the interim.") (emphasis added). Five Point further notes that Side Two maintains five challenges against Five Point's experts, including its "Rule 37

motion" seeking to exclude Five Point's damages expert, while Five Point will only be challenging one of Tetra Tech's experts.

Dated: August 11, 2025

O'MELVENY & MEYERS LLP
By: */s/ David Marroso*___________
DAVID MARROSO

On behalf of Plaintiff CPHP Development Co.

ALSTON & BIRD LLP
By: */s/ Jeffrey Dintzer*_______________
JEFFREY DINTZER

On behalf of Plaintiff Five Point

WILMER HALE
By: */s/ Chris Rheinheimer*_____________
CHRIS RHEINHEIMER

On behalf of Tetra Tech Defendants

UNITED STATES DEPARTMENT OF JUSTICE, CIVIL DIVISION
By: */s/ Rosemary Yogiaveetil*___________
ROSEMARY YOGIAVEETIL

On behalf of Defendant United States