DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DAVID MARROSO (S.B. #211655)
dmarroso@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

GEOFFREY H. YOST (S.B. #159687)
gyost@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984 8701

JEFFREY D. DINTZER (S.B. #139056)
jeffrey.dintzer@alston.com
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, California 90071
Telephone: +1 213 576 1000
Facsimile: +1 213 576 1100

*Attorneys for Plaintiffs CPHP DEVELOPMENT, LLC; HPS DEVELOPMENT CO., LP; HPS1 BLOCK 50, LLC; HPS1 BLOCK 51, LLC; HPS1 BLOCK 53, LLC; HPS1 BLOCK 54, LLC; HPS1 BLOCK 55, LLC; HPS1 BLOCK 56/57, LLC; LENNAR CORPORATION; FIVE POINT HOLDINGS, LLC; and CP DEVELOPMENT CO., LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CPHP DEVELOPMENT, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TETRA TECH, INC., et al.,<br><br>Defendants. | Case No. 3:20-cv-01485-JD<br><br>**DEVELOPER PLAINTIFFS' MOTION TO STRIKE DEFENDANT TETRA TECH'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**<br><br>Date: September 24, 2026<br>Time: 11:00 a.m.<br>Courtroom: 11<br>Judge: Hon. James A. Donato |

FIVE POINT HOLDINGS, LLC, et al.,

Plaintiffs,

v.

TETRA TECH, INC., et al.,

Defendants.

Case No. 3:20-cv-01481-JD

**NOTICE OF MOTION AND MOTION**

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 24, 2026, at 11:00 a.m.[1], or as soon thereafter as this matter may be heard before the Honorable James Donato, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom 11, 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, Plaintiffs CPHP Development, LLC, HPS Development Co., LP, HPS1 Block 50, LLC, HPS1 Block 51, LLC, HPS1 Block 53, LLC, HPS1 Block 54, LLC, HPS1 Block 55, LLC, HPS1 Block 56/57, LLC, Lennar Corporation, Five Point Holdings, LLC, and CP Development Co., LLC (collectively, "Plaintiffs" or "Developers") will and hereby do move this Court for an order striking Tetra Tech, Inc.'s and Tetra Tech EC, Inc.'s, (collectively, "Tetra Tech") Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, for Summary Judgment (No. 20-cv-01485, Dkt. 418; No. 20-cv-01481, Dkt. 368 (the "Motion")) on the grounds that the Motion violates the Court's order limiting each side to "one" summary judgment motion and is untimely in violation of the Court's dispositive motions deadline. This Motion is based upon this Notice of Motion, the following Memorandum of Points and Authorities, the pleadings and records on file in this action, and the argument of counsel and such other matters as the Court may consider.

[1] Plaintiffs have requested an expedited hearing on this Motion to Strike so that it may be heard concurrently with or prior to the hearing on the Motion (noticed by Tetra Tech for September 24, 2026), in the interest of judicial efficiency. *See* Plaintiffs' Administrative Motion to Expedite Hearing on Motion to Strike.

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..... 1
ARGUMENT ..... 2
I. TETRA TECH'S "ALTERNATIVE" SUMMARY JUDGMENT MOTION SHOULD BE STRICKEN IN VIOLATION OF TWO COURT ORDERS AND DUE TO FORFEITURE. ..... 2
a. Tetra Tech's Motion Defies the Court's One Summary Judgment Order. ..... 2
b. Tetra Tech's Motion Defies the Court's April 2025 Deadline to File Dispositive Motions. ..... 5
c. Tetra Tech's Lack of Diligence Is Manifest. ..... 6
II. TETRA TECH'S "SUBJECT MATTER JURISDICTION" MOTION SHOULD BE STRICKEN BECAUSE THE NINTH CIRCUIT REJECTED THE ARGUMENT; TETRA TECH LABELED IT AS JURISDICTIONAL TO AVOID THE COURT'S ORDERS. ..... 9
CONCLUSION ..... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armentero v. Willis*,
2013 WL 144253 (E.D. Cal. Jan. 11, 2013) .......... 7

