DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DAVID MARROSO (S.B. #211655)
dmarroso@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

GEOFFREY H. YOST (S.B. #159687)
gyost@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984 8701

JEFFREY D. DINTZER (S.B. #139056)
jeffrey.dintzer@alston.com
**ALSTON & BIRD LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, California 90071
Telephone: +1 213 576 1000
Facsimile: +1 213 576 1100

*Attorneys for Plaintiffs CPHP DEVELOPMENT, LLC; HPS DEVELOPMENT CO., LP; HPS1 BLOCK 50, LLC; HPS1 BLOCK 51, LLC; HPS1 BLOCK 53, LLC; HPS1 BLOCK 54, LLC; HPS1 BLOCK 55, LLC; HPS1 BLOCK 56/57, LLC; LENNAR CORPORATION; FIVE POINT HOLDINGS, LLC; and CP DEVELOPMENT CO., LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CPHP DEVELOPMENT, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TETRA TECH, INC., et al.,<br><br>Defendants. | Case No. 3:20-cv-01485-JD<br><br>**DEVELOPER PLAINTIFFS' ADMINISTRATIVE MOTION TO EXPEDITE HEARING ON MOTION TO STRIKE** |

FIVE POINT HOLDINGS, LLC, et al.,

Plaintiffs,

v.

TETRA TECH, INC., et al.,

Defendants.

Case No. 3:20-cv-01481-JD

## INTRODUCTION

Pursuant to Civil Local Rules 6-3 and 7-11, Developers seek an expedited hearing on Developers' concurrently-filed Motion to Strike (No. 20-cv-01485 ("*Lennar*"), Dkt. 420; No. 20-cv-01481 ("*Five Point*"), Dkt. 370), so it can be heard at the same time as Tetra Tech's Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, Motion for Summary Judgment (the "MSJ," *Lennar*, Dkt. 418; *Five Point*, Dkt. 368).[1]

The Court and the parties would benefit from having these motions heard at the same time because: (i) the issues presented by the MSJ are intertwined with the issues presented by the Motion to Strike; (ii) resolution of the Motion to Strike in Developers' favor would obviate any need for the Court to reach the merits of the MSJ; and (iii) given the overlapping and intertwined issues between the MSJ and the Motion to Strike, Developers will be unfairly prejudiced if the Court does not consider the procedural deficiencies in Tetra Tech's MSJ before considering ruling on its merits.

Thus, Developers request to have the Motion to Strike heard concurrently with the hearing on the MSJ on September 24, 2026, at 11:00 a.m.[2] Alternatively, Developers request that the Court continue the hearing on the MSJ to October 8, 2026, at 11:00 a.m., or a later date convenient to the Court, so that the Motion to Strike can be heard in regular time and with the MSJ.

## LEGAL STANDARD

Under Local Rule 6-3(a), parties may request an expedited hearing by: (1) setting forth with particularity the reasons for the request to change time; (2) describing the efforts made to obtain a stipulation to the time change; (3) identifying the harm or prejudice that would occur if the Court does not change the time; (4) describing the nature of the underlying dispute that would be addressed in the motion and briefly summarizing the position each party has taken; (5)

---

[1] This motion is accompanied by the Declaration of Geoffrey H. Yost in Support of the Administrative Motion to Expedite and a proposed order.

[2] Civil Local Rule 6-1(b) requires that a motion affecting a scheduled Court-calendar event be filed no later than 14 days before that event. This motion is filed 21 days before the September 24, 2026 hearing date, satisfying that requirement.

disclosing all previous time modifications in the case, whether by stipulation or order; and (6) describing the effect the requested time modification would have on the schedule for the case.

## ARGUMENT

Developers make the necessary showing under Local Rule 6-3(a), and therefore expediting the hearing on the Motion to Strike, or continuing the hearing on the MSJ, are warranted.

### I. SUMMARY OF THE UNDERLYING DISPUTE (6-3(a)(4)(ii))

On August 20, 2026, Tetra Tech filed its MSJ and noticed it for hearing on September 24, 2026, at 11:00 a.m. The MSJ argues that the Price-Anderson Act ("PAA") deprives this Court of subject matter jurisdiction, or, in the alternative, warrants summary judgment in Tetra Tech's favor. On September 3, 2026, Developers filed both an Opposition to the MSJ (*Lennar*, Dkt. 421; *Five Point*, Dkt. 371) and a Motion to Strike the MSJ (*Lennar*, Dkt. 420; *Five Point*, Dkt. 370).

Tetra Tech's MSJ fails on the merits, as explained in Developers' opposition brief. In addition, Developers ask the Court to strike Tetra Tech's MSJ on two grounds: (1) the MSJ violates the Court's May 17, 2024 order limiting each side to one summary judgment motion (*Lennar*, Dkt. 233; *Five Point*, Dkt. 170), and (2) the MSJ violates the Court's May 17, 2024 order setting a dispositive-motion deadline of April 10, 2025. *Id.* Tetra Tech's belated PAA arguments in its MSJ are decidedly not jurisdictional under Ninth Circuit precedent, and therefore its motion is one for summary judgment, subject to the ordinary rules of waiver.

Tetra Tech does not believe a separate Motion to Strike on procedural grounds is "appropriate" and opposes this administrative motion. Decl. of G. Yost at ¶ 4.

