MAYER BROWN LLP
DAVINA PUJARI, SBN 183407
CHRISTOPHER A. RHEINHEIMER, SBN 253890
101 2nd Street, 17th Floor
San Francisco, CA 94105
Telephone: (415) 874-4230
Facsimile: (650) 331-2060
dpujari@mayerbrown.com
crheinheimer@mayerbrown.com

*Attorneys for Defendants Tetra Tech, Inc. and Tetra Tech EC, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FIVE POINT HOLDINGS, LLC and CP DEVELOPMENT CO., LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>TETRA TECH, INC.; TETRA TECH EC, INC.; and ROES 1-100 Inclusive,<br><br>Defendants. | Case No. 3:20-cv-01481-JD<br><br>**DEFENDANTS TETRA TECH, INC. AND TETRA TECH EC, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**<br><br>Date: September 24, 2026<br>Time: 11:00 a.m.<br>Courtroom: 11<br>Judge: Hon. James A. Donato |
| CPHP DEVELOPMENT, LP, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>TETRA TECH EC, INC., et al.,<br><br>Defendants. | Case No. 3:20-cv-01485-JD |

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. Tetra Tech Did Not Waive Or Forfeit Its PAA Defense ..... 2

1. The PAA Defense Is Jurisdictional And Was Not Waived Regardless ..... 2

2. Tetra Tech Has Not Otherwise Forfeited The PAA Defense ..... 4

B. Developers' Claims Are Subject To The PAA ..... 5

1. Developers' Claims Arise From A "Nuclear Incident" ..... 5

2. The "Act Of War" Exception Does Not Apply ..... 7

3. Tetra Tech's Licenses Are Irrelevant ..... 8

C. Developers Do Not Assert A Compensable Injury Under The PAA ..... 8

1. Only Physical Harm Is Compensable Under The PAA ..... 9

2. Developers' Claimed Loss Of Use Is Not Based On Physical Harm ..... 9

III. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acuna v. Brown & Root Inc.*,
200 F.3d 335 (5th Cir. 2000) ........ 8

*In re Apple iPhone Antitrust Litig.*,
846 F.3d 313 (9th Cir. 2017) ........ 3

*Arbaugh v. Y&H Corp.*,
546 U.S. 500 (2006) ........ 3

*In re Berg Litig.*,
293 F.3d 1127 (9th Cir. 2002) ........ 2, 8, 9

*Cook v. Rockwell Int'l Corp.*,
618 F.3d 1127 (10th Cir. 2010) ........ 9, 10

*Cook v. Rockwell Int'l Corp.*,
790 F.3d 1088 (10th Cir. 2015) ........ 3

*In re Cotter Corp. (N.S.L.)*,
22 F.4th 788 (8th Cir. 2022) ........ 8

*Dumontier v. Schlumberger Tech. Corp.*,
543 F.3d 567 (9th Cir. 2008) ........ 6, 7, 9

*Est. of Ware v. Hosp. of the Univ. of Pa.*,
871 F.3d 273 (3d Cir. 2017) ........ 8

*Garcia v. Salvation Army*,
918 F.3d 997 (9th Cir. 2019) ........ 4

*Golden v. CH2M Hill Hanford Group, Inc.*,
528 F.3d 681 (9th Cir. 2008) ........ 7

*Gonzales v. Thaler*,
565 U.S. 134 (2012) ........ 2

*In re Hanford Nuclear Rsvr. Litig.*,
534 F.3d 986 (9th Cir. 2008) ........ 3, 6, 9

*Johnson v. Armored Transp. of Cal., Inc.*,
813 F.2d 1041 (9th Cir. 1987) ........ 3

*Matthews v. Centrus Energy Corp.*,
15 F.4th 714 (6th Cir. 2021) ........ 6

*N. Cnty. Commc'ns Corp. v. Cal. Catalog & Tech.*,
594 F.3d 1149 (9th Cir. 2010) ..... 3

*New Hampshire v. Maine*,
532 U.S. 742 (2001) ..... 4

*Owens v. Kaiser Found. Health Plan, Inc.*,
244 F.3d 708 (9th Cir. 2001) ..... 3

*Public Watchdogs v. S. Cal. Edison Co.*,
2019 WL 6497886 (S.D. Cal. Dec. 3, 2019) ..... 9

