MAYER BROWN LLP
DAVINA PUJARI, SBN 183407
CHRISTOPHER A. RHEINHEIMER, SBN 253890
101 2nd Street, 17th Floor
San Francisco, CA 94105
Telephone: (415) 874-4230
Facsimile: (650) 331-2060
dpujari@mayerbrown.com
crheinheimer@mayerbrown.com

*Attorneys for Defendants Tetra Tech, Inc. and Tetra Tech EC, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FIVE POINT HOLDINGS, LLC and CP DEVELOPMENT CO., LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>TETRA TECH, INC.; TETRA TECH EC, INC.; and ROES 1-100 Inclusive,<br><br>Defendants. | Case No. 3:20-cv-01481-JD<br><br>**DEFENDANTS TETRA TECH, INC. AND TETRA TECH EC, INC.'S OPPOSITION TO DEVELOPER PLAINTIFFS' MOTION TO STRIKE TETRA TECH'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**<br><br>*Improperly Noticed For:*<br>Date: September 24, 2026<br>Time: 11:00 a.m.<br>Courtroom: 11<br>Judge: Hon. James A. Donato |
| CPHP DEVELOPMENT, LP, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>TETRA TECH EC, INC., et al.,<br><br>Defendants. | Case No. 3:20-cv-01485-JD |

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........ 1

II. STATEMENT OF THE ISSUES TO BE DECIDED ........ 1

III. LEGAL STANDARD ........ 1

IV. ARGUMENT ........ 2

  A. The Court Should Not Strike Tetra Tech's Motion To Dismiss For Lack Of Subject Matter Jurisdiction ........ 2

  B. The Court Should Not Strike Tetra Tech's Alternative Request For Summary Judgment ........ 4

V. CONCLUSION ........ 6

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Apple iPhone Antitrust Litig.*,
846 F.3d 313 (9th Cir. 2017) ..... 5

*Arbaugh v. Y&H Corp.*,
546 U.S. 500 (2006) ..... 3

*Augustine v. United States*,
704 F.2d 1074 (9th Cir. 1983) ..... 3

*In re Berg Litig.*,
293 F.3d 1127 (9th Cir. 2002) ..... 3

*Brown v. Las Vegas Metro. Police Dep't*,
2025 U.S. Dist. LEXIS 172247 (D. Nev. Sept. 3, 2025) ..... 2

*Calkins v. Shapiro & Anderson, L.L.P.*,
2005 WL 3434718 (D. Ariz. Dec. 13, 2005) ..... 2

*In re Capacitors Antitrust Litigation*,
2017 WL 897340 (N.D. Cal. Mar. 7, 2017) ..... 6

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) ..... 2

*Dahl v. City of Huntington Beach*,
84 F.3d 363 (9th Cir. 1996) ..... 2

*Dayton Valley Invs., LLC v. Union Pac. R. Co.*,
664 F. Supp. 2d 1174 (D. Nev. 2009) ..... 5

*Dielsi v. Falk*,
916 F. Supp. 985 (C.D. Cal. 1996) ..... 4

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
546 F.3d 981 (9th Cir. 2008) ..... 3, 4

*Elvig v. Calvin Presbyterian Church*,
375 F.3d 951 (9th Cir. 2004) ..... 3

*Farrakhan v. Washington*,
338 F.3d 1009 (9th Cir. 2003) ..... 2

*In re Hanford Nuclear Rsrv. Litig.*,
534 F.3d 986 (9th Cir. 2008) ..... 4

*Inn S.F. Enter., Inc. v. Ninth Street Lodging, LLC*,
2016 WL 8469189 (N.D. Cal. Dec. 19, 2016) .......... 2

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) .......... 5

*June v. Union Carbide Corp.*,
577 F.3d 1234 (10th Cir. 2009) .......... 3, 4

*Lacoste v. Cnty. of L.A.*,
2026 WL 2299308 (C.D. Cal. Aug. 10, 2026) .......... 5

*Munns v. Kerry*,
782 F.3d 402 (9th Cir. 2015) .......... 3

*Parra v. PacifiCare of Ariz., Inc.*,
715 F.3d 1146 (9th Cir. 2013) .......... 4, 5

*Ready Transp., Inc. v. AAR Mfg., Inc.*,
627 F.3d 402 (9th Cir. 2010) .......... 2

*Sidney-Vinstein v. A.H. Robins Co.*,
697 F.2d 880 (9th Cir. 1982) .......... 1

*Stebbins v. Google, LLC*,
2023 WL 6139454 (N.D. Cal. Aug. 31, 2023) .......... 2

*Taction Tech., Inc. v. Apple Inc.*,
2026 WL 2608208 (S.D. Cal. Sept. 3, 2026) .......... 5

