**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FIVE POINT HOLDINGS, LLC and CP DEVELOPMENT CO., LLC<br><br>Plaintiffs,<br><br>v.<br><br>TETRA TECH, INC.; TETRA TECH EC, INC.; and ROES 1-100 Inclusive,<br><br>Defendants. | Case No. 3:20-CV-01481-JD<br><br>**JOINT SUBMISSION OF PROPOSED VERDICT FORMS**<br><br>**<u>Trial</u>**<br><br>Date: January 11, 2027<br>Time: 9:00 a.m.<br>Courtroom: 11<br>Judge: Hon. James A. Donato |
| CPHP DEVELOPMENT, LLC, et al.<br><br>Plaintiffs,<br><br>v.<br><br>TETRA TECH, INC.; et al.,<br><br>Defendants. | Case No. 3:20-CV-01485-JD |

Pursuant to the Court's Standing Order for Civil Jury Trials, Plaintiffs CPHP Development, LLC; HPS Development Co., LP; HPS1 Block 50, LLC; HPS1 Block 51, LLC; HPS1 Block 53, LLC; HPS1 Block 54, LLC; HPS1 Block 55, LLC; HPS1 Block 56/57, LLC; Lennar Corporation; Five Point Holdings, LLC and CP Development Co., LLC and Defendants Tetra Tech, Inc., Tetra Tech EC, Inc. respectfully submit this: (1) Plaintiffs' Proposed Verdict Form; (2) Defendants' Proposed Verdict Form; and (3) the parties' positions with respect to disputed issues.

Rather than submit two-page position papers with regard to many individual verdict questions, and in an effort to minimize the briefing submitted, the parties have agreed to streamline and submit two-page position papers on each of six issues that impact the proposed, competing jury verdict forms: (1) party identification and segmentation of party-specific jury issues; (2) liability questions and issues; (3) issues related to damages instructions and types; (4) issues related to inclusion and substance of comparative fault or apportionment questions; (5) ordering, inclusion, and substance of affirmative defenses; and (6) issues related to inclusion and substance of counter-claims.

Dated: November 5, 2026

Respectfully Submitted,

**O'MELVENY & MYERS LLP**

By: */s/ Daniel M. Petrocelli*
Daniel M. Petrocelli

**ALSTON & BIRD LLP**

By: */s/ Jeffrey D. Dintzer*
Jeffrey D. Dintzer

Attorneys for Plaintiffs CPHP Development, LLC; HPS Development Co., LP; HPS1 Block 50, LLC; HPS1 Block 51, LLC; HPS1 Block 53, LLC; HPS1 Block 54, LLC; HPS1 Block 55, LLC; HPS1 Block 56/57, LLC; Lennar Corporation; Five Point Holdings, LLC and CP Development Co., LLC

**MAYER BROWN LLP**

By: */s/ Davina Pujari*
Davina Pujari

Attorneys for Defendants Tetra Tech, Inc. and Tetra Tech EC, Inc.

**O'MELVENY & MYERS LLP**
Daniel M. Petrocelli (Cal. Bar No. 97802)
David Marroso (Cal. Bar No. 211655)
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
Email: dpetrocelli@omm.com
dmarroso@omm.com

**ALSTON & BIRD LLP**
Jeffrey D. Dintzer (Cal. Bar No. 139056)
Charles W. Cox (Cal. Bar No. 162854)
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: 213-576-1000
Facsimile: 213-576-1100
Email: jeffrey.dintzer@alston.com
charles.cox@alston.com

Attorneys for Plaintiffs CPHP Development, LLC; HPS Development Co., LP; HPS1 Block 50, LLC; HPS1 Block 51, LLC; HPS1 Block 53, LLC; HPS1 Block 54, LLC; HPS1 Block 55, LLC; HPS1 Block 56/57, LLC; Lennar Corporation; Five Point Holdings, LLC and CP Development Co., LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FIVE POINT HOLDINGS, LLC and CP DEVELOPMENT CO., LLC<br><br>Plaintiffs,<br><br>v.<br><br>TETRA TECH, INC.; TETRA TECH EC, INC.; and ROES 1-100 Inclusive,<br><br>Defendants. | Case No. 3:20-CV-01481-JD<br><br>**PLAINTIFFS' PROPOSED VERDICT FORM**<br><br>Trial Date: January 11, 2027<br>Time: 9:00 AM<br>Courtroom: 11<br>Judge: Hon. James A. Donato |
| CPHP DEVELOPMENT, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TETRA TECH, INC., *et al.*,<br><br>Defendants. | Case No. 3:20-cv-01485-JD |

**IT IS SO ORDERED.**

Dated:____________________

________________________________
Honorable James Donato
U.S. District Judge

**Verdict Form**

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous.

Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below. The "Lennar Plaintiffs" refers to Plaintiffs CPHP Development, LLC, HPS Development Co., LP, HPS1 Block 50, LLC, HPS1 Block 51, LLC, HPS1 Block 53, LLC, HPS1 Block 54, LLC, HPS1 Block 55, LLC, HPS1 Block 56/57, LLC, and Lennar Corporation collectively. The "FivePoint Plaintiffs" refers to Five Point Holdings LLC, and CP Development Co., LLC. "Plaintiffs" refers to the Lennar Plaintiffs and the FivePoint Plaintiffs collectively. The "Tetra Tech Defendants" refers to Tetra Tech EC, Inc. and Tetra Tech, Inc. "Defendants" refers to the Tetra Tech Defendants and the United States of America.[1]

[1] The Lennar Plaintiffs and FivePoint Plaintiffs recognize the Court's prior denial of their request for an advisory jury. *See* Case No. 3:20-cv-01485-JD, ECF No. 397. The Lennar Plaintiffs and FivePoint Plaintiffs continue to believe it is appropriate and helpful for this Court to seek advisory findings against United States. To the extent the Court reconsiders its decision, the Lennar Plaintiffs and FivePoint Plaintiffs will provide proposed additions to this verdict form and the jury instructions. Defendants continue to oppose an advisory jury.

## NEGLIGENCE

**Question No. 1:**

Was the Defendant negligent?

a. Tetra Tech, Inc. _____YES _____NO

b. Tetra Tech EC. Inc. _____YES _____NO

*If you answered yes for any Defendant in question 1, then answer question 2 for that Defendant.*

*If you answered no for all Defendants in question 1, skip to question 3.*

**Question No. 2:**

*For each Defendant that received a "yes" answer in question 1, answer the following:*

Was the Defendant's negligence a substantial factor in causing harm to Plaintiffs?

a. Tetra Tech, Inc. _____YES _____NO

b. Tetra Tech EC, Inc. _____YES _____NO

*Go to question 3.*

***Source:*** Judicial Council of California Civil Jury Instruction No. VF-402

**NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**

**Question No. 3:**

Did Plaintiffs and prospective home owners, banks, contractors, and/or other business partners involved in the development of Hunters Point Naval Shipyard have an economic relationship that probably would have resulted in an economic benefit to Plaintiffs?

_____YES _____NO

*If your answer to question 3 is yes, then answer question 4. If you answered no, then skip to question 10.*

**Question No. 4:**

Did the Defendant know or should it have known of the relationship?

| | |
|---|---|
| Tetra Tech Inc. | _____YES _____NO |
| Tetra Tech EC Inc. | _____YES _____NO |

*If your answer to question 4 is yes for any Defendant, then answer question 5 for that Defendant. If you answered no for all Defendants in question 4, then skip to question 10.*

**Question No. 5:**

Did the Defendant know or should it have known that this relationship would be disrupted if it failed to act with reasonable care?

| | |
|---|---|
| Tetra Tech Inc. | _____YES _____NO |
| Tetra Tech EC Inc. | _____YES _____NO |

*If your answer to question 5 is yes for any Defendant, then answer question 6 for that Defendant. If you answered no for all Defendants in question 5, then skip to question 10.*

**Question No. 6:**

Did the Defendant fail to act with reasonable care?

Tetra Tech Inc. _____YES _____NO

Tetra Tech EC Inc. _____YES _____NO

*If your answer to question 6 is yes for any Defendant, then answer question 7 for that Defendant. If you answered no for all Defendants in question 6, then skip to question 10.*

**Question No. 7:**

Did the Defendant engage in wrongful conduct through its negligence?

Tetra Tech Inc. _____YES _____NO

Tetra Tech EC Inc. _____YES _____NO

*If your answer to question 7 is yes for any Defendant, then answer question 8. If you answered no for all Defendants in question 7, then skip to question 10.*

**Question No. 8:**

Was a relationship disrupted?

_____YES _____NO

*If your answer to question 8 is yes, then answer question 9 for that Defendant. If you answered no, then skip to question 10.*

**Question No. 9:**

Was the Defendant's wrongful conduct a substantial factor in causing harm to Plaintiffs?

Tetra Tech Inc. _____YES _____NO

Tetra Tech EC Inc. _____YES _____NO

*Go to question 10.*

***Source:*** Judicial Council of California Civil Jury Instruction No. VF-2203 (as modified in blue)

**INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**

**Question No. 10:**

Did Plaintiffs and prospective home owners, banks, contractors, and/or other business partners involved in the development of Hunters Point Naval Shipyard have an economic relationship that probably would have resulted in an economic benefit to Plaintiffs?

_____YES _____NO

*If your answer to question 10 is yes, then answer question 11. If you answered no, then skip to question 16.*

**Question No. 11:**

Did the Defendant know of the relationship?

Tetra Tech Inc. _____YES _____NO

Tetra Tech EC Inc. _____YES _____NO

*If your answer to question 11 is yes for any Defendant, then answer question 12. If you answered no, then skip to question 16.*

**Question No. 12:**

Did the Defendant engage in intentional misrepresentation and negligence?

Tetra Tech Inc. _____YES _____NO

Tetra Tech EC Inc. _____YES _____NO

*If your answer to question 12 is yes for any Defendant, then answer question 13. If you answered no, then skip to question 16.*

**<u>Question No. 13:</u>**

By engaging in this conduct, did the Defendant intend to disrupt a relationship or know that disruption of a relationship was certain or substantially certain to occur?

Tetra Tech Inc. _____YES _____NO

Tetra Tech EC Inc. _____YES _____NO

*If your answer to question 13 is yes for any Defendant, then answer question 14. If you answered no, then skip to question 16.*

**<u>Question No. 14:</u>**

Was a relationship disrupted?

_____YES _____NO

*If your answer to question 14 is yes, then answer question 15. If you answered no, then skip to question 16.*

**<u>Question No. 15:</u>**

Was the Defendant's conduct a substantial factor in causing harm to Plaintiffs?