*Burke v. Liberty Mut. Pers. Ins. Co.*,
2025 WL 2497985 (D. Ariz. July 25, 2025) .......... 8

*Cook v. Rockwell International Corp.*,
790 F.3d 1088 (10th Cir. 2015) .......... 10

*Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*,
2021 WL 4281336 (N.D. Cal. Sept. 21, 2021) .......... 7

*Fujifilm Corp. v. Motorola Mobility LLC*,
2015 WL 1265009 (N.D. Cal. Mar. 19, 2015) .......... 8

*Garces v. Gamboa*,
2024 WL 1886620 (E.D. Cal. Apr. 30, 2024) .......... 5

*Gilchrist v. Jim Slemons Imports, Inc.*,
803 F.2d 1488 (9th Cir. 1986) .......... 10

*H.I.S.C., Inc. v. Franmar Int'l Imps., Ltd.*,
2018 WL 8648382 (S.D. Cal. Nov. 5, 2018) .......... 6, 8

*Hoffman v. Tonnemacher*,
593 F.3d 908 (9th Cir. 2010) .......... 6

*In re Berg Litig.*,
293 F.3d 1127 (9th Cir. 2002) .......... 9, 10

*In re Capacitors Antitrust Litig.*,
2017 WL 897340 (N.D. Cal. Mar. 7, 2017) .......... 3

*In re Hanford Nuclear Rsrv. Litig.*,
534 F.3d 986 (9th Cir. 2008) .......... 2, 9, 10

*Johnson v. Armored Transp. of California, Inc.*,
813 F.2d 1041 (9th Cir. 1987) .......... 4, 10

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) .......... 5, 6

*Khalsa v. Weinberger*,
779 F.2d 1393 (9th Cir. 1985) .......... 10

*Knox v. Sw. Airlines*,
124 F.3d 1103 (9th Cir. 1997) .......... 6

*NetFuel, Inc. v. Cisco Sys. Inc.*,
2020 WL 510219 (N.D. Cal. Jan. 31, 2020) .......... 8

*Nguyen v. United Airlines, Inc.*,
2025 WL 4110873 (N.D. Cal. July 18, 2025) ........ 4

*Pattison v. Sandoval*,
2023 WL 2474344 (D. Nev. Mar. 10, 2023) ........ 5

*Peasley v. Spearman*,
2017 WL 5451709 (N.D. Cal. Nov. 14, 2017) ........ 4

*Rambus Inc. v. Hynix Semiconductor Inc.*,
628 F. Supp. 2d 1114 (N.D. Cal. 2008) ........ 5

*Safeco Ins. Co. of Am. v. Betenbaugh*,
2025 WL 253877 (E.D. Cal. Jan. 21, 2025) ........ 4, 5, 7

*Singer v. Duro*,
2009 WL 2870085 (D. Ariz. Sept. 2, 2009) ........ 4

**Statutes**

42 U.S.C. § 2210(n)(2) ........ 9

**Rules**

Fed. R. Civ. P. 12(h)(3) ........ 4

Rule 16(b)(4) ........ 5

## MEMORANDUM OF POINTS AND AUTHORITIES

We all know what is happening. For six years, this Court has presided over the Developers' cases against Tetra Tech. Not once did Tetra Tech raise the Price-Anderson Act ("PAA") as any kind of defense in the Developers' cases. Then, a few weeks ago, this Court granted judgment to Tetra Tech in the distinguishable *Pennington* case based on the PAA, and Tetra Tech is trying to leverage that order into judgment in the Developers' cases.

Tetra Tech now claims that, despite six years of adjudication, holding more than a dozen hearings, and deciding dozens of motions, this Court never had jurisdiction over the case in the first place; and, "in the alternative," that "summary judgment" is warranted in Tetra Tech's favor. Tetra Tech's Motion is unmistakably improper and should be stricken.