### II. EXPEDITING HEARING ON THE MOTION TO STRIKE WILL PROMOTE EFFICIENCY AND PREVENT PREJUDICE (6-3(a)(1), (3))

The Motion to Strike addresses the MSJ and the motions should be heard together. The MSJ and Developers' opposition to it debate whether Tetra Tech's motion is jurisdictional in the first place, whether Developers' claims are even subject to the PAA, whether Tetra Tech failed to demonstrate the conflict with state law required for PAA preemption to apply, and whether

Developers' claims satisfy the PAA (if it applies). Developers' Motion to Strike argues the threshold issue of whether the MSJ is procedurally improper that should be considered before addressing the MSJ—whether the MSJ should be stricken because its filing violates two of this Court's orders.

Under Civil Local Rule 7-2(a) and the Court's Standing Order for Civil Cases ¶ 11, the earliest available hearing date for the Motion to Strike would be no earlier than October 8, 2026—two weeks *after* Tetra Tech set the hearing for the MSJ. This delay would prejudice Developers and leave the Court to hear the merits of the MSJ before considering the MSJ's procedural deficiencies. If the Court heard argument on the merits of the MSJ without first resolving the threshold procedural question of whether the motion is properly before the Court (as addressed in the Motion to Strike), both the Court and the parties would be forced to expend time and resources on a motion that should be stricken. Put simply, if the Court grants the Motion to Strike, the hearing on the MSJ will be rendered moot. Hearing the Motion to Strike before or concurrently with the hearing on the MSJ therefore promotes judicial economy.

## III. TETRA TECH DECLINED TO JOIN DEVELOPERS' REQUEST TO HAVE THE MOTIONS HEARD TOGETHER (6-3(a)(2))

On August 31, 2026, counsel for Developers contacted counsel for Tetra Tech, requesting that the parties stipulate to a shortened briefing schedule and expedited hearing on the Motion to Strike. Decl. of G. Yost at ¶ 3. On September 1, 2026, counsel for Tetra Tech declined to stipulate to the request. *Id.* at ¶ 4.

## IV. THIS REQUEST WOULD HAVE NO IMPACT ON THE OVERALL CASE SCHEDULE AND IS CONSISTENT WITH PRIOR MODIFICATIONS AND THE COURT'S OMNIBUS HEARING PRACTICE (6-3(a)(5), (6))

An expedited hearing on the Motion to Strike would have no impact on the January 11, 2027 trial date in these cases. Rather, ensuring both the Motion to Strike and the MSJ are heard simultaneously would prevent the delay and inefficiencies that would arise if the Court heard and decided these related motions separately and in reverse-logical order.

These related cases have a history of stipulated adjustments to dispositive-motion schedules. In March 2025, the parties jointly requested, and the Court granted, schedule modifications for Tetra Tech's and the United States' summary-judgment motions. (*Lennar*, Dkt. 301, 302; *Five Point*, Dkt. 256, 258). The Court has previously consolidated overlapping motions into an omnibus hearing. In May 2025, it vacated separate hearings and set an omnibus hearing to address Defendants' multiple dispositive motions (*Lennar*, Dkt. 359, 362; *Five Point*, Dkt. 308, 309). Consideration of these motions together, therefore, would be consistent with this Court's practice.

Developers seek to have the Motion to Strike and MSJ heard together, without accelerating the merits briefing on the MSJ or altering any other case deadlines or the trial date. Developers propose the following schedule for briefing and hearing on Plaintiffs' Motion to Strike:

a. Tetra Tech's Opposition to Motion to Strike: September 14, 2026.

b. Developers' Reply: September 21, 2026.

c. Hearing on Developers' Motion to Strike (No. 20-cv-01485, Dkt. 420; No. 20-cv-01481, Dkt. 370) and Tetra Tech's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, for Summary Judgment (No. 20-cv-01485, Dkt. 418; No. 20-cv-01481, Dkt. 368): September 24, 2026, at 11:00 a.m.

Dated: September 3, 2026

**O'MELVENY & MYERS LLP**

By: /s/ ______________________
David Marroso

DANIEL M. PETROCELLI
DAVID MARROSO
GEOFFREY H. YOST

*Attorneys for Plaintiffs CPHP DEVELOPMENT, LLC; HPS DEVELOPMENT CO., LP; HPS1 BLOCK 50, LLC; HPS1 BLOCK 51, LLC; HPS1*

*BLOCK 53, LLC; HPS1 BLOCK 54, LLC; HPS1 BLOCK 55, LLC; HPS1 BLOCK 56/57, LLC, LENNAR CORPORATION; FIVE POINT HOLDINGS, LLC; and CP DEVELOPMENT CO., LLC*

Dated: September 3, 2026

**ALSTON & BIRD LLP**

By: /s/ *Jeffrey D. Dintzer*

JEFFREY D. DINTZER

*Attorney for Plaintiffs CPHP DEVELOPMENT, LLC; HPS DEVELOPMENT CO., LP; HPS1 BLOCK 50, LLC; HPS1 BLOCK 51, LLC; HPS1 BLOCK 53, LLC; HPS1 BLOCK 54, LLC; HPS1 BLOCK 55, LLC; HPS1 BLOCK 56/57, LLC, LENNAR CORPORATION; FIVE POINT HOLDINGS, LLC; and CP DEVELOPMENT CO., LLC*

**Civil Local Rule 5-1(i)(3) Attestation**

Pursuant to Local Rule 5-1(i)(3), I, David Marroso, the ECF filer of this document, hereby attest that I obtained concurrence in the filing of this document from each of the other signatories.

By: */s/* 

David Marroso