*U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*,
508 U.S. 439 (1993) ..... 5

*Williams v. United Airlines, Inc.*,
500 F.3d 1019 (9th Cir. 2007) ..... 3

**Statutes**

42 U.S.C. § 2014(e)(1) ..... 5

42 U.S.C. § 2014(q) ..... 1, 5, 8, 9

42 U.S.C. § 2014(w) ..... 5, 7, 8

42 U.S.C. § 2014(z) ..... 5

42 U.S.C. § 2014(aa) ..... 5

42 U.S.C. § 2014(ii) ..... 1, 5, 8

42 U.S.C. § 2210 ..... 8

**Rules**

Fed. R. Civ. P 12(c) ..... 4

Fed. R. Civ. P. 12(h)(2) ..... 3

Fed. R. Civ. P. 12(h)(3) ..... 2

Fed. R. Civ. P. 56 ..... 4

## I. INTRODUCTION

The Price-Anderson Act ("PAA") comprehensively governs claims arising from radiological contamination and limits the liabilities of businesses participating in nuclear applications. This Court made that clear in this litigation in the related *Pennington* case when it entered judgment for defendants Tetra Tech EC, Inc. ("TtEC") and Tetra Tech, Inc. (collectively with TtEC, "Tetra Tech") on homeowners' claims for physical injuries and property damage from TtEC's allegedly inadequate remediation of radiological contamination at the Hunters Point Naval Shipyard ("HPNS"). The PAA bars claims arising from radiological contamination if the plaintiffs fail to plead or prove physical injuries to persons or properties. *See* Order re Summ. J. 6, No. 18-cv-5330, Dkt. No. 413 ("*Pennington* Order") (citing 42 U.S.C. §§ 2014(q), (ii)).

The *Five Point* and *Lennar* plaintiffs ("Five Point" and "Lennar" respectively, and together, "Developers") cannot save their claims from preemption under the PAA. They certainly cannot do so consistent with the Court's order barring the *Pennington* homeowners' claims. Developers seek to recover from Tetra Tech for claimed injuries arising from the same operative facts alleged by the *Pennington* plaintiffs—radiological contamination at HPNS and the purported failure to remediate that contamination—yet Developers cannot even plead any of the physical property damages that the homeowners pleaded but ultimately failed to prove. Instead, Developers seek purely economic losses from development delays. There is no way to rationalize allowing their lawsuits to proceed when the homeowners' lawsuits have been precluded.

Developers oppose PAA preemption, but their arguments do not square with the law or the undisputed facts. First, Developers argue that Tetra Tech waived its objections under the PAA. But the Court's lack of jurisdiction under the PAA cannot be waived, and Developers' lack of a viable right of action under the PAA is not waived when, as here, it is raised before the close of trial. Second, Developers argue that the PAA does not govern their claims because they seek to recover for injuries from Tetra Tech's alleged misconduct rather than from radiological contamination. But Developers allege a clear causal connection between their claims and the radiological contamination that Tetra Tech supposedly failed to remediate, placing their claims fully within the PAA's scope. Third, Developers argue that they allege a loss of use of property

for which the PAA allows them to recover. But the PAA limits recovery to injuries resulting from some *physical* injury to persons or property, and Developers' own statements show that they cannot assert any physical property damage that has resulted in a loss of use of property.

Developers' claims of prejudice are meritless. Although they recite a litany of additional discovery they supposedly would have pursued if Tetra Tech had raised the PAA earlier, they had years of boundless discovery encompassing radiological contamination at HPNS and Tetra Tech's role there. They have taken all the discovery they could reasonably want or need many times over. There nonetheless remains no material factual dispute that the PAA bars their claims.

The Court undeniably has the authority to address Tetra Tech's PAA arguments now, which would be dispositive of Developers' claims and render a trial unnecessary. There is no reason to wait to address them until Tetra Tech raises them during trial and post-trial briefing. Federal law bars Developers' claims. The Court should dismiss or enter judgment for Tetra Tech.

## II. ARGUMENT

### A. Tetra Tech Did Not Waive Or Forfeit Its PAA Defense

To begin with, Tetra Tech has neither waived nor forfeited its arguments for dismissing Developers' cases or entering judgment for Tetra Tech. Developers fail to show otherwise.