**Rules**

Fed. R. Civ. P. 12(c) .......... 4

Fed. R. Civ. P. 12(d) .......... 4

Fed. R. Civ. P. 12(f) .......... 1, 2

Fed. R. Civ. P. 12(h)(2) .......... 4, 5

Fed. R. Civ. P. 12(h)(3) .......... 3, 4, 5

Fed. R. Civ. P. 16(b)(4) .......... 5

Fed. R. Civ. P. 56 .......... 4

N.D. Cal. L.R. 7-3(a) .......... 2

## I. INTRODUCTION

After the Court applied the Price-Anderson Act ("PAA") in the related *Pennington* case and concluded that the PAA barred those plaintiffs' claims, Defendants Tetra Tech EC, Inc. ("TtEC") and Tetra Tech, Inc. (collectively with TtEC, "Tetra Tech") filed a motion under the PAA in these cases to dismiss for lack of subject matter jurisdiction or, in the alternative, to enter summary judgment for Tetra Tech. Seeking to avoid the Court's substantive resolution of the issues raised by Tetra Tech, the *Five Point* and *Lennar* plaintiffs ("Five Point" and "Lennar" respectively, and together, "Developers") moved to strike Tetra Tech's pending motion.

There is no basis for striking Tetra Tech's motion. Tetra Tech properly moved to dismiss these cases for lack of subject matter jurisdiction on the ground that Developers cannot meet requirements of the PAA that the Ninth Circuit has identified as jurisdictional. There can be no question that Tetra Tech may raise the issue of subject matter jurisdiction at any time. Tetra Tech also properly moved for summary judgment in the alternative because, even if the Court decides that it has jurisdiction, the PAA still bars Developers' claims. Tetra Tech's filing of its motion to dismiss for lack of jurisdiction and seeking summary judgment in the alternative did not violate the Court orders cited by Developers. Tetra Tech's motion appropriately raised a potentially case-dispositive legal issue in these cases for the Court to address in advance of trial.

The Court therefore should deny Developers' motion to strike and decide Tetra Tech's motion. As Tetra Tech's PAA motion explains, federal law bars Developers' claims, and the Court should dismiss for lack of subject matter jurisdiction or enter judgment for Tetra Tech.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether the Court should strike Tetra Tech's motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for summary judgment?

## III. LEGAL STANDARD

The Federal Rules of Civil Procedure do not authorize motions to strike pending motions. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1982) (holding that "only pleadings are subject to motions to strike" under Fed. R. Civ. P. 12(f)). Instead, a motion to strike a motion must invoke the district courts' "inherent power to control their docket," which includes

the power to "strik[e] documents . . . to address litigation conduct." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). District courts' "inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

Motions to strike "are highly disfavored, rarely granted, and commonly viewed as 'time-wasters.'" *Brown v. Las Vegas Metro. Police Dep't*, 2025 U.S. Dist. LEXIS 172247, at *1-2 & n.2 (D. Nev. Sept. 3, 2025) (citations omitted) ("[m]ost of the case law addresses motions to strike under Rule 12(f)," but "motions to strike invoking the Court's inherent authority are similarly disfavored"); *cf. Inn S.F. Enter., Inc. v. Ninth Street Lodging, LLC*, 2016 WL 8469189, at *1 (N.D. Cal. Dec. 19, 2016) (Donato, J.) ("lament[ing] the time and expense squandered on Rule 12(f) motions"). That is particularly so when a party moves to strike a pending motion or brief to avoid resolving issues on their merits. *See Calkins v. Shapiro & Anderson, L.L.P.*, 2005 WL 3434718, at *3 (D. Ariz. Dec. 13, 2005) (denying motions to strike opposing parties' pending motions and briefing "[b]ecause there is a strong preference for the resolution of cases on their merits" under Ninth Circuit law (citing *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996); *Farrakhan v. Washington*, 338 F.3d 1009, 1014 (9th Cir. 2003))).

Northern District of California Local Rules thus provide, "*Any* evidentiary and procedural objections to [a] motion *must* be contained within the brief or memorandum" in opposition to the motion, and accordingly, objections generally should not be raised in a separate motion to strike. N.D. Cal. L.R. 7-3(a) (emphases added); *see Stebbins v. Google, LLC*, 2023 WL 6139454, at *5 (N.D. Cal. Aug. 31, 2023) (denying motion to strike a pending motion to dismiss).

## IV. ARGUMENT

The Court should not strike Tetra Tech's pending motion but should rule on it. Developers argue for striking the motion because they claim that Tetra Tech's PAA arguments are non-jurisdictional and that the summary judgment request is sanctionable. They are wrong.