Tetra Tech Inc. _____YES _____NO

Tetra Tech EC Inc. _____YES _____NO

*Go to question 16.*

***Source:*** Judicial Council of California Civil Jury Instruction No. <u>VF-2202</u> (as modified in blue)

## INTENTIONAL MISREPRESENTATION

**Question No. 16:**

Did the Defendant make a false representation of fact?

Tetra Tech Inc. _____YES _____NO

Tetra Tech EC Inc. _____YES _____NO

*If your answer to question 16 is yes for any Defendant, then answer question 17. If you answered no, then skip to question 21.*

**Question No. 17:**

Did the Defendant know that the representation was false, or did it make the representation recklessly and without regard for its truth?

Tetra Tech Inc. _____YES _____NO

Tetra Tech EC Inc. _____YES _____NO

*If your answer to question 17 is yes for any Defendant, then answer question 18. If you answered no, then skip to question 21.*

**Question No. 18:**

Did the Defendant intend or reasonably expect that Plaintiffs would rely on the representation?

Tetra Tech Inc. _____YES _____NO

Tetra Tech EC Inc. _____YES _____NO

*If your answer to question 18 is yes for any Defendant, then answer question 20. If you answered no, then skip to question 21.*

**Question No. 19:**

Did Plaintiffs reasonably rely on the representation?

_____YES _____NO

*If your answer to question 19 is yes, then answer question 20. If you answered no, then skip to question 21.*

**Question No. 20:**

Was Plaintiffs' reliance on the Defendant's representation a substantial factor in causing harm to Plaintiffs?

Tetra Tech Inc. _____YES _____NO

Tetra Tech EC Inc. _____YES _____NO

*Go to question 21.*

***Source:*** Judicial Council of California Civil Jury Instruction No. VF-1900 (as modified in blue); Judicial Council of California Civil Jury Instruction No. 1906 (as indicated in green)

**ALTER EGO**

**Question No. 21:**

When Tetra Tech EC, Inc. engaged in the conduct that you found in answering the questions above, was Tetra Tech EC, Inc. acting as the alter ego of Tetra Tech, Inc.?

_____YES _____NO

*Go to question 22.*

## AGENCY

**Question No. 22:**

When Tetra Tech EC, Inc. engaged in the conduct that you found in answering the questions above, was Tetra Tech EC, Inc. acting as the agent of Tetra Tech, Inc.?

_____YES _____NO

*If your answer to question 22 is yes, then answer question 23. If you answered no, then skip to question 24.*

**Question No. 23:**

When Tetra Tech EC, Inc. engaged in the conduct that you found in answering the questions above, was Tetra Tech EC, Inc. acting within the scope of its agency?

_____YES _____NO

*Go to question 24.*

***Source:*** Judicial Council of California Civil Jury Instruction No. 3701.

## COMPENSATORY DAMAGES

**Question No. 24:**

What are the total damages of each Plaintiff below?

a. Past and future economic damages:

**Five Point Plaintiffs:**

Five Point Holdings, LLC $ __________

CP Development Co. $ __________

**Lennar Plaintiffs:**

Lennar Corporation $ __________

CPHP Development Co., LLC $ __________

HPS Development Co., LP $ __________

HPS1 Block 50, LLC $ __________

HPS1 Block 51, LLC $ __________

HPS1 Block 53, LLC $ __________

HPS1 Block 54, LLC $ __________

HPS1 Block 55, LLC $ __________

HPS1 Block 56/57, LLC $ __________

b. Past and future noneconomic damages:

**Five Point Plaintiffs:**

Five Point Holdings, LLC $ __________

CP Development Co. $ __________

**Lennar Plaintiffs:**

Lennar Corporation $ __________

CPHP Development Co., LLC $ __________

HPS Development Co., LP $ __________

HPS1 Block 50, LLC $ __________

HPS1 Block 51, LLC $ __________

HPS1 Block 53, LLC $ __________

HPS1 Block 54, LLC $ __________

HPS1 Block 55, LLC $ __________

HPS1 Block 56/57, LLC $ __________

*If any of the Lennar Plaintiffs or the FivePoint Plaintiffs have proved any damages, then answer question 25 for that Plaintiff. If any of the Lennar Plaintiffs or the FivePoint Plaintiffs have not proved any damages, then stop here, answer no further questions, and have the presiding juror sign and date this form.*

***Source:*** Judicial Council of California Civil Jury Instruction No. VF-402

## PRE-JUDGEMENT INTEREST

**Question No. 25:**

If you wish to award Plaintiffs interest on any damages you have decided it suffered, from what date do you wish the interest on Plaintiffs' damages to have begun to accrue?

_____/_____/______
Month/Day/Year

***Source:*** Verdict Form in Case No. 3:18-cv-01993

*Go to question 26.*

## PUNITIVE DAMAGES

**Question No. 26:**

Did one or more employees or agents of the following Defendant engage in the conduct with malice, oppression, or fraud?

Tetra Tech Inc. _____YES _____NO

Tetra Tech EC Inc. _____YES _____NO

*If your answer to question 26 is yes, then answer question 27. If you answered no, go to question 29.*

**Question No. 27:**

a. Was one or more employees or agents of the following Defendant an officer, director, or managing agent of that Defendant acting on behalf of that Defendant?

Tetra Tech Inc. _____YES _____NO

Tetra Tech EC Inc. _____YES _____NO

b. Was one or more employees or agents of the following Defendant an officer, a director, or a managing agent of that Defendant that had advance knowledge of the unfitness or misconduct of the employee or agent and employed or failed to supervise them with a knowing disregard of the rights or safety of others?

Tetra Tech Inc. _____YES _____NO

Tetra Tech EC Inc. _____YES _____NO

c. Was one or more employees or agents of the following Defendant an officer, a director, or a managing agent of that Defendant that authorized the employee or agent's conduct?

Tetra Tech Inc. _____YES _____NO

Tetra Tech EC Inc. _____YES _____NO

d. Was one or more employees or agents of the following Defendant an officer, a director, or a managing agent of that Defendant that knew of the employee or agent's wrongful conduct and adopted or approved the conduct after it occurred?

Tetra Tech Inc. _____YES _____NO

Tetra Tech EC Inc. _____YES _____NO

*If your answer to any subpart within question 27 is yes, then answer question 28. If you answered no, go to question 29.*

**Question No. 28:**

a. What amount of punitive damages, if any, do you award the Lennar Plaintiffs?

$ __________

b. What amount of punitive damages, if any, do you award the FivePoint Plaintiffs?

$ __________

*Go to question 29.*

***Source:*** Judicial Council of California Civil Jury Instruction No. VF-3901 (as modified in blue); Judicial Council of California Civil Jury Instruction No. 3943 (as indicated in green)

## STATUTE OF LIMITATIONS

**Plaintiffs object to the inclusion of any question on Statute of Limitations as inappropriate, but in the event the Court chooses to include one, the below is the proper format of the question.**

**Question No. 29:**

a. Did Plaintiffs' claimed harm occur before March 7, 2016?

_____YES _____NO

*If your answer to question 29 is yes, then answer question 30. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

**Question No. 30:**

a. Before March 7, 2016, did Plaintiffs discover, or would a reasonable and diligent investigation have disclosed, that they had suffered harm that was caused by someone's wrongful conduct?

_____YES _____NO

***Source:*** Judicial Council of California Civil Jury Instruction No. VF-410 (as modified in blue)

* * *

You have now reached the end of the Verdict Form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the Verdict Form in the spaces below and notify the Clerk that you have reached a verdict. The Presiding Juror should retain possession of the Verdict Form and bring it when the jury is called back in to read the verdict.

Please have the Presiding Juror date and sign this form.

Dated: ______________

___________________________________

Presiding Juror

MAYER BROWN LLP
DAVINA PUJARI, SBN 183407
dpujari@mayerbrown.com
CHRISTOPHER A. RHEINHEIMER, SBN 253890
crheinheimer@mayerbrown.com
575 Market Street, Suite 2500
San Francisco, CA 94105
Telephone: (415) 874-4230
Facsimile: (650)-331-2060

*Attorneys for Defendants Tetra Tech, Inc. and Tetra Tech EC, Inc.*

O'MELVENY & MYERS LLP
DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DAVID MARROSO (S.B. #211655)
dmarroso@omm.com
MADHU POCHA (S.B. #260997)
mpocha@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

GEOFFREY H. YOST (S.B. #159687)
gyost@omm.com
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

KRISTIN C. COPE (*pro hac vice*)
kcope@omm.com
NICK J. HENDRIX (*pro hac vice*)
nhendrix@omm.com
2801 North Harwood Street, Suite 1600
Dallas, TX 75201-2692
Telephone: (972) 360-1900
Facsimile: (972) 360-1901

*Attorneys for Plaintiffs Five Point Holdings LLC and CP Development Co. LLC*

*Attorneys for Plaintiffs CPHP Development, LLC; HPS Development Co., LP; HPS1 Block 50, LLC; HPS1 Block 51, LLC; HPS1 Block 53, LLC; HPS1 Block 54, LLC; HPS1 Block 55, LLC; HPS1 Block 56/57, LLC; and Lennar Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FIVE POINT HOLDINGS, LLC and CP DEVELOPMENT CO., LLC,<br><br>Plaintiff,<br><br>vs.<br><br>TETRA TECH, INC.; TETRA TECH EC, INC; and ROES 1-100 Inclusive,<br><br>Defendants. | Case No. 3:20-cv-01481-JD<br><br>**DEFENDANTS TETRA TECH EC, INC. AND TETRA TECH, INC.'S PROPOSED VERDICT FORM**<br><br>Trial Date: January 11, 2027 Time: 9:00 a.m.<br>Courtroom: 11<br><br>Judge: Hon. James A. Donato |
| CPHP DEVELOPMENT, LP, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>TETRA TECH EC, INC., *et al.*,<br><br>Defendants. | Case No. 3:20-cv-01485-JD |

When answering the following questions and filling out this Verdict Form, please follow the instructions provided throughout the form. Your verdict must be unanimous.