Summary Judgment. Tetra Tech's "alternative" Summary Judgment Motion violates two separate court orders: (1) the Court's May 17, 2024 order limiting each side to one summary judgment motion (No. 20-cv-01481 ("*Five Point*"), Dkt. 170; No. 20-cv-01485 ("*Lennar*"), Dkt. 233)), and (2) the Court's May 17, 2024 order setting a dispositive-motion deadline of April 10, 2025. *Id.* Substantively, Tetra Tech did not even acknowledge either prior order. Procedurally, Tetra Tech did not seek leave from the Court to file a tardy, successive summary judgment motion. The Court should strike the motion for that omission alone.

Further, Tetra Tech did not seek leave because no cause exists. Tetra Tech never pled the PAA as an affirmative defense. Tetra Tech moved for summary judgment twice previously, and neither motion sought judgment based on the PAA. By contrast, Tetra Tech moved for summary judgment under the PAA in the distinct *Pennington* case and never linked them or argued that the PAA applied here—that is, until the Court granted judgment in *Pennington*. Tetra Tech points to no change in governing law or any new facts that would warrant reopening the summary judgment or dispositive-motion deadline. The Court should strike the motion for that reason as well.

Waiting until the Court entered judgment in *Pennington* and then filing a third, tardy summary judgment motion in defiance of and without even mentioning two separate prescriptive

orders is inexcusable. Tetra Tech forfeited its PAA argument in this case; but, even if it had not, the argument lacks merit, as explained in Developers' Opposition.

Subject Matter Jurisdiction. Obviously aware of and concerned about the Court's prior orders, Tetra Tech dressed up the motion as one to "dismiss for lack of subject matter jurisdiction" and "in the alternative" for summary judgment. A Rule 12 motion to dismiss, after all, is different from a Rule 56 motion for summary judgment.

Tetra Tech's tactic is as transparent as it is baseless. Substance matters, not labels, and Tetra Tech cannot evade court orders by the styling of its motions. As discussed below and in the concurrently-filed Opposition, Tetra Tech's PAA argument is decidedly not jurisdictional. The Ninth Circuit rejected the precise argument in *In re Hanford Nuclear Rsrv. Litig.*, 534 F.3d 986, 1009 (9th Cir. 2008). The only reason Tetra Tech is *now* claiming this Court has *lacked jurisdiction for six years* is an attempt to sidestep the Court's summary judgment order, the Scheduling Order, and Tetra Tech's own forfeiture and waiver.

The entire motion violates the Court's orders and should be stricken.

## ARGUMENT

### I. TETRA TECH'S "ALTERNATIVE" SUMMARY JUDGMENT MOTION SHOULD BE STRICKEN IN VIOLATION OF TWO COURT ORDERS AND DUE TO FORFEITURE.

#### a. Tetra Tech's Motion Defies the Court's One Summary Judgment Order.

Tetra Tech's Motion is its *third* attempt at summary judgment. Tetra Tech first moved for summary judgment in February 2024 by filing a "partial summary judgment" motion, arguing Developers' claims were time-barred. *Five Point*, Dkt. 154; *Lennar*, Dkt. 221. On March 29, 2024, the Court administratively terminated that motion (along with others), and admonished the parties for "bur[ying] the Court in a thicket of voluminous dispositive motions" (*Five Point*, Dkt. 156; *Lennar*, Dkt. 223), notifying the parties that it "typically does not accept more than one Rule 56 motion from any party or party group." *Id.* The Court then ordered each "side"[2] to file just

[2] "Side" is used colloquially to refer to the party groupings (Plaintiffs and Defendants) and is used by the Court in Developers' related cases. *See, e.g.*, *Five Point*, Dkt. 104.

"one summary judgment motion." *Five Point*, Dkt. 170; *Lennar*, Dkt. 233. The Court reiterated explicitly that the parties "get one per side per case. That's it. One per side per case." *Five Point*, Dkt. 179 at 8; *Lennar*, Dkt. 240 at 8.