#### 1. The PAA Defense Is Jurisdictional And Was Not Waived Regardless

The PAA either deprives the Court of jurisdiction or deprives Developers of a right of action. Mem. 11-12.[1] Either way, Tetra Tech did not waive or forfeit its PAA defense.

Tetra Tech moved to dismiss for lack of subject matter jurisdiction, which "can never be waived or forfeited." *Gonzales v. Thaler*, 565 U.S. 134, 141 (2012); *see* Fed. R. Civ. P. 12(h)(3). Developers cannot deny that. Their only response is to insist that the PAA's requirements are not jurisdictional. Opp'n 12-14. But the Ninth Circuit has held that, while the PAA confers exclusive federal jurisdiction over public liability claims, the PAA also limits federal courts' jurisdiction by barring claims unless they satisfy the PAA's "jurisdictional prerequisite." *In re Berg Litig.*, 293 F.3d 1127, 1131 (9th Cir. 2002). To be sure, where plaintiffs fail to meet federal statutory

[1] "Mot." and "Mem." refer respectively to Tetra Tech's Notice of Motion and Motion and its Memorandum In Support (No. 20-cv-1481, Dkt. No. 368); "Opp'n" refers to Developers' Opposition to Tetra Tech's Motion (No. 20-cv-1481, Dkt. No. 371).

prerequisites, the Ninth Circuit has sometimes described that as a problem with the merits of the plaintiffs' claims (rather than a lack of jurisdiction). *See, e.g.*, *In re Hanford Nuclear Rsvr. Litig.*, 534 F.3d 986, 1009 (9th Cir. 2008); Mem. 7 n.3. But the Ninth Circuit also has affirmed dismissal for lack of jurisdiction when plaintiffs had no right of action under the governing federal statute. *See N. Cnty. Commc'ns Corp. v. Cal. Catalog & Tech.*, 594 F.3d 1149, 1151-52 (9th Cir. 2010); *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1021-25 (9th Cir. 2007); Mem. 11 & n.3. Tetra Tech properly objected to the Court's jurisdiction and cannot have waived that objection.

Further, *even assuming* the PAA limits only a plaintiff's right of action and not the federal courts' jurisdiction, Tetra Tech has not waived its alternative argument that it is entitled to judgment as a matter of law based on Developers' failure to meet the PAA's requirements. Developers argue that Tetra Tech waived that argument by failing to raise the PAA either in its answer or in its previously filed summary judgment motion (Opp'n 1-2, 10), but that is wrong. A plaintiff's failure to assert a viable cause of action is not waived simply because a defendant does not raise the objection before pre-trial proceedings have advanced.[2] The Federal Rules expressly provide that a failure-to-state-a-claim defense may be raised for the first time even "at trial." Fed. R. Civ. P. 12(h)(2); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006) (defense "endures up to . . . trial"); *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 317-19 (9th Cir. 2017). Developers cannot avoid Tetra Tech's objection that federal law prohibits their sought-after recovery. Tetra Tech may timely raise that objection now in advance of trial.[3]

In any event, under Ninth Circuit law, a defendant may raise new affirmative defenses "if the delay does not prejudice the plaintiff." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Thus, even if the PAA defense were a waivable affirmative defense (which it is not for the reasons above), there is still no waiver because Developers have not been prejudiced. Developers protest that they "were denied all th[e] discovery" they would have taken if Tetra Tech had raised the PAA earlier. Opp'n 11. They claim that, to refute Tetra Tech's

---

[2] Tetra Tech's answer did not refer to the PAA but *did* assert failure to state a claim. Mem. 13.