### A. The Court Should Not Strike Tetra Tech's Motion To Dismiss For Lack Of Subject Matter Jurisdiction

There cannot be any justification for striking Tetra Tech's motion to dismiss for lack of subject matter jurisdiction. "The objection that a federal court lacks subject-matter jurisdiction

may be raised by a party . . . *at any stage in the litigation*." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (emphasis added, citation omitted); *see Augustine v. United States*, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983) ("[T]he matter of subject matter jurisdiction . . . may be raised by the parties *at any time* pursuant to Fed. R. Civ. P. 12(h)(3)" (emphasis added)); *accord Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 n.2 (9th Cir. 2004). Developers do not and cannot contend otherwise. Tetra Tech's motion therefore was proper and should not be stricken.

Developers argue that there is "no credible argument" that the Court lacks subject matter jurisdiction (Mot. 9),[1] but even if that were true (which it is not), it would be at most a reason for the Court to deny Tetra Tech's motion. It is not a reason to strike the motion.

Moreover, Ninth Circuit law supports Tetra Tech's motion to dismiss for lack of subject matter jurisdiction. The Ninth Circuit has held that, even while the PAA confers exclusive federal jurisdiction over claims arising from a "nuclear incident," it grants "only limited jurisdiction" because "[p]hysical harm to persons or property is . . . a *jurisdictional prerequisite*" of the PAA, and any claims not asserting physical harm are precluded. *In re Berg Litig.*, 293 F.3d 1127, 1131, 1133 (9th Cir. 2002) (emphasis added). The Ninth Circuit also has affirmed dismissals for lack of subject matter jurisdiction when plaintiffs failed to plead "jurisdictional prerequisites" of other federal statutes. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984, 985 n.3, 991 (9th Cir. 2008) (Foreign Trade Antitrust Improvement Act); *see, e.g.*, *Munns v. Kerry*, 782 F.3d 402, 412-13 (9th Cir. 2015) (Federal Tort Claims Act). Here, the plaintiffs do not meet the PAA's jurisdictional prerequisite because they do not allege any physical harm (in contrast to the *Pennington* plaintiffs who alleged but ultimately did not prove any physical harm), and so Tetra Tech properly moved to dismiss for lack of subject matter jurisdiction. Mem. 8-12.

This would not be the first time a federal court dismissed PAA claims for lack of subject matter jurisdiction on the ground that plaintiffs failed to meet the PAA's requirements. In *June v. Union Carbide Corporation*, 577 F.3d 1234 (10th Cir. 2009), the Tenth Circuit affirmed the

---

[1] "Mot." refers to Developers' motion to strike (No. 20-cv-1485, Dkt. 420); "Tetra Tech Mot." and "Mem." refer to Tetra Tech's PAA motion and memorandum in support (No. 20-cv-1485, Dkt. 418); "Opp'n" refers to Developers' opposition to the PAA motion (No. 20-cv-1485, Dkt. 421); "Reply" refers to Tetra Tech's reply in support of its motion (No. 20-cv-1485, Dkt. 424).

district court's order dismissing the plaintiffs' medical monitoring claims for lack of subject matter jurisdiction under the PAA because plaintiffs did not assert a "bodily injury." *Id.* at 1238, 1248-52. The Tenth Circuit affirmed without resolving whether the "bodily injury" requirement is "jurisdictional" or "merely a required element of the cause of action." *Id.* at 1248 n.8.

Tetra Tech acknowledged that the Ninth Circuit has been "inconsistent" as to whether a court should dismiss for lack of jurisdiction or for failure to state a claim when plaintiffs lack a right of action under the PAA and other federal statutes. *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1151 & n.1 (9th Cir. 2013) (cited at Mem. 11 n.4); *see In re Hanford Nuclear Rsrv. Litig.*, 534 F.3d 986, 1009 (9th Cir. 2008) (cited at Mem. 7 n.3) (court "had subject matter jurisdiction under the PAA" to decide that plaintiffs could not state a claim "absent physical injury"). For that very reason, Tetra Tech requested in the alternative each form of relief the Ninth Circuit has indicated may be appropriate: dismissal for lack of jurisdiction and judgment on the merits. *See, e.g.*, *In re DRAM*, 546 F.3d at 985 n.3. There is no basis for striking the motion.[2]

### B. The Court Should Not Strike Tetra Tech's Alternative Request For Summary Judgment

Although Developers contend that Tetra Tech's "'alternative' Summary Judgment Motion" should be stricken as a successive summary judgment motion in violation of the Court's one-summary-judgment-motion order and dispositive motion deadline (Mot. 1), Tetra Tech did not file a successive summary judgment motion. Tetra Tech filed a motion to dismiss for lack of subject matter jurisdiction (citing Fed. R. Civ. P. 12(h)(3)), seeking summary judgment only in the alternative (citing Fed. R. Civ. P. 12(c), 12(d), 12(h)(2), and 56). *See* Tetra Tech Mot. 1.[3]