We, the jury, return these answers as our verdict in this case:

## PRICE-ANDERSON ACT

**Question No. 1**

For each plaintiff below, did the plaintiffs prove that the plaintiff suffered a physical harm to property from radiation in excess of federally established maximum safety limits?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**If you answered "YES" for one or more plaintiffs, then continue to Question 2.**

**If you answered "NO" for <u>all</u> plaintiffs, then the defendants are not liable to any plaintiffs for any claims. Skip Questions 2 to 30 and continue to Question 31.**

## STATUTE OF LIMITATIONS – TWO YEARS

**Question No. 2**

For each plaintiff below, did the defendants prove that the plaintiff's claimed harm occurred before March 7, 2017?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**If you answered "YES" for one or more plaintiffs, then continue to Question 3.**

**If you did not answer "YES" for any plaintiffs, then skip Question 3 and continue to Question 4.**

**Question No. 3**

**Answer only for plaintiffs for which you answered "YES" to Question 2.**

For each plaintiff below, did the plaintiffs prove that before March 7, 2017, the plaintiff did not discover, and a reasonable and diligent investigation would not have disclosed, that the plaintiff had suffered harm that was caused by someone's wrongful conduct?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

## <u>LIABILITY – NON-FRAUD CLAIMS</u>

**If there is at least one plaintiff for which you answered either "NO" to Question 2 or "YES" to Question 3, then continue to Question 4.**

**If there is not at least one plaintiff for which you answered <u>either</u> "NO" to Question 2 <u>or</u> "YES" to Question 3, then the defendants are not liable to any plaintiffs for the non-fraud claims. Skip Questions 4 to 21 and continue to Question 22.**

### <u>Negligence</u>

**<u>Question No. 4</u>**

Did the plaintiffs prove that either Tetra Tech EC, Inc. or Tetra Tech, Inc. was negligent?

| | | |
|---|---|---|
| Tetra Tech EC, Inc. | _____ YES | _____ NO |
| Tetra Tech, Inc. | _____ YES | _____ NO |

**<u>Question No. 5</u>**

For each plaintiff below, did the plaintiffs prove that the plaintiff was harmed?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**Question No. 6**

For each plaintiff below, did the plaintiffs prove that either Tetra Tech EC, Inc. or Tetra Tech, Inc.'s negligence was a substantial factor in causing harm to the plaintiff?

a. Tetra Tech EC, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

b. Tetra Tech, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

## Negligent Interference with Prospective Economic Relations

**Question No. 7**

For each plaintiff below, did the plaintiffs prove that the plaintiff and a third party were in an economic relationship that probably would have resulted in a future economic benefit to the plaintiff?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**Question No. 8**

For each plaintiff below, did the plaintiffs prove that either Tetra Tech EC, Inc. or Tetra Tech, Inc. knew or should have known of the plaintiff's relationship?

a. Tetra Tech EC, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

b. Tetra Tech, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**Question No. 9**

For each plaintiff below, did the plaintiffs prove that either Tetra Tech EC, Inc. or Tetra Tech, Inc. knew or should have known that the plaintiff's relationship would be disrupted if Tetra Tech EC, Inc. or Tetra Tech, Inc. failed to act with reasonable care?

a. Tetra Tech EC, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

b. Tetra Tech, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**Question No. 10**

Did the plaintiffs prove that either Tetra Tech EC, Inc. or Tetra Tech, Inc. failed to act with reasonable care?

| | | |
|---|---|---|
| Tetra Tech EC, Inc. | _____ YES | _____ NO |
| Tetra Tech, Inc. | _____ YES | _____ NO |

**Question No. 11**

Did the plaintiffs prove that either Tetra Tech EC, Inc. or Tetra Tech, Inc. engaged in wrongful conduct?

| | | |
|---|---|---|
| Tetra Tech EC, Inc. | _____ YES | _____ NO |
| Tetra Tech, Inc. | _____ YES | _____ NO |

**Question No. 12**

For each plaintiff below, did the plaintiffs prove that the plaintiff's relationship was disrupted?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**<u>Question No. 13</u>**

For each plaintiff below, did the plaintiffs prove that the plaintiff was harmed?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**Question No. 14**

For each plaintiff below, did the plaintiffs prove that either Tetra Tech EC, Inc.'s or Tetra Tech, Inc.'s wrongful conduct was a substantial factor in causing the plaintiff's harm?

a. Tetra Tech EC, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

b. Tetra Tech, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**Intentional Interference with Prospective Economic Relations**

**Question No. 15**

For each plaintiff below, did the plaintiffs prove that the plaintiff and a third party were in an economic relationship that probably would have resulted in a future economic benefit to the plaintiff?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**Question No. 16**

For each plaintiff below, did the plaintiffs prove that either Tetra Tech EC, Inc. or Tetra Tech, Inc. knew or should have known of the plaintiff's relationship?

a. Tetra Tech EC, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

b. Tetra Tech, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**Question No. 17**

Did the plaintiffs prove that either Tetra Tech EC, Inc. or Tetra Tech, Inc. engaged in wrongful conduct?

| | | |
|---|---|---|
| Tetra Tech EC, Inc. | _____ YES | _____ NO |
| Tetra Tech, Inc. | _____ YES | _____ NO |

**Question No. 18**

For each plaintiff below, did the plaintiffs prove that either Tetra Tech EC, Inc. or Tetra Tech, Inc. intended to disrupt the plaintiff's relationship or knew that disruption of the plaintiff's relationship was certain or substantially certain to occur?

a. Tetra Tech EC, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

b. Tetra Tech, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**Question No. 19**

For each plaintiff below, did the plaintiffs prove that the plaintiff's relationship was disrupted?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**Question No. 20**

For each plaintiff below, did the plaintiffs prove that the plaintiff was harmed?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**Question No. 21**

For each plaintiff below, did the plaintiffs prove that Tetra Tech EC, Inc.'s or Tetra Tech, Inc.'s conduct was a substantial factor in causing the plaintiff's harm?

a. Tetra Tech EC, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

b. Tetra Tech, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

## STATUTE OF LIMITATIONS – THREE YEARS

**Question No. 22**

For each plaintiff below, did the defendants prove that the plaintiff's claimed harm occurred before March 7, 2016?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**If you answered "YES" for one or more plaintiffs, then continue to Question 23.**

**If you did not answer "YES" for any plaintiff, then skip Question 23 and continue to Question 24.**

**<u>Question No. 23</u>**

**Answer only for plaintiffs for which you answered "YES" to Question 22.**

For each plaintiff below, did the plaintiffs prove that before March 7, 2016, the plaintiff did not discover, and a reasonable and diligent investigation would not have disclosed, that the plaintiff had suffered harm that was caused by someone's wrongful conduct?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

## <u>LIABILITY – FRAUD CLAIMS</u>

**If there is at least one plaintiff for which you answered either "NO" to Question 22 or "YES" to Question 23, then continue to Question 24.**

**If there is not at least one plaintiff for which you answered <u>either</u> "NO" to Question 22 <u>or</u> "YES" to Question 23, then the defendants are not liable to any plaintiffs for the non-fraud claims. Skip Questions 24 to 30 and continue to Question 31.**

## Intentional Misrepresentation

**Question No. 24**

For each plaintiff below, did plaintiffs prove that either Tetra Tech EC, Inc. or Tetra Tech, Inc. represented to the plaintiff that a fact was true?

a. Tetra Tech EC, Inc.

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

b. Tetra Tech, Inc.

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**Question No. 25**

For each plaintiff below, did plaintiffs prove that either Tetra Tech EC, Inc.'s or Tetra Tech, Inc.'s representation to the plaintiff was false?

a. Tetra Tech EC, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

b. Tetra Tech, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**Question No. 26**

For each plaintiff below, did plaintiffs prove that Tetra Tech EC, Inc. or Tetra Tech, Inc. knew that the representation to the plaintiff was false when it made the representation, or that Tetra Tech EC, Inc. or Tetra Tech, Inc. made the representation to the plaintiff recklessly and without regard for its truth?

a. Tetra Tech EC, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

b. Tetra Tech, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**Question No. 27**

For each plaintiff below, did plaintiffs prove that Tetra Tech EC, Inc. or Tetra Tech, Inc. intended that the plaintiff rely on the representation?

a. Tetra Tech EC, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

b. Tetra Tech, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**Question No. 28**

For each plaintiff below, did plaintiffs prove that the plaintiff reasonably relied on Tetra Tech EC, Inc.'s or Tetra Tech, Inc.'s representation?

a. Tetra Tech EC, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

b. Tetra Tech, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**Question No. 29**

For each plaintiff below, did plaintiffs prove that the plaintiff was harmed?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**Question No. 30**

For each plaintiff below, did plaintiffs prove that the plaintiff's reliance on Tetra Tech EC, Inc.'s or Tetra Tech, Inc.'s representation was a substantial factor in causing the plaintiff's harm?

a. Tetra Tech EC, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

b. Tetra Tech, Inc.?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

# DEFENDANTS' COUNTERCLAIMS AGAINST PLAINTIFFS

## Equitable Indemnification

**Question No. 31**

For each plaintiff below, did the defendants prove that the plaintiff committed fraudulent, negligent, or other wrongful conduct?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

**Question No. 32**

For each plaintiff below, did the defendants prove that the plaintiff's wrongful conduct contributed as a substantial factor in causing the homebuyers' harm?

| | | |
|---|---|---|
| Five Point Holdings, LLC | _____ YES | _____ NO |
| CP Development Co., LLC | _____ YES | _____ NO |
| Lennar Corporation | _____ YES | _____ NO |
| CPHP Development, LLC | _____ YES | _____ NO |
| HPS Development Co., LP | _____ YES | _____ NO |
| HPS1 Block 50, LLC | _____ YES | _____ NO |
| HPS1 Block 51, LLC | _____ YES | _____ NO |
| HPS1 Block 53, LLC | _____ YES | _____ NO |
| HPSI Block 54, LLC | _____ YES | _____ NO |
| HPS1 Block 55, LLC | _____ YES | _____ NO |
| HPS1 Block 56/57, LLC | _____ YES | _____ NO |

## DAMAGES AND APPORTIONMENT

**Question No. 33**

For each plaintiff below, what is the amount of damages that the plaintiffs have proved that the plaintiff is entitled to recover?

| | |
|---|---|
| Five Point Holdings, LLC | $ ______________________ |
| CP Development Co., LLC | $ ______________________ |
| Lennar Corporation | $ ______________________ |
| CPHP Development, LLC | $ ______________________ |
| HPS Development Co., LP | $ ______________________ |
| HPS1 Block 50, LLC | $ ______________________ |
| HPS1 Block 51, LLC | $ ______________________ |
| HPS1 Block 53, LLC | $ ______________________ |
| HPSI Block 54, LLC | $ ______________________ |
| HPS1 Block 55, LLC | $ ______________________ |
| HPS1 Block 56/57, LLC | $ ______________________ |

**<u>Question No. 34</u>**

**Answer only for plaintiffs for which you have found that plaintiffs are entitled to recover.**

a. For Five Point Holdings, LLC's damages, what percentage of responsibility do you assign to the following? Insert a percentage for only those you have found to be at fault for the plaintiff's harms.