In March 2025, Tetra Tech again moved for summary judgment, this time joining with the United States. Defendants raised the statute of limitations, nonviable damages, and the economic-loss rule, but did not raise any PAA arguments. *Five Point*, Dkt. 252; *Lennar*, Dkt. 299. Tetra Tech filed separate, "supplemental" briefs raising issues it represented were relevant only to Tetra Tech, arguing Developers could not prove reliance or intentional interference and that the economic-loss rule barred their negligence claims. *Five Point*, Dkt. 252-1; *Lennar*, Dkt. 299-1. The Court denied those motions on July 10, 2025. *Five Point*, Dkt. 313; *Lennar*, Dkt. 368. The PAA argument they now make was not even hinted at.

Despite the Court's clear "one-motion" limitation, Tetra Tech has now filed *another* summary judgment motion, without seeking leave of court or establishing the cause necessary to modify the Court's order. *Five Point*, Dkt. 368; *Lennar*, Dkt. 418. Tetra Tech's motion did not acknowledge the one-motion limitation, nor does it even try to establish good cause for filing a successive summary judgment motion.

No cause exists here. Tetra Tech filed two prior summary judgment motions against the Developers, raising five separate issues, not one of which related to the PAA. Tetra Tech raised the PAA by way of summary judgment in the related *Pennington* and *Bayview* cases nearly a year ago, after the dispositive-motion deadline in Developers' cases. No. 18-cv-05330 ("*Pennington*"), Dkt. 396; No. 19-cv-01417 ("*Bayview*"), Dkt. 345. Tetra Tech waited until the Court granted its motion in *Pennington* before raising the PAA in Developers' cases for the first time. Tetra Tech does not explain, or even try to explain, why it did not plead PAA defenses, raise these arguments earlier, or bring it up in its first or second summary judgment motion.

Courts may strike motions that violate court orders, particularly where a Court has expressly limited parties to filing one dispositive motion. *See In re Capacitors Antitrust Litig.*, Master File No. 14-cv-03264-JD, 2017 WL 897340, at *2 (N.D. Cal. Mar. 7, 2017) (J. Donato)

(striking argument raised for the first time on reply in violation of the Court's standing order against "sandbagging."); *Nguyen v. United Airlines, Inc.*, Case No. 23-cv-03220-NW, 2025 WL 4110873, at *1 (N.D. Cal. July 18, 2025) (denying motion for leave to file a second summary judgment motion where the Court's standing order limited each party to filing one motion for summary judgment); *Singer v. Duro*, No. CV–08–1304–PHX–DGC, 2009 WL 2870085, at *1 (D. Ariz. Sept. 2, 2009) (denying second motion for summary judgment without consideration where the case management order limited each party to filing only one motion for summary judgment). Further, Courts routinely deny successive motions based on arguments that could have been made earlier. *See Peasley v. Spearman*, Case No. 15-CV-01769-LHK, 2017 WL 5451709, at *3 (N.D. Cal. Nov. 14, 2017) (denying successive motion for summary judgment filed without seeking leave of court or demonstrating good cause); *Safeco Ins. Co. of Am. v. Betenbaugh*, No. 2:21-cv-01761-TLN-CKD, 2025 WL 253877, at *3 (E.D. Cal. Jan. 21, 2025) (rejecting motion for leave to file a second motion for summary judgment where moving party "fail[ed] to adequately raise the issue in its original motion for summary judgment — especially considering that [the moving party] has made no effort to explain its failure to do so.").