[3] Developers cite *Johnson v. Armored Transport of California, Inc.*, 813 F.2d 1041, 1044 (9th Cir. 1987) (cited at Opp'n 1), and *Cook v. Rockwell International Corporation*, 790 F.3d 1088, 1092-93 (10th Cir. 2015) (cited at Opp'n 9), but in both cases, the defendant's federal preemption defense was waived because it was raised for the first time *after* trial.

arguments, they would have developed discovery into radiological contamination at HPNS, Tetra Tech's licenses, and their property damages. *Id.*; *see* Dintzer Decl. ¶¶ 4-27, No. 20-cv-1481, Dkt. No. 371-1. Those claims of prejudice are baseless for two reasons. *First*, Developers *did* take discovery on those topics. They spent years taking discovery into contamination at HPNS, Tetra Tech's work, and resulting schedule impacts. Rheinheimer Decl. ¶¶ 3-4. Volumes more documents exist in the public record. *Id.* ¶ 3. Developers do not lack relevant discovery. *Second*, no discovery they identify could refute Tetra Tech's PAA argument, *i.e.* that their claims arise from a "nuclear incident" but do not assert physical injury to property. Those are basic legal issues as to the nature of Developers' claims, not disputed issues of fact. Developers thus cannot identify any "tangible way in which [they were] prejudiced by the delay." *Garcia v. Salvation Army*, 918 F.3d 997, 1008-09 (9th Cir. 2019). For that reason too, there has been no waiver.

### 2. Tetra Tech Has Not Otherwise Forfeited The PAA Defense

Developers insist that Tetra Tech forfeited its PAA defense because its motion supposedly is untimely and improper (Opp'n 1), but that is also wrong. Tetra Tech respectfully submits that its motion to dismiss for lack of subject matter jurisdiction did not violate the Court's one-summary-judgment-motion order or the deadline for summary-judgment motions because it moved for judgment as a matter of law under Federal Rules of Civil Procedure 12(c) and 56 in the alternative. *See* Mot. 1. Moreover, "waiver is a severe sanction." *Pennington* Order 7. And there is no basis for it here. Tetra Tech filed its motion promptly after the Court's *Pennington* Order, which set forth the PAA's scope as applied to this litigation. Though unnecessary, good cause would exist for Tetra Tech to amend its answer or to file its motion so that it may raise a dispositive legal issue ahead of trial that was indicated by the *Pennington* Order.

Nor is Tetra Tech estopped from raising its PAA arguments now. Developers argue that Tetra Tech is estopped because it sought summary judgment on the ground that Developers' claims fail under California law (rather than under the PAA). Opp'n 10. But Developers cannot prove the elements of estoppel—*i.e.*, an "inconsistent" position that Tetra Tech previously "succeeded in persuading a court to accept," resulting in "unfair advantage." *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001). Tetra Tech's positions have been consistent because, even

under the PAA, California law still provides the "substantive rules for decision" governing Developers' claims to the extent those rules are consistent with the PAA. 42 U.S.C. § 2014(ii). And Tetra Tech did not succeed in persuading the Court or derive any unfair advantage—rather, the Court *denied* Tetra Tech's summary judgment motion. Order, No. 20-cv-1481, Dkt. No. 313.

Last, the Court clearly has authority to address the PAA now. The Court could address the PAA now even assuming Tetra Tech had either waived its defense or never raised it. *See, e.g.*, *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 447 (1993) (holding that a court may consider an "unasserted" "dispositive" argument and need not treat it as "waived").

### B. Developers' Claims Are Subject To The PAA

The PAA governs Developers' claims because those claims assert "legal liability arising out of or resulting from a nuclear incident." 42 U.S.C. § 2014(w); Mem. 8-10. Developers raise several challenges to that conclusion. Each of them lacks merit.

#### 1. Developers' Claims Arise From A "Nuclear Incident"

As Tetra Tech has shown, Developers' claims arise out of or result from a "nuclear incident." Mem. 2-5, 8-10. A "nuclear incident" is "any occurrence . . . causing . . . bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive . . . properties of source, special nuclear, or byproduct material." 42 U.S.C. § 2014(q). Developers' claims "aris[e] out of or result[] from" a "nuclear incident" (*id*. § 2014(w)), because they seek recovery for damages allegedly caused by events and conditions involving "radioactive" material impacting HPNS properties (*id*. § 2014(q)).[4]

Developers cannot avoid that conclusion. Developers agree that the PAA includes an "important *causal* element." Opp'n 2. Specifically, the PAA applies when plaintiffs' claims arise out of or result from—*i.e.*, are causally connected to—radiological contamination. Further, Developers *do not deny* that "radiological contamination" is the "*but-for antecedent*" of their