---

[2] Developers argue that if federal jurisdiction is lacking, the "absurd" result would be that certain PAA claims filed in state court could not be removed to federal court. Opp'n 13 n.4. That result simply does not follow. *See Dielsi v. Falk*, 916 F. Supp. 985, 994 (C.D. Cal. 1996) (noting "intriguing" circumstance that, while defendant "properly removed" copyright infringement claim to federal court, court had to "dismiss the claim for lack of subject matter jurisdiction" because plaintiff failed to allege he met statutory pre-registration requirement).

[3] Under Fed. R. Civ. P. 12(h)(3), lack of subject matter jurisdiction may be raised at any time. Under Fed. R. Civ. P. 12(d) and 12(h)(2), a failure-to-state-a-claim defense may be raised in a Rule 12(c) motion for judgment on the pleadings that must be converted into a Rule 56 summary judgment motion if matters outside the pleadings are presented and not excluded.

As noted above, there is no dispute that Tetra Tech could move to dismiss for lack of subject matter jurisdiction at any time, and it makes no practical sense to strike Tetra Tech's alternative summary judgment request when that request is based on the exact same grounds as Tetra Tech's motion to dismiss for lack of jurisdiction—particularly when the Ninth Circuit has been "inconsistent" as to which form of relief may be appropriate. *Parra*, 715 F.3d at 1151.

The Ninth Circuit has adopted a flexible approach that, in the interests of efficiency, allows district courts to consider "late-filed" pre-trial motions raising nonwaivable dispositive legal issues. *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318-19 (9th Cir. 2017) (holding that district court properly considered "late-filed" motion to dismiss for failure to state a claim (citing Fed. R. Civ. P. 1)). That approach justifies consideration of Tetra Tech's motion on the merits even if the Court were to find that it was late-filed. If the Court instead struck the motion, Tetra Tech could raise the same issues—making the same requests to dismiss or enter judgment for lack of jurisdiction or failure to state a claim—during trial and post-trial briefing. *See* Fed. R. Civ. P. 12(h)(2)-(3); Reply 2-3. Addressing the issues now avoids further "unnecessary and costly delays." *In re Apple iPhone*, 846 F.3d at 318.

Thus, Tetra Tech's motion was not improper. Although Developers argue that Tetra Tech failed to establish good cause for leave to file its motion under Fed. R. Civ. P. 16(b)(4) (*see* Mot. 6-8), Tetra Tech did not need to satisfy Rule 16(b)(4) to raise the issue of subject matter jurisdiction and to seek summary judgment in the alternative (*see* Fed. R. Civ. P. 12(h)(2)-(3)).

In any event, district courts have "broad discretion" over pre-trial proceedings. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Courts have used that discretion to resolve the merits of summary judgment motions even when the motions were untimely and good cause was lacking. *See Taction Tech., Inc. v. Apple Inc.*, 2026 WL 2608208, at *3 (S.D. Cal. Sept. 3, 2026); *Lacoste v. Cnty. of L.A.*, 2026 WL 2299308, at *9 (C.D. Cal. Aug. 10, 2026); *Dayton Valley Invs., LLC v. Union Pac. R. Co.*, 664 F. Supp. 2d 1174, 1179 (D. Nev. 2009).

Here, Tetra Tech promptly filed its motion after the Court applied the PAA in *Pennington* to enter judgment against the plaintiffs there. Tetra Tech's motion shows that Developers' claims fail under the PAA for the same reasons. Tetra Tech's motion does not prejudice Developers.

Reply 3-4.[4] The Court should resolve Tetra Tech's PAA arguments rather than strike them.

## V. CONCLUSION

The Court should deny Developers' motion to strike.

Dated: September 17, 2026

MAYER BROWN LLP

By: */s/ Davina Pujari*
Davina Pujari, SBN 183407
Christopher A. Rheinheimer, SBN 253890

*Attorneys for Defendants Tetra Tech, Inc. and Tetra Tech EC, Inc.*

[4] Developers cite *In re Capacitors Antitrust Litigation*, 2017 WL 897340, at *2 (N.D. Cal. Mar. 7, 2017) (cited at Mot. 3-4), in which the Court struck an argument raised for the first time in a reply brief for violating the Court's anti-sandbagging rule. Tetra Tech has not sandbagged Developers, who have had an opportunity to fully brief their opposition to Tetra Tech's arguments (in both a 25-page opposition and an 11-page motion to strike).