| | |
|---|---|
| Tetra Tech EC, Inc.: | _______% |
| Tetra Tech, Inc.: | _______% |
| RSRS: | _______% |
| New World Environmental | _______% |
| United States of America: | _______% |
| Five Point Holdings, LLC | _______% |
| CP Development Co., LLC | _______% |
| Lennar Corporation | _______% |
| CPHP Development, LLC | _______% |
| HPS Development Co., LP | _______% |
| HPS1 Block 50, LLC | _______% |
| HPS1 Block 51, LLC | _______% |
| HPS1 Block 53, LLC | _______% |
| HPSI Block 54, LLC | _______% |
| HPS1 Block 55, LLC | _______% |
| HPS1 Block 56/57, LLC | _______% |
| **TOTAL:** | **100%** |

b. For CP Development Co., LLC's damages, what percentage of responsibility do you assign to the following? Insert a percentage for only those you have found to be at fault for the plaintiff's harms.

| | |
|---|---|
| Tetra Tech EC, Inc.: | _______% |
| Tetra Tech, Inc.: | _______% |
| RSRS: | _______% |
| New World Environmental | _______% |
| United States of America: | _______% |
| Five Point Holdings, LLC | _______% |
| CP Development Co., LLC | _______% |
| Lennar Corporation | _______% |
| CPHP Development, LLC | _______% |
| HPS Development Co., LP | _______% |
| HPS1 Block 50, LLC | _______% |
| HPS1 Block 51, LLC | _______% |
| HPS1 Block 53, LLC | _______% |
| HPSI Block 54, LLC | _______% |
| HPS1 Block 55, LLC | _______% |
| HPS1 Block 56/57, LLC | _______% |
| **TOTAL:** | **100%** |

c. For Lennar Corporation's damages, what percentage of responsibility do you assign to the following? Insert a percentage for only those you have found to be at fault for those plaintiff's harms.

| | |
|---|---|
| Tetra Tech EC, Inc.: | _______% |
| Tetra Tech, Inc.: | _______% |
| RSRS: | _______% |
| New World Environmental | _______% |
| United States of America: | _______% |
| Five Point Holdings, LLC | _______% |
| CP Development Co., LLC | _______% |
| Lennar Corporation | _______% |
| CPHP Development, LLC | _______% |
| HPS Development Co., LP | _______% |
| HPS1 Block 50, LLC | _______% |
| HPS1 Block 51, LLC | _______% |
| HPS1 Block 53, LLC | _______% |
| HPSI Block 54, LLC | _______% |
| HPS1 Block 55, LLC | _______% |
| HPS1 Block 56/57, LLC | _______% |
| **TOTAL:** | **100%** |

d. For CPHP Development, LLC's damages, what percentage of responsibility do you assign to the following? Insert a percentage for only those you have found to be at fault for those plaintiff's harms.

| | |
|---|---|
| Tetra Tech EC, Inc.: | _______% |
| Tetra Tech, Inc.: | _______% |
| RSRS: | _______% |
| New World Environmental | _______% |
| United States of America: | _______% |
| Five Point Holdings, LLC | _______% |
| CP Development Co., LLC | _______% |
| Lennar Corporation | _______% |
| CPHP Development, LLC | _______% |
| HPS Development Co., LP | _______% |
| HPS1 Block 50, LLC | _______% |
| HPS1 Block 51, LLC | _______% |
| HPS1 Block 53, LLC | _______% |
| HPSI Block 54, LLC | _______% |
| HPS1 Block 55, LLC | _______% |
| HPS1 Block 56/57, LLC | _______% |
| **TOTAL:** | **100%** |

e. For HPS Development Co., LP's damages, what percentage of responsibility do you assign to the following? Insert a percentage for only those you have found to be at fault for those plaintiff's harms.

| | |
|---|---|
| Tetra Tech EC, Inc.: | _______% |
| Tetra Tech, Inc.: | _______% |
| RSRS: | _______% |
| New World Environmental | _______% |
| United States of America: | _______% |
| Five Point Holdings, LLC | _______% |
| CP Development Co., LLC | _______% |
| Lennar Corporation | _______% |
| CPHP Development, LLC | _______% |
| HPS Development Co., LP | _______% |
| HPS1 Block 50, LLC | _______% |
| HPS1 Block 51, LLC | _______% |
| HPS1 Block 53, LLC | _______% |
| HPSI Block 54, LLC | _______% |
| HPS1 Block 55, LLC | _______% |
| HPS1 Block 56/57, LLC | _______% |
| **TOTAL:** | **100%** |

f. For HPS1 Block 50, LLC's damages, what percentage of responsibility do you assign to the following? Insert a percentage for only those you have found to be at fault for those plaintiff's harms.

| | |
|---|---|
| Tetra Tech EC, Inc.: | _______% |
| Tetra Tech, Inc.: | _______% |
| RSRS: | _______% |
| New World Environmental | _______% |
| United States of America: | _______% |
| Five Point Holdings, LLC | _______% |
| CP Development Co., LLC | _______% |
| Lennar Corporation | _______% |
| CPHP Development, LLC | _______% |
| HPS Development Co., LP | _______% |
| HPS1 Block 50, LLC | _______% |
| HPS1 Block 51, LLC | _______% |
| HPS1 Block 53, LLC | _______% |
| HPSI Block 54, LLC | _______% |
| HPS1 Block 55, LLC | _______% |
| HPS1 Block 56/57, LLC | _______% |
| **TOTAL:** | **100%** |

g. For HPS1 Block 51, LLC's damages, what percentage of responsibility do you assign to the following? Insert a percentage for only those you have found to be at fault for those plaintiff's harms.

| | |
|---|---|
| Tetra Tech EC, Inc.: | _______% |
| Tetra Tech, Inc.: | _______% |
| RSRS: | _______% |
| New World Environmental | _______% |
| United States of America: | _______% |
| Five Point Holdings, LLC | _______% |
| CP Development Co., LLC | _______% |
| Lennar Corporation | _______% |
| CPHP Development, LLC | _______% |
| HPS Development Co., LP | _______% |
| HPS1 Block 50, LLC | _______% |
| HPS1 Block 51, LLC | _______% |
| HPS1 Block 53, LLC | _______% |
| HPSI Block 54, LLC | _______% |
| HPS1 Block 55, LLC | _______% |
| HPS1 Block 56/57, LLC | _______% |
| **TOTAL:** | **100%** |

h. For HPS1 Block 53, LLC's damages, what percentage of responsibility do you assign to the following? Insert a percentage for only those you have found to be at fault for those plaintiff's harms.

| | |
|---|---|
| Tetra Tech EC, Inc.: | _______% |
| Tetra Tech, Inc.: | _______% |
| RSRS: | _______% |
| New World Environmental | _______% |
| United States of America: | _______% |
| Five Point Holdings, LLC | _______% |
| CP Development Co., LLC | _______% |
| Lennar Corporation | _______% |
| CPHP Development, LLC | _______% |
| HPS Development Co., LP | _______% |
| HPS1 Block 50, LLC | _______% |
| HPS1 Block 51, LLC | _______% |
| HPS1 Block 53, LLC | _______% |
| HPSI Block 54, LLC | _______% |
| HPS1 Block 55, LLC | _______% |
| HPS1 Block 56/57, LLC | _______% |
| **TOTAL:** | **100%** |

i. For HPS Block 54, LLC's damages, what percentage of responsibility do you assign to the following? Insert a percentage for only those you have found to be at fault for those plaintiff's harms.

| | |
|---|---|
| Tetra Tech EC, Inc.: | _______% |
| Tetra Tech, Inc.: | _______% |
| RSRS: | _______% |
| New World Environmental | _______% |
| United States of America: | _______% |
| Five Point Holdings, LLC | _______% |
| CP Development Co., LLC | _______% |
| Lennar Corporation | _______% |
| CPHP Development, LLC | _______% |
| HPS Development Co., LP | _______% |
| HPS1 Block 50, LLC | _______% |
| HPS1 Block 51, LLC | _______% |
| HPS1 Block 53, LLC | _______% |
| HPSI Block 54, LLC | _______% |
| HPS1 Block 55, LLC | _______% |
| HPS1 Block 56/57, LLC | _______% |
| **TOTAL:** | **100%** |

j. For HPS1 Block 55, LLC's damages, what percentage of responsibility do you assign to the following? Insert a percentage for only those you have found to be at fault for those plaintiff's harms.

| | |
|---|---|
| Tetra Tech EC, Inc.: | _______% |
| Tetra Tech, Inc.: | _______% |
| RSRS: | _______% |
| New World Environmental | _______% |
| United States of America: | _______% |
| Five Point Holdings, LLC | _______% |
| CP Development Co., LLC | _______% |
| Lennar Corporation | _______% |
| CPHP Development, LLC | _______% |
| HPS Development Co., LP | _______% |
| HPS1 Block 50, LLC | _______% |
| HPS1 Block 51, LLC | _______% |
| HPS1 Block 53, LLC | _______% |
| HPSI Block 54, LLC | _______% |
| HPS1 Block 55, LLC | _______% |
| HPS1 Block 56/57, LLC | _______% |
| **TOTAL:** | **100%** |

k. For HPS1 Block 56/57, LLC's damages, what percentage of responsibility do you assign to the following? Insert a percentage for only those you have found to be at fault for those plaintiff's harms.

| | |
|---|---|
| Tetra Tech EC, Inc.: | _______% |
| Tetra Tech, Inc.: | _______% |
| RSRS: | _______% |
| New World Environmental | _______% |
| United States of America: | _______% |
| Five Point Holdings, LLC | _______% |
| CP Development Co., LLC | _______% |
| Lennar Corporation | _______% |
| CPHP Development, LLC | _______% |
| HPS Development Co., LP | _______% |
| HPS1 Block 50, LLC | _______% |
| HPS1 Block 51, LLC | _______% |
| HPS1 Block 53, LLC | _______% |
| HPSI Block 54, LLC | _______% |
| HPS1 Block 55, LLC | _______% |
| HPS1 Block 56/57, LLC | _______% |
| **TOTAL:** | **100%** |

**<u>Question No. 35</u>**

What percentage of responsibility for the third-party homebuyers' harms do you assign to the following?