Tetra Tech cannot evade the Court's orders by styling its paper as a "Motion to Dismiss for Lack of Subject Matter Jurisdiction," when it really seeks adjudication on the merits. The parties do not dispute that the Court must assure itself that it has jurisdiction (which it most certainly does). Fed. R. Civ. P. 12(h)(3). But that does not give Tetra Tech license to file an otherwise-barred summary judgment motion in disguise, that illegitimately challenges the Court's jurisdiction, without first seeking leave. *See* Opposition to Motion at § IV(A)(3) ("Tetra Tech's PAA Preemption Argument Is Not Jurisdictional."); *Johnson v. Armored Transp. of California, Inc.*, 813 F.2d 1041, 1044 (9th Cir. 1987) (finding preemption argument non-jurisdictional, and therefore waived, where "it would not force [plaintiff] to bring this action in a different forum" and "could thus affect only the choice-of-law"). Tetra Tech's Motion expressly seeks Rule 56 relief. Mot. at 12. It cannot tack a summary judgment motion onto what purports to be a motion

to dismiss for lack of jurisdiction and escape the Court's order limiting each side to one summary judgment motion.

Tetra Tech's failure to raise a PAA defense in its earlier motion, only to raise it now after obtaining a favorable ruling in *Pennington*, is tactical gamesmanship that the one-motion limitation prevents.

**b. Tetra Tech's Motion Defies the Court's April 2025 Deadline to File Dispositive Motions.**

This Court set April 10, 2025 as the dispositive-motion deadline. *Five Point*, Dkt. 170; *Lennar*, Dkt. 233.[3] Tetra Tech filed the Motion on August 20, 2026—more than *sixteen months* after that deadline expired—without moving to amend the Court's scheduling order. This alone warrants striking the Motion.

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Rather, a party seeking to file a successive summary judgment motion after the expiration of a dispositive-motion deadline must first obtain modification of the scheduling order under Rule 16(b)(4) by showing good cause. *See id.* (motion to amend scheduling order requires showing of good cause); *Pattison v. Sandoval*, Case No. 3:20-cv-00287-MMD-CSD, 2023 WL 2474344, at *7 (D. Nev. Mar. 10, 2023) (Fed. R. Civ. P. 16(b)(4)'s "good cause" standard for modifying a scheduling order applied where the defendant sought leave to file an additional summary judgment motion after the dispositive-motions deadline expired).

"Courts in the Ninth Circuit routinely decline to adjudicate the merits of an untimely motion for summary judgment absent a showing of good cause." *Garces v. Gamboa*, Case No. 1:21-cv-00392-JLT-EPG (PC), 2024 WL 1886620, at *2 (E.D. Cal. Apr. 30, 2024) (striking untimely motion for summary judgment filed without a request to modify the dispositive-motions deadline); *see also Safeco Ins. Co. of Am.*, 2025 WL 253877 at *2 (denying motion for leave to file a second summary judgment motion where "the dispositive motion deadline… has long

[3] In August 2024, Tetra Tech requested an extension of this deadline (*Five Point*, Dkt. 187; *Lennar*, Dkt. 251), which the Court denied. *Five Point*, Dkt. 198; *Lennar*, Dkt. 264.

passed."); *Rambus Inc. v. Hynix Semiconductor Inc.*, 628 F. Supp. 2d 1114, 1121 (N.D. Cal. 2008) (granting motion to strike untimely successive motion for summary judgment, as defendants' "failure to make their arguments … in a diligent and timely manner dooms their implied effort to seek relief from the case management order's deadline.").

The Ninth Circuit has recognized the "potential for abuse of the procedure" resulting from successive summary judgment motions and reiterated "that district courts retain discretion to 'weed out frivolous or simply repetitive motions.'" *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (quoting *Knox v. Sw. Airlines*, 124 F.3d 1103, 1106 (9th Cir. 1997). Consequently, the good-cause inquiry focuses primarily on the movant's diligence. *See Johnson*, 975 F.2d at 609. Carelessness, inadvertence, or unexplained delay is incompatible with good cause. *Id.*; *see also H.I.S.C., Inc. v. Franmar Int'l Imps., Ltd.*, Case No. 3:16-cv-00470-BEN-WVG, 2018 WL 8648382, at *1 (S.D. Cal. Nov. 5, 2018) (noting that "[c]arelessness is not compatible with a finding of diligence" and recognizing that giving a party who had already filed and lost a motion for summary judgment "a second bite at the apple at this late stage would…be unfair."). If the party seeking modification of the scheduling order was not diligent, "the inquiry should end." *Johnson*, 975 F.2d at 609.