---

[4] Under the PAA, "source material" is uranium, thorium, and ores of those materials; "special nuclear" material is plutonium, uranium-233, uranium-235, and "any material artificially enriched by any of the foregoing"; and "byproduct material" includes material "made radioactive by exposure to the radiation incident to the process of producing or utilizing special nuclear material." 42 U.S.C. §§ 2014(e)(1), (z), (aa). Those broad definitions readily capture the radiological contamination that TtEC worked on remediating. *See Pennington* Order 5.

claims. *Id.* at 17 (emphasis added). Nor can they. Developers seek damages from Tetra Tech for development delays. *Id.* at 4. Those delays allegedly would not have occurred but for preexisting radiological contamination at HPNS, Tetra Tech's alleged failure to remediate it, and the alleged need to redo the remediation work. Mem. 2-5. In fact, Developers' own discovery efforts and witness testimony focused on radiological contamination at HPNS. Rheinheimer Decl. ¶ 4.

The PAA governs Developers' claims even though Developers seek to attribute their damages to "Tetra Tech's misconduct" rather than "radiation exposure." Opp'n 4. Assessing whether a plaintiff's claims are sufficiently connected to a "nuclear incident" to trigger the PAA requires "look[ing] beyond the labels plaintiffs use" and "examin[ing] the substance of the allegations to determine the nature of the cause of action." *Matthews v. Centrus Energy Corp.*, 15 F.4th 714, 722 (6th Cir. 2021). While Developers' labels describe Tetra Tech's alleged fraud and other misconduct, the substance of their allegations is claimed economic injury caused by a "nuclear incident": the radioactive contamination and purportedly failed remediation at HPNS. Tetra Tech has not misread *Matthews v. Centrus Energy Corp.*, which is directly on point. *Contra* Opp'n 15-16. There, the defendants included entities involved in "remediation" at a nuclear plant who were alleged to have "misleadingly portrayed the plant as safe." 15 F.4th at 719. The Sixth Circuit had no trouble concluding that the plaintiffs' claims arose from a "nuclear incident," *i.e.*, the underlying radiation that purportedly caused their claimed injuries. *Id.* at 722-23.

Thus, Tetra Tech's alleged misconduct did not break the causal chain between the radiological contamination at HPNS and Developers' claimed harms. *Contra* Opp'n 17. Although Developers claim that Tetra Tech's conduct is a "superseding cause" under California law, California law applies only to deciding a PAA plaintiff's substantive causes of action; *federal* law applies to interpreting the PAA's own terms, such as whether a plaintiff's claims arise out of or result from a "nuclear incident." *See Dumontier v. Schlumberger Tech. Corp.*, 543 F.3d 567, 570 (9th Cir. 2008). And under federal law, the PAA broadly governs "any and all claims arising out of nuclear incidents." *In re Hanford*, 534 F.3d at 1009; *see Pennington* Order 5.

There is no basis for Developers' claim that the PAA applies only when plaintiffs allege that they have themselves been exposed to radiation. Opp'n 14. That is not what the statute says.

Instead, the PAA applies *whenever* plaintiffs assert claims "arising out of or resulting from" a "nuclear incident." 42 U.S.C. § 2014(w). That includes personal injury cases where plaintiffs allege direct exposure to radiation, but also extends to these cases in which Developers allege economic injuries causally connected to radiation. Developers note that the Ninth Circuit has only had occasion to address the PAA as applied to plaintiffs alleging injuries from radiation exposure. Opp'n 14-15; *see, e.g.*, *Dumontier*, 543 F.3d at 569. But the Ninth Circuit has never held that the PAA applies *only* to such cases, and the plain text of the statute says otherwise.

Developers rely on *Golden v. CH2M Hill Hanford Group, Inc.*, 528 F.3d 681 (9th Cir. 2008) (cited at Opp'n 15), but that case does not exempt their claims from the PAA. In *Golden*, plaintiffs alleged injuries from *both* radiological *and* non-radiological contamination, and the Ninth Circuit held that the PAA did not preempt their claims to the extent the claims arose from non-radiological contamination. *Id*. at 684. Here, Developers' claims against Tetra Tech relate *only* to the radiological contamination that TtEC was hired to remediate. *See Five Point* Compl. ¶¶ 23-31, No. 20-cv-1481, Dkt. No. 1; *Lennar* Compl. ¶ 38, No. 20-cv-1485, Dkt. No. 118.