| | |
|---|---|
| Tetra Tech EC, Inc.: | _______% |
| Tetra Tech, Inc.: | _______% |
| RSRS: | _______% |
| New World Environmental | _______% |
| United States of America: | _______% |
| Five Point Holdings, LLC | _______% |
| CP Development Co., LLC | _______% |
| Lennar Corporation | _______% |
| CPHP Development, LLC | _______% |
| HPS Development Co., LP | _______% |
| HPS1 Block 50, LLC | _______% |
| HPS1 Block 51, LLC | _______% |
| HPS1 Block 53, LLC | _______% |
| HPSI Block 54, LLC | _______% |
| HPS1 Block 55, LLC | _______% |
| HPS1 Block 56/57, LLC | _______% |
| **TOTAL:** | **100%** |

**As indicated in the Joint Pretrial Statement, the Tetra Tech Defendants request that trial of the following punitive damages questions be bifurcated from the preceding questions.**

**<u>Question No. 36</u>**

Have plaintiffs proven that either Tetra Tech EC, Inc. or Tetra Tech, Inc. engaged in malice, oppression, or fraud?

| | | |
|---|---|---|
| Tetra Tech EC, Inc. | _____ YES | _____ NO |
| Tetra Tech, Inc. | _____ YES | _____ NO |

**If you answered "YES" for either defendant, then continue to Question 36.**

**If you answered "NO" for both defendants, then skip Question 37 and continue to the end of the verdict form.**

**Question No. 37**

**Answer only for defendants for which you answered "YES" to Question 36.**

For each plaintiff below, what amount of punitive damages, if any, do you award them from Tetra Tech EC, Inc. or Tetra Tech, Inc.?

a. Tetra Tech EC, Inc.?

| | |
|---|---|
| Five Point Holdings, LLC | $ ______________ |
| CP Development Co., LLC | $ ______________ |
| Lennar Corporation | $ ______________ |
| CPHP Development, LLC | $ ______________ |
| HPS Development Co., LP | $ ______________ |
| HPS1 Block 50, LLC | $ ______________ |
| HPS1 Block 51, LLC | $ ______________ |
| HPS1 Block 53, LLC | $ ______________ |
| HPSI Block 54, LLC | $ ______________ |
| HPS1 Block 55, LLC | $ ______________ |
| HPS1 Block 56/57, LLC | $ ______________ |

b. Tetra Tech, Inc.?

| | |
|---|---|
| Five Point Holdings, LLC | $ ______________ |
| CP Development Co., LLC | $ ______________ |
| Lennar Corporation | $ ______________ |
| CPHP Development, LLC | $ ______________ |
| HPS Development Co., LP | $ ______________ |
| HPS1 Block 50, LLC | $ ______________ |
| HPS1 Block 51, LLC | $ ______________ |
| HPS1 Block 53, LLC | $ ______________ |
| HPSI Block 54, LLC | $ ______________ |
| HPS1 Block 55, LLC | $ ______________ |
| HPS1 Block 56/57, LLC | $ ______________ |

---

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the courtroom deputy that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

---

DATED: ______________________ Signed:

______________________________________

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FIVE POINT HOLDINGS, LLC and CP DEVELOPMENT CO., LLC<br><br>Plaintiffs,<br><br>v.<br><br>TETRA TECH, INC.; TETRA TECH EC, INC.; and ROES 1-100 Inclusive,<br><br>Defendants. | Case No. 3:20-CV-01481-JD<br><br>**JOINT SUBMISSION OF PROPOSED VERDICT FORM DISPUTED ISSUES**<br><br>**<u>Trial</u>**<br><br>Date: January 11, 2027<br>Time: 9:00 a.m.<br>Courtroom: 11<br>Judge: Hon. James A. Donato |
| CPHP DEVELOPMENT, LLC, et al.<br><br>Plaintiffs,<br><br>v.<br><br>TETRA TECH, INC.; et al.,<br><br>Defendants. | Case No. 3:20-CV-01485-JD |

**DEVELOPERS' POSITION STATEMENTS ON VERDICT FORM DISPUTES**

Developers submit the following position statements on disputed verdict form issues.

**DISPUTE NO. 1: PARTY IDENTIFICATION**

The Court should adopt Developers' approach to grouping parties and questions. The Plaintiffs, while individual entities, make up two distinct groups, the Lennar Plaintiffs and the Five Point Plaintiffs. Each "group" encompasses several parent-subsidiary and affiliate relationships, as well as takes into account parcel- or building-specific entities common on large real estate projects. As Defendants are aware and the jury will hear, these Plaintiff groups were all similar-situated recipients of planned transfers; received and relied on the same information from Defendants; were harmed by the same fraud that caused the same delays. While their amount of harm was individualized, and subject to calculation, the proof on many other elements of claims is common across them.

***Tetra Tech's Verdict Form unnecessarily requires individualized findings for each plaintiff across a multitude of questions.*** Tetra Tech would have the jury answer **686 individual questions**, despite the fact that most jury questions in this case are subject to common proof. Requiring each plaintiff to prove its case does not mean the verdict form needs a separate question for every plaintiff on every issue. Rather, the verdict form should be structured around the specific individualized factual issues the jury must resolve. Where the jury is considering the same conduct and the same evidence, there is no justification for asking the same question repeatedly. For example, Tetra Tech's form would require the jury to answer separately whether HPS1 Block 50, LLC and HPS1 Block 55, LLC each reasonably relied on the same representations, each suffered harm from the same delays, and each discovered the same facts by the same date. Instead, questions should be grouped where the evidence is common to all. Developers do not oppose individualized findings where warranted, such as in awarding compensatory damages. Their position is simply that individualized findings are not required by default.

***Tetra Tech's approach creates a meaningful risk of prejudice.*** Tetra Tech seeks to exhaust and overwhelm the jury with unnecessary length and confusing, repetitive questions—hundreds of "questions" before reaching the individualized issue, and one Tetra Tech wishes to avoid: damages

calculations. By comparison, Developers' Verdict Form requires approximately 64 responses—less than 10% as many in total. Requiring the jury to answer hundreds of duplicative questions creates unnecessary complexity and increases the risk of inconsistent answers on identical evidence, potentially inviting post-trial disputes and motion practice.

***Developers' Verdict Form offers a more rational and manageable approach.*** It preserves separate findings where the law or evidence requires them, including separate liability findings against each Defendant and separate damages for each of the eleven plaintiffs, while appropriately grouping plaintiffs on issues supported by common evidence. This approach promotes efficient and consistent decision-making without sacrificing any necessary individualized findings. For example, Question No. 19 asks whether Plaintiffs reasonably relied on a representation. Plaintiffs received the same representations and acted through the same Lennar and Five Point decision-makers. Accordingly, such findings can be grouped. Similarly, Question No. 20 asks whether Plaintiffs' reliance was a substantial factor in causing their harm. The same fraud, representations, and delays in parcel transfers affected every entity in the project. The relevant entity-specific differences are captured through the amount of damages, which Question No. 24 separately asks the jury to determine for each plaintiff.

If the Court nevertheless prefers greater separation among Plaintiffs, Developers propose, as a reasonable alternative, separating Plaintiffs into two groups: the Lennar Plaintiffs and the Five Point Plaintiffs. This approach would preserve the distinction between the two groups while avoiding the unnecessary multiplication of questions required by Tetra Tech's proposal.

**DISPUTE NO. 2: LIABILITY**

The Court should adopt the liability language and framework in Developers' Verdict Form.

***Developers propose near-verbatim model verdict forms.*** Developers' liability questions (Q.1-2 (negligence), 3-15 (interference claims), 16-20 (intentional misrepresentation) questions (Nos. 16-22) track the corresponding Judicial Council of California Jury Instruction verdict form words nearly verbatim, except for in select, clearly-identified places citing the model instructions themselves.

***Tetra Tech adds unnecessary, complicating language and strays from the model questions throughout.*** Tetra Tech asserts that its proposed form "overall" "generally agrees" with Developers' – but the variation is that Developers propose the model verdict forms and Tetra Tech does not. It notably does not even purport to provide cites for its proposed instructions (as required). ***Tetra Tech Defendants' Form stray from and needlessly complicate the model instructions.*** The Model Question "Was the Defendant negligent?" (Dev. Q1 – VF-402) becomes " Did the Plaintiffs prove that….." The parties do not dispute that Developers have the burden of proof. The jury will receive instructions regarding the burdens of proof for each of Developers' claims. For the verdict form, the Court should adopt Developers' simpler questions, which track the model verdict form for intentional misrepresentation.

***Tetra Tech alters language improperly and unfairly***. Developers propose the model negligence question, "Was the defendant negligent?" with blanks for the jury to separately answer for each defendant; but Tetra Tech's question "Did <u>the plaintiffs prove that either</u> Tetra Tech EC, Inc. <u>or</u> Tetra Tech, Inc. was negligent?" This improperly implies it is an either/or decision, contrary to the model form. alteration becomes "Did the Plaintiffs prove that either Tetra by adding "For each plaintiff below, did plaintiffs prove…" to each question.

***Tetra Tech improperly bifurcates and alters model form questions.*** As faithfully proposed by Developers, the model verdict form for negligence contains <u>two questions</u>: was the defendant negligent, and was that negligence a substantial factor in causing harm (Dev. Q.1-2); but Tetra Tech <u>breaks this into three</u> questions (with 22 parts in their individualized breakout), with no source in the model verdict forms to do so: negligence, harm, and substantial cause (TT Q.4-6). Similarly, model forms for fraud ask whether defendant "<u>ma[d]e a false representation of fact</u>" (Dev. Q. 16), but Tetra

Tech reframes the question at a silly level: did the plaintiff prove that "either" defendant "represented to the plaintiff" "that a fact was true," and then separately, whether the "representation to the plaintiff was false." (TT. Q.24-25). Again, Developers' simplified approach following the model instruction should be adopted.

***Questions regarding alter ego and agency are proper.*** Finally, Tetra Tech objects to Developers' inclusion of Question No. 21 (alter ego) and Question Nos. 22 and 23 (agency). Tetra Tech Defendants' objections are based on the false premise that if the jury were to answer "no" for TTI based on its own conduct, it necessarily cannot find TTI to be liable based on a finding that TtEC acted as its agent or alter ego. These are separate bases for liability, recognized in the model instructions and California law, and are appropriately addressed through separate questions.

**DISPUTE NO. 3: DAMAGES**

The Court should adopt the damages framework in the Developers' Verdict Form.