Tetra Tech did not seek leave to file a dispositive motion after the deadline. Tetra Tech did not move to modify the scheduling order. Tetra Tech did not establish, or even try to establish, good cause. Tetra Tech did not even acknowledge the scheduling order. The Rule 16 showing is a threshold matter that Tetra Tech has not even attempted to address. Its failure to abide by the Court's schedule provides an independent basis to strike the Motion.

**c. Tetra Tech's Lack of Diligence Is Manifest.**

Even if the Court excuses Tetra Tech's failure to seek leave to file its belated, successive Motion, the absence of diligence is not a close call. In assessing good cause for a successive summary judgment motion, courts in this Circuit consider whether there has been "(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; <u>and</u> (3) the need to correct a clear error or prevent manifest injustice." *Edwards*

*Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, Case No. 19-cv-06593-HSG, 2021 WL 4281336, at *1 (N.D. Cal. Sept. 21, 2021) (emphasis added). Tetra Tech identifies none of these circumstances and offers no evidence demonstrating diligence.

There has been no change in controlling law justifying Tetra Tech's delay. The PAA has existed since the 1950s. The purported factual predicate for Tetra Tech's argument regarding the PAA's applicability—that Developers' claims arise from misconduct during an environmental cleanup of radionuclide contamination—has been apparent since the Developers filed their complaints in 2020. Tetra Tech moved for summary judgment on the PAA in the *Pennington* and *Bayview* cases in September 2025, demonstrating that the legal theory was available to it well before the Motion was filed in these cases, though not asserted by Tetra Tech as a defense in either of its Answers in these cases and still too late. *Pennington*, Dkt. 396; *Bayview*, Dkt. 345. Tetra Tech never raised the PAA in its Answers, any prior motion in Developers' cases, or in initial disclosures, fact discovery, or expert reports.

Nor has Tetra Tech presented any new evidence or an expanded factual record that would justify its tardiness. Courts within this Circuit have declined successive summary judgment motions on precisely that ground. *See Armentero v. Willis*, No. CIV S–08–2790 GGH P, 2013 WL 144253, at *2 (E.D. Cal. Jan. 11, 2013) (declining to hear second summary judgment motion where the "'expanded factual record'…does not include any evidence that could not have been obtained and included in defendant's first motion for summary judgment"). In *Safeco Ins. Co. of Am.*, the court denied a party's request to file a second motion for summary judgment to "raise new legal issues" that were not briefed in its prior motion. 2025 WL 253877, at *2. Finding no late-discovered evidence that might have justified the party's failure to raise the issue in its original motion for summary judgment, the court denied the request for leave. *Id.* at *3. Tetra Tech's position is even more egregious—having already litigated summary judgment without ever raising the PAA; it is not entitled to a *third* bite at the apple on a legal theory it could have raised years ago.

Nor is Tetra Tech's Motion necessary to correct a clear error or prevent manifest injustice. Tetra Tech was aware of the Court's one-motion limitation and dispositive-motions deadline when it filed its second summary judgment motion in March 2025. It raised numerous issues in that motion but did not mention the PAA. Nor did it plead PAA preemption as an affirmative defense. Nor is this a jurisdictional issue. Allowing a successive summary judgment motion now would not prevent injustice—it would instead prejudice Developers. *See H.I.S.C., Inc.*, 2018 WL 8648382 at *1 (recognizing that giving a party who had already filed and lost a motion for summary judgment "a second bite at the apple at this late stage would…be unfair."); *NetFuel, Inc. v. Cisco Sys. Inc.*, Case No. 5:18-cv-02352-EJD, 2020 WL 510219, at *2 (N.D. Cal. Jan. 31, 2020) (holding that allowing a defendant to file a second summary judgment motion would unfairly prejudice plaintiff where plaintiff had "already expended considerable resources defending against the [first] MSJ" as "[i]t would not be fair to force [plaintiff] to go through that process a second time.").