Applying the PAA to Developers' claims does not produce absurd results. Developers argue that applying the PAA here would mean that the PAA necessarily preempts "a construction defect action arising from faulty design of a nuclear facility's cooling towers, or a patent infringement action based on a patent for nuclear safety software systems." Opp'n 18. Not so. Those hypothetical claims do not arise from a "nuclear incident." 42 U.S.C. § 2014(w). The construction defect plaintiff would have a claim even if the facility's faulty design never resulted in radiological releases, and the patent infringement plaintiff would have a claim even if the software systems never failed. Developers' cases are different. The substance of Developers' claims are clear: but for the radiological contamination that Tetra Tech allegedly failed to remediate, the property transfers would not have been delayed, and the properties would bear no stigma. *See* Mem. 2-5. Nor would Tetra Tech have been hired by the Navy to do remediation work in the first place. Just as in *Pennington*, the PAA governs these cases. *Pennington* Order 5.

**2. The "Act Of War" Exception Does Not Apply**

Developers' claims are not exempted from the PAA under the "act of war" exception. 42

U.S.C. § 2014(w) (excepting "claims arising out of an act of war" from the definition of a PAA "public liability" action). Developers argue that the exception applies but their own evidence shows that it does not. *See* Opp'n 16-17. They submitted the U.S. Navy's history of radiological contamination at HPNS, which describes the Navy's nuclear testing and research beginning in 1946 and routine uses of radiation-emitting shipboard equipment. Opp'n Ex. I at #16077.145 to -173. The Navy nowhere says that those activities took place during an "act of war." Developers do not and cannot argue that every military application of radiological material is an "act of war."

The only "act of war" Developers identify is the military's loading of components of Little Boy onto the *USS Indianapolis* at HPNS in July 1945 prior to the bomb's use in Japan during World War II. Opp'n 19. That single act did not cause the radiological contamination at HPNS. The U.S. Navy does not say that it did. *See* Opp'n Ex. I at #16077.148. Nor do Developers explain how it could have. The PAA's "act of war" exception is simply irrelevant here.

**3. Tetra Tech's Licenses Are Irrelevant**

Developers argue that the PAA applies only if defendants have a qualifying license or indemnity agreement under 42 U.S.C. § 2210, but that is wrong and the argument is a distraction.

Every Court of Appeals to address the issue agrees: the PAA governs "all 'nuclear incidents,' regardless of whether the defendant had an applicable license or indemnity agreement." *In re Cotter Corp. (N.S.L.)*, 22 F.4th 788, 793 (8th Cir. 2022). *Accord Est. of Ware v. Hosp. of the Univ. of Pa.*, 871 F.3d 273, 283 (3d Cir. 2017); *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The PAA plainly applies to "*any* suit" "arising out of or resulting from" an "occurrence" causing harms from radiation. 42 U.S.C. § 2014(q), (w), (ii) (emphasis added). And the Ninth Circuit has held that, if the PAA applies, it bars state-law claims *whenever* they seek recovery for harms not listed in section 2014(q); the Ninth Circuit has never hinted that the claims may be barred only if the defendant has a section 2210 license or indemnity agreement. *See, e.g.*, *In re Berg*, 293 F.3d at 1131. Whether Tetra Tech has such a license is thus irrelevant.

**C. Developers Do Not Assert A Compensable Injury Under The PAA**

As Tetra Tech showed, Developers' claims fail because the PAA governs these cases, but they are not asserting any of the harms for which the PAA permits recovery. Mem. 10.

Developers argue that they suffered a "loss of use of property" for which they can recover, *see* Opp'n 21-25, but the PAA permits recovery only for "physical harm to persons or property," *In re Berg*, 293 F.3d at 1131, and indisputably, Developers suffered no such harm.

**1. Only Physical Harm Is Compensable Under The PAA**

Under the PAA, a plaintiff may only recover for the categories of harm listed in section 2014(q). *See Dumontier*, 543 F.3d at 569. That list includes "bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property." 42 U.S.C. § 2014(q).