***Developers properly submit a unified punitive damages question for the Lennar Plaintiffs and Five Point Plaintiffs.*** Defendants object to inclusion of punitive damages questions on <u>only two grounds</u>: that punitives must be assessed "against a particular defendant," and that defendants would like to bifurcate punitive damages. Both are meritless. If the jury answers "Yes" for one of the necessary predicate fact findings against both Defendants, they will have found both were involved in a unified fraudulent scheme, which caused unified harm, and for which they are equally liable for punitives. If the jury answers "no" on all predicate findings for one Defendant, it will not be liable for punitives awarded against the other. No further splitting is required. And Defendants have not shown that bifurcation is warranted, particularly with the massive inefficiencies that would create: the evidence relevant to punitives will be presented throughout trial, and should not be re-presented

***Tetra Tech's Punitives Question (TTQ.36) omits an essential element of corporate punitive damages liability.*** It asks only whether plaintiffs have proven that either entity "engaged in malice, oppression, or fraud." That provides only the first question in CACI No. VF-3901, California's pattern verdict form for punitive damages. It omits the next question: whether an officer, director, or managing agent was acting on behalf of Tetra Tech. A corporation can act only through individuals, and it may be held liable for punitive damages only if an officer, director or managing agent was involved. Cal. Civil Code § 3294(b). Question 36 omits the corporate-authorization finding required under California law. Developers' Question 30 supplies it, tracking CAC No. 3943 and explaining the circumstances in which an officer, director, or managing agent must be involved. Without Developers' Question 30, Tetra Tech invites a post-trial challenge to any punitive damages award.

***The format of Tetra Tech Question No. 37 is unnecessarily confusing and invites inconsistent and arbitrary damages awards.*** Question No. 37 asks the jury to determine a separate punitive damages award for each of eleven plaintiffs against each defendant, requiring 22 separate entries. There is no reason to require the jury to answer the same question 22 times. One sub-question for each Plaintiff group—the Lennar Plaintiffs and the Five Point Plaintiffs—is sufficient. Punitive damages turn on the defendant's conduct, not the identify of each plaintiff. Requiring 22 separate

awards based on the same underlying conduct and evidence invites arbitrary disparities and post-trial challenges.

***Developers properly seek equitable indemnity damages.*** Developers' equitable indemnity claims are live and substantiated by evidence, and the jury instructions contain proper details on these damages, which can be given in the single damages question proposed by Developers (Dev. Q. 24). It is unclear if Defendants are seeking to have the damages question be broken out further (not a "single total damages figure"); this is not necessary, as economic damages can be combined by the jury. But the solution is to provide blanks for the jury to award each type of economic damages separately (lost profits, out of pocket losses, and equitable indemnity), not exclusion of valid equitable indemnity damages altogether. And of course, as further explained in Tetra Tech's position on Jury Instruction 39, these damages are collectable. Developers have paid amounts in *Pennington*, and Defendants have not, so no good-faith settlement bars the claim. Defendants' good-faith settlement determination in *Bayview* does not justify excluding the claim either. *Shane v. Superior Ct*., 160 Cal. App. 3d 1237, 1246 (1984) (good faith settlement "does not purport to confer authority to render declarations that actions or claims are 'barred' by such a settlement," and giving it that effect requires "employment of a distinct procedure."). The scope of any bar is, moreover, a legal question, not a reason to withhold a pending claim from the jury.

***Tetra Tech's Verdict Form omits any question concerning prejudgment interest.*** Developers seek prejudgment interest under Civil Code § 3288. Omitting it would deprive the jury of the opportunity to exercise its statutory discretion. *Bullis v. Sec. Pac. Nat. Bank*, 21 Cal. 3d 801, 814–15 (1978) (confirming that § 3288 places the discretion to assign prejudgment interest in the trier of fact). Including a prejudgment interest question is also consistent with CACI No. 3935. Moreover, if any multiple-theories jury instruction is given, a separate interest question ensures that prejudgment interest is not swept into the "only once limit."

**DISPUTE NO. 4: COMPARATIVE FAULT AND APPORTIONMENT**

The Court should reject Tetra Tech's proposed questions on comparative fault and apportionment (Question Nos. 34 and 35) and adopt Developers' proposed damages framework, which properly omits any such questions.

***Apportionment is improper for intentional torts.*** Tetra Tech's verdict form funnels Developers' negligence claims and their intentional tort claims into a single apportionment question. California law forbids that result. "[I]ntentional tortfeasors may not, under comparative fault principles, reduce their liability based on the negligent acts of others." *Serenity Invs., LLC v. Sun Hung Kai Strategic Cap., Ltd.*, 183 F.4th 1124, 1128 (9th Cir. 2026); *see also Thomas v. Duggins Constr. Co.*, 139 Cal. App. 4th 1105, 1112-13 (2006) ("[A]n intentional actor cannot rely on someone else's negligence to shift responsibility for his or her own conduct."). If the jury finds Tetra Tech liable for an intentional tort, there is nothing to apportion. Doing so would be reversible error.

***Tetra Tech does not have "substantial evidence" of Developers' negligence.*** A comparative fault question may be put to the jury only if "substantial evidence" shows the plaintiff was negligent. *See Drust v. Drust*, 113 Cal. App. 3d 1, 6 (1980). Tetra Tech cannot meet that threshold. Developers had no role in the radiological sampling at Hunters Point and did not generate the falsified data at the heart of this case. Nor can Tetra Tech manufacture fault from twenty-year-old dust violations by Lennar BVHP, LLC (not named in this suit) because it offers no coherent theory of how these violations caused the developmental delays that are the source of Developers' harm.

***Apportionment is also improper without predicate findings of fault and causation, which Tetra Tech's form omits.*** Under the CACI framework (CACI Nos. 405–06 and VF-402), the jury must first find that a given person was negligent and that its negligence was a substantial factor in causing the harm before it may assign that person any percentage of responsibility. Tetra Tech proposes no such questions, and to include an apportionment question alone would be reversible error.

***Even if some evidence of third-party negligence existed, Tetra Tech cannot shift blame to absent subcontractors it directed.*** Tetra Tech did not plead RSRS or New World Environmental as responsible third parties, yet both appear in every allocation. More fundamentally, a defendant cannot shift fault to its own agents. RSRS and New World Environmental supplied subcontractor personnel

for whose conduct Tetra Tech is vicariously responsible. Developers' proposed Instruction No. 25 providing the jury the governing law for determining whether subcontractor personnel were Tetra Tech employees. And of course, a finding of fault as to an absent third party is irrelevant: it does not reduce Plaintiffs' recovery nor is it binding against the absent party in any attempt at recovery from defendants. It would simply be a waste of time.

***Other plaintiffs do not belong in the allocation for an individual plaintiff's recovery.*** Each of Tetra Tech's proposed allocations for a given Developer lists every other Developer alongside it. But a plaintiff's recovery may be reduced only by its own comparative fault, not by the purported fault of co-plaintiffs that are not defendants on that plaintiff's claims and against whom no judgment could be entered. Including co-plaintiffs would simply carve away a portion of each Developer's recovery with no party responsible for paying it.

**DISPUTE NO. 5: DEFENSES**

***Tetra Tech begins at the end.*** Bucking this Court's typical practice and state law, Tetra Tech begins its verdict form with affirmative defenses that belong after the merits of Plaintiffs' claims. This is particularly concerning given Tetra's novel, never-before-given instruction concerning the Price-Anderson Act ("PAA"). There is a reason courts do not allow such questions to go first: under Tetra Tech's proposed approach, the jury could sit through hours of testimony, find in Tetra Tech's favor on an untested and hotly-disputed (***legal***) question, or reach an invalid conclusion on statute of limitations, and then never make any findings as to liability. Rather than creating efficiencies, this ordering creates the risk that this Court, the parties, and another set of jurors will have to re-do trial if Tetra Tech's instruction (or a jury's finding on an affirmative defense) is overturned on appeal—an outcome that no one desires. Given the mirage of issues with Tetra Tech's PAA invocation (explained below), Developers ask this Court to adopt the typical approach of asking the jury to answer as to liability, damages, and then defenses.

***Tetra Tech proposed Question No. 1 on the PAA invites legal error.*** As explained more fully in Developers' Position on Disputed Instruction No. 51, Tetra Tech PAA defense suffers from a host of errors, including: (1) the PAA does not apply to Developers' claims, and Tetra Tech misconstrues Developers' claims in invoking the PAA; (2) Tetra Tech improperly places its burden of proving its affirmative defense on Developers; (3) Tetra Tech concedes that the Ninth Circuit has not applied a "physical harm" requirement to claims, like Developers', involving loss of use of property; and (4) Tetra Tech leaves the jury with little guidance how to interpret vague terms like "federally established maximum safety limits." Tetra Tech's Question No. 1 fares no better. No court has ever given Tetra Tech's proposed question, and Tetra Tech has drafted it based on cherry-picking two sentences from two Ninth Circuit cases. This questionable drafting choice is even more concerning since the Ninth Circuit disavowed Tetra Tech's cited language from *In re Berg Litigation* in *In re Hanford Nuclear Rsrv. Litig.*, 534 F.3d 986, 1009 (9th Cir. 2008). The jury should not be instructed as to the PAA.

***The three-year statute of limitations for claims grounded in fraud applies.*** As explained more fully in Developers' Position on Disputed Instruction No. 47, Developers' claims against Tetra Tech are ***all*** subject to the three-year SOL for claims grounded in fraud. Cal. Civ. Proc. Code § 338(d). In

determining the applicable SOL for a California claim, courts "identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action." *Pasiliao v. Liberty Mutual Ins. Co.*, 2019 WL 2085826, at *3 (N.D. Cal. May 13, 2019) (quotation omitted). When the alleged "conduct, though not actually fraudulent, has all actual consequences and all legal effects of actual fraud," the gravamen of a claim is fraud. *Agair Inc. v. Shaeffer*, 232 Cal. App. 2d 513, 517 (1965). This is true even where the claim is labeled as negligence, *Hidden Empire Holdings, LLC v. Angelone*, 2023 WL 4208067, at *13 (C.D. Cal. May 10, 2023) (holding that negligence claim, among others, "ultimately sound[ed] in fraud"); or negligent misrepresentation, *Pasiliao*, 2019 WL 2085826, at *4; *Ferguson v. JPMorgan Chase Bank, N.A.*, 2014 WL 2118527, at *7 (E.D. Cal. May 21, 2014). The gravamen of Developers' claims against Tetra Tech is fraud. Developers allege that Tetra Tech perpetrated, deliberate falsification of soil samples and other data manipulation. Developers' subsequent claims for negligence, negligent hiring, and negligent and intentional interference with prospective economic advantage are all predicated on Tetra Tech's fraud. These allegations undoubtedly have "all actual consequences and all legal effects of actual fraud" and are thus subject to Section 338(d)'s three-year SOL. *Agair*, 232 Cal. App. 2d at 517.

**<u>DISPUTE NO. 6: COUNTERCLAIM FOR EQUITABLE INDEMNIFICATION</u>**

There are multiple reasons why Tetra Tech is not entitled to jury questions on any equitable indemnification counterclaim.