There are only two possible explanations for Tetra Tech's delay: either it knew about the PAA defense and tactically chose not to raise it until the theory met with success in *Pennington*, or it was unaware of the PAA defense and only discovered it while preparing its motions in the *Pennington* and *Bayview* cases. Neither explanation constitutes good cause. *See Burke v. Liberty Mut. Pers. Ins. Co.*, No. CV-23-02620-PHX-SPL, 2025 WL 2497985, at *3 (D. Ariz. July 25, 2025) (denying motion for leave to file renewed summary judgment motion, noting that a defendant's "strategic decision" regarding prior motion "does not justify a second bite at the apple now."); *Fujifilm Corp. v. Motorola Mobility LLC*, Case No. 12–cv–03587–WHO, 2015 WL 1265009, at *6 (N.D. Cal. Mar. 19, 2015) (noting absence of "any authority requiring a district court to entertain a second summary judgment motion where the motion is based on previously available evidence.").

## II. TETRA TECH'S "SUBJECT MATTER JURISDICTION" MOTION SHOULD BE STRICKEN BECAUSE THE NINTH CIRCUIT REJECTED THE ARGUMENT; TETRA TECH LABELED IT AS JURISDICTIONAL TO AVOID THE COURT'S ORDERS.

There is no credible argument that the Court lacks subject matter jurisdiction. Developers filed their complaints and invoked the power of this Court under federal enclave jurisdiction. *Five Point*, Dkt. 1 at ¶ 13; *Lennar*, Dkt. 118 at ¶ 20. Tetra Tech did not seek to remand, did not invoke the PAA, and never argued that the PAA somehow dispossessed the Court of jurisdiction because Developers (allegedly) did not "plead" the right kind of injury. The Court has the power to adjudicate this case under federal enclave jurisdiction irrespective of the PAA.

Further, the PAA is a jurisdiction-conferring statute. Congress authorized original, concurrent jurisdiction to federal courts for cases within the ambit of the statute. 42 U.S.C. § 2210(n)(2) ("With respect to any public liability action arising out of or resulting from a nuclear incident, the United States district court in the district where the nuclear incident takes place… ***shall have original jurisdiction***… ***Upon motion of the defendant*** or of the Commission or the Secretary…any such action pending in any State court…shall be removed or transferred to the United States district court having venue under this subsection.") (emphasis added). Nowhere did Congress deprive federal courts of jurisdiction over such lawsuits.

Indeed, the Ninth Circuit rejected Tetra Tech's argument in *In re Hanford*, where a party likewise argued the Court lacked jurisdiction. 534 F.3d at 1009. In *Hanford*, the Court considered claims brought pursuant to the PAA by more than 2,000 residents alleging that radioiodine emissions from the Hanford plutonium-production facility caused cancers and other serious diseases. *Id.* at 995. Several asymptomatic plaintiffs pursued medical-monitoring claims that were stayed pending the Ninth Circuit's decision in *In re Berg Litig.*, 293 F.3d 1127, 1131 (9th Cir. 2002). *Id.* at 1009. After *Berg* held that medical-monitoring claims without physical injury were not compensable under the PAA, the plaintiffs invoked that decision in seeking remand to state court, arguing that physical injury was a jurisdictional prerequisite and that its

absence deprived the federal court of subject matter jurisdiction, which is exactly what Tetra Tech argues here. Mot. at 11 ("Because Developers bring PAA claims but do not assert any injury meeting the PAA's 'jurisdictional prerequisite' of 'physical harms to persons or property,' the PAA bars Developers' claims. *In re Berg*, 293 F.3d at 1131. Therefore, this Court lacks subject matter jurisdiction over the Developers' cases."). The Ninth Circuit rejected the argument:

> "Although in *Berg* we referred to bodily injury as a jurisdictional prerequisite, … ***we used the term "jurisdictional" in the loose sense, perhaps too loose, to mean that medical monitoring claims were not compensable under the PAA absent physical injury***. We have been guilty of such expansive use of the term before. *See Khalsa v. Weinberger*, 779 F.2d 1393, 1396 n. 2 (9th Cir. 1985) ("... jurisdiction has many possible meanings, ranging from subject matter jurisdiction to the power to grant the relief requested ..."). ***The district court in this case clearly had subject matter jurisdiction under the PAA to decide the issue;*** the district court simply did not have the power to grant the relief requested because the plaintiffs have not suffered any physical injury." *In re Hanford*, 534 F.3d at 1009 (emphasis added).

Tetra Tech's PAA preemption argument (regardless of its lack of merit, *see* Opposition to Motion at §§ IV(B)-(D)) therefore "would not force [plaintiffs] to bring this action in a different forum," and concerns only the choice-of-law applied. *Johnson*, 813 F.2d at 1044.

This is a non-jurisdictional defense that can be—and was—waived when Tetra Tech failed to plead it in its answer or raise it twice before at summary judgment. *See Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1497 (9th Cir. 1986) ("[T]he existence of a federal preemption *defense* does not generally affect jurisdiction."); *Cook v. Rockwell International Corp.*, 790 F.3d 1088, 1092–93 (10th Cir. 2015) (non-jurisdictional PAA preemption defense waived when not timely raised). As the Court is aware, Tetra Tech did not argue that the PAA deprived the Court of jurisdiction in *Pennington*. *Pennington*, Dkt. 396. Now pretending that a clear choice-of-law argument is "subject matter jurisdiction," when the Ninth Circuit has expressly disclaimed this position, is a transparent effort to circumvent the Court's orders, sidestep patent forfeiture, and in the end, avoid a San Francisco jury receiving evidence about a systematic, widespread environmental fraud and cover-up.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike Tetra Tech's Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, Motion for Summary Judgment.

Respectfully submitted,

Dated: September 3, 2026

**O'MELVENY & MYERS LLP**

By: /s/ ______________________
David Marrroso

DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DAVID MARROSO (S.B. #211655)
dmarroso@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

*Attorneys for Plaintiffs CPHP DEVELOPMENT, LLC; HPS DEVELOPMENT CO., LP; HPS1 BLOCK 50, LLC; HPS1 BLOCK 51, LLC; HPS1 BLOCK 53, LLC; HPS1 BLOCK 54, LLC; HPS1 BLOCK 55, LLC; HPS1 BLOCK 56/57, LLC, LENNAR CORPORATION; FIVE POINT HOLDINGS, LLC; and CP DEVELOPMENT CO., LLC*

Dated: September 3, 2026

**ALSTON & BIRD LLP**

By: /s/ *Jeffrey D. Dintzer*

JEFFREY D. DINTZER
jeffrey.dintzer@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: 213-576-1000

Facsimile: 213-576-1100

*Attorney for Plaintiffs CPHP DEVELOPMENT, LLC; HPS DEVELOPMENT CO., LP; HPS1 BLOCK 50, LLC; HPS1 BLOCK 51, LLC; HPS1 BLOCK 53, LLC; HPS1 BLOCK 54, LLC; HPS1 BLOCK 55, LLC; HPS1 BLOCK 56/57, LLC, LENNAR CORPORATION; FIVE POINT HOLDINGS, LLC; and CP DEVELOPMENT CO., LLC*

**Civil Local Rule 5-1(i)(3) Attestation**

Pursuant to Local Rule 5-1(i)(3), I, David Marroso, the ECF filer of this document, hereby attest that I obtained concurrence in the filing of this document from each of the other signatories.

Date: September 3, 2026

By: /s/ [signature]

David Marroso