The Ninth Circuit has clearly interpreted section 2014(q) to mean that "[p]hysical harm to persons or property is . . . a jurisdictional prerequisite" of the PAA. *In re Berg*, 293 F.3d at 1131; *see In re Hanford*, 534 F.3d at 1009 ("claims . . . are not compensable . . . absent physical injury"); *Public Watchdogs v. S. Cal. Edison Co.*, 2019 WL 6497886, at *15 (S.D. Cal. Dec. 3, 2019). Plaintiffs claiming loss of use of property still must show a "physical harm" to property.

Although the Ninth Circuit has not had occasion to apply the "physical harm" requirement to plaintiffs claiming loss of use of property, the Tenth Circuit has done just that. In *Cook v. Rockwell International Corporation*, 618 F.3d 1127 (10th Cir. 2010), the court held that "the PAA requires a showing of actual physical injury to the properties themselves" for a plaintiff to prove "'damage to property' *or* 'loss of use of property.'" *Id*. at 1141 n.12 (emphasis added). Plaintiffs claiming "loss of use of property" must prove "more than a mere interference with an owner's use"; they must prove an "actual physical damage to the property" causing "a particular use of the property [to] actually be lost," as when the "increased risk to health [is] so high that no reasonable person would freely choose to live on or work at the property." *Id*. at 1141. Purely economic damages are not recoverable. *See id*. at 1141 n.12 (holding that "diminution of value . . . cannot establish the fact of injury or damage," because otherwise, "reduced value stemming from factors unrelated to any actual property injury, such as unfounded public fear regarding the effects of minor radiation exposure, could establish . . . 'loss of use of property'").

**2. Developers' Claimed Loss Of Use Is Not Based On Physical Harm**

Developers cannot prove any "physical harm" to properties resulting in a loss of use. Mem. 10. Their own statements show that they have not suffered any "actual physical damage to

the property" that caused "a particular use of the property [to] actually be lost." *Cook*, 618 F.3d at 1141. They are instead seeking purely economic damages that are not recoverable under the PAA.

Five Point cannot prove any physical harm resulting in a loss of use of property. Five Point admits that it has not yet received any transfer of properties, so it has not actually *lost* their use. Opp'n 5. It also admits that it will still receive the properties once they are "suitable for transfer." *Id*. at 6. Although it insists that its right to "acquire and develop the HPNS land" has "been delayed and harmed," *id.*; *see id.* at 23, that does not amount to physical harm to property. At most (as Five Point puts it) its "bargained-for rights" have been "frustrated." *Id*. at 24. Its only claimed harm is "economic and reputational harm" from "delayed development," "increased construction and other costs," and "disruption" of development. *Id*. at 4. All of that is "mere interference" with property use for which it cannot recover. *Cook*, 618 F.3d at 1141.

Lennar affirmatively *disclaims* physical harm to its property resulting in a loss of use. It denies any physical harm to its property because it "is the developer for . . . only Parcel A," and "Parcel A was never radiologically contaminated." Opp'n 5. It admits that Parcel A is "suitable for residential use." *Id*. Far from proving any *loss* of use of property, it concedes that it *has used* the property: it asserts that Parcel A was transferred to it in 2005, and it began developing Parcel A in 2013. *Id*. It claims only "economic and reputational harm" from "interrupted development at HPNS and sales of completed units." *Id*. at 4-5; *see id.* at 24. That too is "mere interference" with property use for which it cannot recover. *Cook*, 618 F.3d at 1141.

The PAA thus bars Developers from recovering their claimed damages from Tetra Tech.

## III. CONCLUSION

For the foregoing reasons, the PAA governs Developers' claims, but Developers do not assert the "physical harm" that the Ninth Circuit has held to be the PAA's "jurisdictional prerequisite." *In re Berg*, 293 F.3d at 1131. Federal law bars their claims. Developers have no evidence to show a material dispute of fact as to either the Court's jurisdiction under the PAA or the merits of Tetra Tech's PAA arguments; instead they say they need more discovery. But they cannot reasonably claim that they lack relevant discovery at this point. The Court should dismiss these cases, or alternatively, enter summary judgment for Tetra Tech.

Dated: September 10, 2026

MAYER BROWN LLP

By: *__/s/ Davina Pujari__*
Davina Pujari, SBN 183407
Christopher A. Rheinheimer, SBN 253890

*Attorneys for Defendants Tetra Tech, Inc. and Tetra Tech EC, Inc.*