***Indemnification is not available for Tetra Tech because it committed intentional torts.*** The Court should not provide Tetra Tech's proposed instructions relating to their equitable indemnity claim (Questions No. 31, 32, and 35). The Ninth Circuit has "consistently held (applying California law) that there is no right of indemnification for intentional torts such as fraud." *Kest v. Kest*, 132 F.3d 39 (9th Cir. 1997) ("an alleged intentional tortfeasor cannot obtain indemnity from a third party who has not committed an intentional tort") (citing Cal. Civ. Proc. Code § 875(d) (West 1997) ("There shall be no right of contribution in favor of any tortfeasor who has intentionally injured the injured person.")).

***Tetra Tech provides no evidentiary basis for submitting its equitable indemnity counterclaim to the jury.*** Tetra Tech offers no evidentiary basis for any "fraudulent, negligent, or other wrongful conduct" by Developers that "contributed as a substantial factor in causing the homebuyers' harm." Tetra Tech cites its Opposition to Plaintiffs' Motion *In Limine* No. 5 as the basis for its counterclaim. But Tetra Tech's arguments in this Opposition only relate to 2006 and 2007 dust violations by Lennar BVHP, LLC—***an entity not named in either this or the Bayview suit***. *See* Tetra Tech's Opp. to Pls.' Mot. In Limine No. 5, n.1 (citing December 2010 fact sheet concerning Lennar BVHP, LLC). Tetra Tech provides no evidence that ***Developers*** "committed fraudulent, negligent, or other wrongful conduct." And Tetra Tech offers no evidence that these 20-year-old dust violations by an unnamed entity "contributed as a substantial factor in causing the homebuyers' harm." Given that Tetra Tech has not shown that its equitable indemnity claim "has foundation in the evidence[,]" *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009), the Court should decline to include Tetra Tech's equitable indemnity counterclaim on the verdict form.

***Tetra Tech contradicts it earlier representation to the Court regarding its equitable indemnity claim.*** Tetra Tech represented to this Court that "fraud is not an element of the Tetra Tech Parties' claim for equitable indemnity against Five Point." Case No. 3:20-cv-01481, Dkt. 94. Despite this representation, Tetra Tech seeks to have the jury decide whether "the plaintiff committed

fraudulent . . . conduct." Question No. 31. This Court should hold Tetra Tech to its previous representation.

***Tetra Tech based its verdict form questions on an inapplicable CACI instruction.*** The Judicial Council of California provides it its Directions for Use for CACI No. 3800 that this "instruction is intended for use in cases where the plaintiff seeks equitable indemnity from another responsible tortfeasor ***who was not a party to the original action*** or proceeding from which the liability in question arose." (emphasis added). Tetra Tech concedes in its Position Statement on its related proposed instruction for this counterclaim that "[t]he *Bayview* plaintiffs themselves brought claims against Developers in addition to TTI and TtEC[,]" and therefore CACI No. 3800 does not apply to Developers.

**DEFENDANTS TtEC AND TTI'S VERDICT FORM DISPUTE POSITION STATEMENTS**

Defendants Tetra Tech EC, Inc. ("TtEC") and Tetra Tech, Inc. ("TTI") (together, "Tetra Tech Defendants") submit the following position statements on disputed issues in the Parties' competing proposed verdict forms. References to "Tetra Tech Defendants' Form" are to TtEC and TTI's Proposed Verdict Form; references to "Developers' Form" are to Plaintiffs' Proposed Verdict Form.

**DISPUTE NO. 1: PARTY IDENTIFICATION**

Developers brought these cases on behalf of eleven plaintiffs that have sued three defendants, two of which are at issue in the jury trial. A basic principle is that the jury must decide liability and damages as to each plaintiff and each defendant separately. *See, e.g.*, *Chuman v. Wright,* 76 F.3d 292, 294-95 (9th Cir. 1996); *Wessel v. Buhler*, 437 F.2d 279, 283-84 (9th Cir. 1971).

Developers' Form does not do that. To be sure, Developers' Form asks the jury to decide liability as to each of the Tetra Tech Defendants separately. It also asks the jury to award damages to each Plaintiff separately. The problem is that it does *not* ask the jury to decide liability as to each Developer's claims separately. Instead, it combines all eleven plaintiffs, asking the jury to find collectively in Developers' favor even with respect to elements of the causes of action that are individualized to each plaintiff. For instance, it asks whether each defendant caused harm to "*Plaintiffs*" collectively (Developers' Questions 2, 9, 15, and 20), rather than asking separately whether the defendant caused each plaintiff's harm. It asks the jury whether "Plaintiffs" had an economic relationship that probably would have resulted in an economic benefit (Developers' Questions 3 and 10), whether "a relationship" was disrupted (Questions 8 and 14), and whether "Plaintiffs" reasonably relied on a representation (Question 19). It also asks for punitive damages only for "the Lennar Plaintiffs" and "the Five Point Plaintiffs" as two aggregated groups (Question 28).

The Tetra Tech Defendants' Form, by contrast, requires separate findings where an element depends on the particular plaintiff or the particular defendant. Questions about each defendant's own conduct—such as whether TtEC or TTI was negligent, failed to act with reasonable care, or engaged in wrongful conduct—are asked once for each defendant, because the answer does not vary by

plaintiff. But questions about each plaintiff's economic relationships, disruption, reliance, harm, causation, and damages are asked separately for each plaintiff, because each plaintiff must prove those elements for itself.

The Tetra Tech Defendants' Form adopts the correct approach. The Model instructions direct the jury to decide the case "as to each plaintiff and as to each defendant separately" (Ninth Cir. Model Civ. Jury Instr. 1.8), and the Ninth Circuit has warned that a verdict form lumping the parties together invites error (*Chuman,* 76 F.3d at 294-95).

The practical risk of Developers' approach is concrete. Developers sued on behalf of eleven distinct corporate entities with different roles, properties, and transactions at Hunters Point. A single "Plaintiffs" finding would allow the jury to attribute one entity's economic relationship, reliance, or harm to another entity that never proved it, and would obscure which plaintiff established the elements necessary to support a judgment.

Although the Tetra Tech Defendants' Form is more detailed than Developers' Form, that is a function of how Developers' chose to plead their cases. Courts routinely approve detailed, multi-party special verdict forms where the case itself is complex. *See* Fed. R. Civ. P. 49(a) (permitting special verdict forms); *Jules Jordan Video, Inc. v. 144942 Canada Inc.,* 617 F.3d 1146, 1160 (9th Cir. 2010) (holding that the district court did not err by submitting 170-question verdict form to jury because the "length stems from the number of plaintiffs and defendants"). The Tetra Tech Defendants' Form appropriately reflects the claims and parties in these cases as Developers have pleaded them.

**DISPUTE NO. 2: LIABILITY**

Overall, the Tetra Tech Defendants' Form and Developers' Form generally agree on the elements of Developers' causes of action and the Tetra Tech Defendant's defenses, and they track the same or similar pattern verdict form language.

Developers Form, however, adds two freestanding questions—on alter ego and agency—after all their liability questions asking the jury to decide each claim separately as to TtEC and TTI. The alter ego question has no basis in the pleadings or instructions. The agency questions, as drafted, do

not tell the jury which conduct or claims they apply to, or how they relate to the jury's earlier answers as to TTI. The Court should not approve those questions.

**Alter ego.** Developers' Form asks whether TtEC "was acting as the alter ego of" TTI (Developers' Question 21). Developers never pleaded an alter ego theory, and no corresponding instruction defining alter ego or its elements has been proposed. The jury therefore would be asked to answer a question on a legal theory it has not been instructed on, with no standard to apply. A verdict question untethered to any instruction would invite the jury simply to disregard corporate separateness (what TTI's proposed customer instructions on "Corporate Separateness" and "Who Is an Employer" are designed to prevent).

**Agency.** Defendants have stipulated to the agency instructions (Stipulated Instruction Nos. 23, 24, 27, and 28, drawn from CACI 3700, 3701, 3705, and 3700). Defendants object, however, to the form of Developers' standalone agency questions (Developers' Questions 22 and 23), which ask once, globally, whether TtEC was acting as TTI's agent "[w]hen [TtEC] engaged in the conduct that you found in answering the questions above," and whether TtEC was acting within the scope of that agency.

Those questions do not identify the particular conduct or claims to which the agency findings apply. Whether an agent acted within the scope of its authority depends on the particular conduct at issue (Stipulated Instruction No. 28), and the jury could find that TtEC acted within the scope of an agency relationship for some conduct but not other conduct. Nor do the questions explain how an agency finding interacts with the jury's earlier answers as to TTI. A jury that answers "no" on TTI's direct liability but "yes" on a global agency question will have returned findings whose effect on each claim is unclear, inviting inconsistent verdicts and post-trial disputes over what the jury actually found. The Court should not approve any standalone instruction on agency.

## DISPUTE NO. 3: DAMAGES

The Tetra Tech Defendants dispute Developers' proposed verdict questions on punitive damages and equitable indemnification.

**Punitive damages.** The punitive damages questions in Developers' Form are legally defective: after asking whether employees or agents of each defendant acted with malice, oppression,

or fraud, its award question asks only "[w]hat amount of punitive damages, if any, do you award the Lennar Plaintiffs?" and "the Five Point Plaintiffs?" (Developers' Question 28). It does not ask the jury to state any award against TtEC or TTI separately. That is improper. *See, e.g.*, *Di Giorgio Corp. v. Valley Labor Citizen*, 260 Cal. App. 2d 268, 277 (1968) (reversing judgment of punitive damages "in a single amount against all defendants"). Punitive damages are assessed against a particular defendant based on that defendant's conduct and financial condition, and a lump-sum award to two groups of plaintiffs would leave the Court unable to determine what the jury awarded against which defendant, or in favor of which plaintiff. Any punitive damages questions should be asked separately for TtEC and TTI and for each plaintiff, as in the Tetra Tech Defendants' Form.

Additionally, the Tetra Tech Defendants request that the Court bifurcate the punitive damages phase of the trial from the liability and compensatory damages phase. Accordingly, the Tetra Tech Defendants' Form asks the jury to find liability and compensatory damages separately for each plaintiff and each defendant in the first phase of trial, and places the punitive damages inquiry in a separate second phase, to be tried only if the jury first finds a defendant liable. Developers' Form instead asks the jury to decide punitive damages in the same sitting as liability and compensatory damages.

As explained in Section VII of the Joint Pretrial Statement, bifurcation under Federal Rule of Civil Procedure 42(b) is warranted both to avoid prejudice and to promote economy. Developers intend to present evidence of TTI's and TtEC's financial condition, which is relevant only to the amount of punitive damages and would be prejudicial if heard before liability is decided. Developers also intend to offer a punitive damages expert (the subject of a pending motion to exclude) to opine on the appropriate amount of punitive damages. If the jury finds no liability, the punitive phase—and both the time it would consume in an already time-limited trial and the potentially prejudicial evidence it may require—is avoided altogether. Courts in this District regularly bifurcate punitive damages for these reasons. See *Amezquita v. Garcia-Cortes,* 2026 WL 3036406, at *5 (N.D. Cal. Oct. 9, 2026); *Vieste, LLC v. Hill Redwood Dev.,* 2011 WL 13153235, at *1 (N.D. Cal. Nov. 30, 2011); *Bowoto v. Chevron Corp.,* 2008 WL 2074401, at *1–2 (N.D. Cal. May 15, 2008).

**<u>Developers' equitable indemnity claim</u>.** Developers claim that TtEC and TTI must reimburse them for settlements that Developers themselves paid to plaintiffs in two related cases: $6,300,000 in Pennington and $10,802,075 in *Bayview*. (As addressed below, TtEC and TTI also counterclaim that Developers must reimburse them for the separate settlement that TtEC and TTI paid to the *Bayview* plaintiffs.)

Developers' Form contains no separate liability question on the equitable indemnity claim. Instead, Developers' proposed damages instruction lists "Equitable Indemnity" as an item of damages, and Developers' Form asks only for a single total damages figure for each plaintiff (Developers' Question 24). To the extent Developers intend their *Pennington* and *Bayview* settlement payments to be included in that total, the jury should not be asked to award them.

Developers' claim for equitable indemnity fails as a matter of law as to both settlements. As set out in Defendants' positions on Disputed Jury Instruction No. 38, TtEC and TTI obtained a good-faith settlement determination in *Bayview*, which bars any alleged joint tortfeasor, including Developers, from seeking equitable indemnity from TtEC and TTI for that case. Cal. Code Civ. Proc. § 877.6(c); Order re Good Faith Settlement, No. 19-cv-1417, Dkt. 391. And the Court granted summary judgment to TtEC and TTI on the homeowners' claims in *Pennington* under the Price-Anderson Act, No. 18-cv-5330, Dkt. 413, so TtEC and TTI had no liability in that case for Developers to shift to them. See *Forensis Grp., Inc. v. Frantz, Townsend & Foldenauer,* 130 Cal. App. 4th 14, 28 (2005).

At a minimum, if any settlement amount is submitted on Developers' claim, it should be the subject of a separate liability question so that it is not commingled with Developers' other claimed damages.

**<u>DISPUTE NO. 4: COMPARATIVE FAULT AND APPORTIONMENT</u>**

The Tetra Tech Defendants' Form asks the jury, for each plaintiff that proves damages, to assign percentages of responsibility among TtEC, TTI, and each of the eleven plaintiffs, in addition to RSRS, New World Environmental, and the United States (Defendants' Questions 34(a)–(k)). It also asks the jury to assign percentages of responsibility for the *Bayview* residents' harm (Question

35). Developers' Form contains no comparative fault or apportionment question at all. Those percentage findings serve three distinct purposes, each of which requires a jury finding.

*First*, comparative fault reduces a plaintiff's recovery on the claims to which it applies. As set out in Defendants' positions on Disputed Jury Instructions Nos. 48 and 49, California is a comparative fault state, *Li v. Yellow Cab Co.,* 13 Cal. 3d 813, 829 (1975); Cal. Civ. Code § 1714(a), and the instruction and corresponding verdict question must be given where there is evidence that the plaintiff's own fault contributed to its harm, *see Hasson v. Ford Motor Co.,* 19 Cal. 3d 530, 548 (1977). TtEC and TTI pleaded comparative fault as their Tenth Affirmative Defense and will offer evidence that Developers' own conduct contributed to the delays and reputational harm they attribute to Defendants. Developers have pleaded multiple negligence-based theories to which comparative fault applies.

*Second*, for any recoverable noneconomic damages, liability is "several only and not joint," and each defendant is liable only for the share of those damages corresponding to its percentage of fault. Cal. Civ. Code § 1431.2(a); *DaFonte v. Up-Right, Inc.,* 2 Cal. 4th 593, 603 (1992). That allocation runs among all responsible tortfeasors, including nonparties such as the subcontractors RSRS and New World Environmental, which employed workers whose conduct at Hunters Point is at issue, and the United States, which Developers themselves accuse of negligent oversight. Although Section 1431.2 does not alter joint and several liability for economic damages, Developers' complaints seek recovery for injury to reputation, which the statute defines as noneconomic damages. *Id.* § 1431.2(b)(2); *see* Compl. ¶ 55, No. 20-cv-1481, Dkt. 1; Compl. ¶ 11, No. 20-cv-1485, Dkt. 118. To the extent Developers seek noneconomic damages, the jury must assign percentages of fault so the Court can allocate those damages.

*Third*, the percentages of responsibility for the *Bayview* residents' harm are necessary to resolve the Tetra Tech Defendants' pending counterclaim for equitable indemnity, discussed below. Because each plaintiff's fault and damages may differ, per-plaintiff findings of the kind in the Tetra Tech Defendants' Form are necessary to apply each of these consequences correctly.

**DISPUTE NO. 5: DEFENSES**

**Sequence.** The Tetra Tech Defendants' Form places each dispositive defense before the claims it governs. The Tetra Tech Defendants' Form places the Price-Anderson Act question first (Question 1), because, if it applies, it would govern every claim. Defendants' Form places the two-year limitations questions immediately before the non-fraud claims (Questions 2-3), and the three-year limitations questions immediately before the fraud claim (Questions 22-23). Further, the Tetra Tech Defendants' Form includes "skip" instructions so that, if the jury finds for Defendants on a defense, it does not need to answer the liability questions that defense eliminates. That sequence is efficient and avoids confusion: a defense that bars a set of claims for a plaintiff should be resolved before the jury undertakes element-by-element questions on those claims. This Court has used the same structure. *See* Jury Instrs., *Frasco v. Flo Health*, No. 21-cv-00757, Dkt. 742. Developers' Form, by contrast, places the statute of limitations at the very end, after damages and punitive damages, and frames it as a single question for all plaintiffs and all claims.

**Price-Anderson Act.** TtEC and TTI's motion to dismiss or for judgment under the Price-Anderson Act is pending. Developers' Form does not include any question on the Price-Anderson Act. But if the Court denies or defers Defendants' motion, factual questions will remain for trial. The Tetra Tech Defendants request that the jury be asked to resolve the remaining fact questions in Question 1, before the jury reaches the state-law claims. Those questions include whether each plaintiff suffered physical harm to property, which the Ninth Circuit has described as a jurisdictional prerequisite to a PAA claim. *In re Berg Litig.*, 293 F.3d 1127, 1131 (9th Cir. 2002). They also include whether any such harm resulted from radiation exposure exceeding federally imposed dose limits. *See In re Hanford Nuclear Rsrv. Litig.,* 534 F.3d 986, 1003 (9th Cir. 2008). The Tetra Tech Defendants' Price-Anderson Act question should be included on the verdict form.

**Statute of limitations.** The parties have stipulated to most of the language of the statute of limitations instruction; they dispute principally the applicable periods. Developers' Form uses a single March 7, 2016 date for every claim. That is wrong. The limitations period turns on the "nature of the right sued upon," *Vera v. REL-BC, LLC,* 66 Cal. App. 5th 57, 64-65 (2021), and only the intentional misrepresentation claim is subject to the three-year period for fraud under Cal. Code Civ.

Proc. § 338(d). Claims for negligent and intentional interference with prospective economic advantage are subject to a two-year period under Cal. Code Civ. Proc. § 339(1). *See Motha v. Time Warner Cable Inc*., 2017 WL 3617105, at *2 (N.D. Cal. Aug. 23, 2017). Developers' negligence and negligent hiring claims, which seek purely economic losses, are likewise subject to a two-year period under Cal. Code Civ. Proc. § 339(1). *See Brooks v. Gomez*, 2010 WL 5141862, at *5 (N.D. Cal. Dec. 13, 2010). Given the parties' March 7, 2019 tolling agreement, the non-fraud claims are barred if they accrued before March 7, 2017, and the fraud claim is barred if it accrued before March 7, 2016, subject to the discovery rule. The Tetra Tech Defendants' Form tracks that structure with separate two-year and three-year questions, asked separately for each plaintiff, because the accrual and discovery inquiries depend on what each entity knew and when.

## DISPUTE NO. 6: COUNTERCLAIM FOR EQUITABLE INDEMNIFICATION

TtEC and TTI settled the *Bayview* residents' claims against them and now seek reimbursement from Developers for Developers' share of responsibility for the *Bayview* residents' harm. The good-faith settlement order that bars Developers' indemnity claim against TtEC and TTI protects TtEC and TTI as the settling parties; it does not bar TtEC and TTI from seeking indemnity from Developers. The Tetra Tech Defendants' Form includes questions on the counterclaim (Questions 31-32), together with a question apportioning responsibility for the *Bayview* residents' harm (Question 35). Developers' Form omits the counterclaim entirely. The counterclaim was pleaded in TtEC and TTI's Answers (No. 20-cv-1481, Dkt. 66; No. 20-cv-1485, Dkt. 125), has not been dismissed or otherwise resolved, and remains pending for trial. Equitable indemnity is a recognized California claim, *Sullins v. Exxon/Mobil Corp.,* 729 F. Supp. 2d 1129, 1139 (N.D. Cal. 2010), and the jury must be instructed on, and asked to decide, a claim that has a basis in fact and law, *see United States v. Romm,* 455 F.3d 990, 1002 (9th Cir. 2006).

TtEC and TTI will offer evidence at trial that Developers contributed to the *Bayview* residents' claimed harm, including evidence that Lennar's construction and earth-moving activities at Hunters Point emitted dust in violation of regulatory standards. *See* TTI & TtEC's Opp'n to Pls.' Mot. In Limine No. 5. To resolve the counterclaim, the jury must find, for each plaintiff, (1) whether that plaintiff committed fraudulent, negligent, or other wrongful conduct (Question 31); (2) whether that

conduct was a substantial factor in causing the *Bayview* residents' harm (Question 32); and (3) the percentage of responsibility for that harm attributable to each responsible party (Question 35). CACI 3800. Those findings are necessary for the Court to determine whether, and in what amount, TtEC and TTI are entitled to indemnity, and they cannot be made without the questions in the Tetra Tech Defendants' Form.